**YOUNG CONAWAY**

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**CHARLOTTE**
CARILLON TOWER

**Paul J. Loughman**
P 302.576.3598
ploughman@ycst.com

June 6, 2025

**VIA EMAIL**

The Honorable Richard G. Andrews
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

Re:    *VMware LLC v. Siemens AG, et al.*, C.A. No. 1:25-cv-00353-RGA

Dear Judge Andrews,

I write on behalf of Plaintiff VMware LLC to respectfully request that the Court direct the defendants to participate in the case management discussion required by Rule 26(f). Rule 26(f) directs the parties to confer "as soon as practicable," and Rule 16 likewise provides that the Court issue a Scheduling Order following the parties' submission of the Rule 26(f) report "as soon as practicable." Yet the defendants have refused to participate in the Rule 26(f) discussion. Their refusal is contrary to the Rule's "as soon as practicable" mandate, and it forestalls the Court from issuing the scheduling order by the June 19, 2025 deadline called for by Rule 16(b).

VMware filed this copyright infringement action on March 21, 2025 against Siemens Corporation and other Siemens entities ("Siemens"), based on their unlicensed use of VMware's software products. D.I. 1. VMware served the complaint the next day on all defendants but Siemens AG, which is based in Germany; and Siemens AG agreed to waive service on April 9. *See* D.I. 14. As a condition to waiving service, Siemens AG insisted that the due date for all defendants' response to the complaint be extended to June 10. *Id.*

As noted, Rule 26(f) provides that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). Rule 16(b)(2) provides that "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Because the complaint was served on all defendants but one on March 22, the scheduling order is due on June 19 and the Rule 26(f) conference was to occur no later than May 29.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F  302.571.1253    YoungConaway.com

6oung Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
June 6, 2025
Page 2

In light of these deadlines and Rule 26(f)'s mandate to confer "as soon as practicable," VMware's counsel contacted Siemens's counsel on May 21 to schedule the Rule 26(f) conference.  Six days later, Siemens's counsel said they will not confer unless and until the Court orders a Rule 16 scheduling conference.  Siemens cited as support for their refusal Local Rule 16.1, but that rule merely states: "When, in its discretion, the Court directs counsel for the parties and any unrepresented parties to participate in a Fed. R. Civ. P. 16(b) scheduling conference, the parties shall confer prior to the conference to discuss pretrial management issues, including the possibility of settlement."

Local Rule 16.1 does not override the mandate of Rule 26(f) to confer as soon as practicable or negate the Rule 26(f) and 16 deadlines, which apply regardless of whether or when a scheduling conference is held.  *See* Rule 16(b)(2) (calling for scheduling order to be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared"); Rule 26(f) (requiring parties to confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)).

VMware's counsel noted these points to Siemens's counsel and offered as a compromise to hold the Rule 26(f) conference on June 11 or 12, after the June 10 deadline for their response to the complaint.  But Siemens still refused.  Siemens's attempts to delay discovery and progress in the suit is consistent with the conduct that led to this action – Siemens provided information showing that it had far exceeded the scope of its license for VMware products and then refused to provide information to verify its subsequent denials of overuse.

The Siemens defendants have not said how they will respond to the complaint; but even a motion to dismiss would not excuse their refusal to engage in a Rule 26(f) conference.  *See, e.g.*, *Midwest Energy Emissions Corp. et al. v. Arthur J. Gallagher & Co., et al*., C.A. No. 19-1334-CJB, D.I. 105 (D. Del. May 11, 2020) (ordering Rule 26(f) conference despite defendant's request to defer conference due to pending motion to dismiss); *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, No. 14-28, D.I. 32 (D. Del. Jan. 7, 2015) (oral order denying defendants' request to stay entry of a scheduling order due to a pending motion to dismiss); Rule 26 1993 Advisory Committee Notes (Rule 26(f)'s obligation to confer applies to "defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case").

VMware therefore respectfully requests the Court to direct the Siemens defendants to promptly participate in the conference required by Rule 26(f).

Respectfully,

*/s/ Paul J. Loughman*

Paul J. Loughman (No. 5508)

cc:   Counsel of Record (by CM/ECF)