IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-353 (RGA) |
| | ) |
| SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC., | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

## **TABLE OF CONTENTS**

**NATURE AND STAGE OF THE PROCEEDINGS** ................................................................. 2

**SUMMARY OF ARGUMENT** .................................................................................................. 2

**CONCISE STATEMENT OF FACTS** ..................................................................................... 4

      A.      Siemens AG and the Affiliate Defendants ............................................................... 4

      B.      VMware and Siemens AG Have Been Parties to an Agreement for Perpetual Licenses Governing VMware's Allegedly Copyrighted Software for More Than a Decade ....................................................................................... 5

**ARGUMENT** ................................................................................................................................ 6

      A.      VMware's Complaint Should be Dismissed as to Siemens AG for Lack of Personal Jurisdiction under Rule 12(b)(2) ................................................ 6

            1.      Siemens AG is Not Subject to General Jurisdiction in Delaware ............... 7

            2.      Siemens AG is Not Subject to Specific Jurisdiction in Delaware .............. 8

      B.      VMware Cannot State a Claim for Extraterritorial Enforcement of its Copyrights Under Rule 12(b)(6) ............................................................................ 12

**CONCLUSION** .......................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Browne v. McCain*,
    612 F. Supp. 2d 1118 (C.D. Cal. 2009) ...................................................................................11

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).....................................................................................................................8

*Chang v. Virgin Mobile USA, LLC*,
    2009 WL 111570 (N.D. Tex. Jan. 16, 2009) ............................................................................10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).....................................................................................................................7

*E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*,
    335 F. Supp. 3d 657 (D. Del. 2018) ............................................................................................6

*Fair Isaac Corp. v. Fed. Ins. Co.*,
    2021 WL 1111052 (D. Minn. Mar. 23, 2021) ..........................................................................13

*Feite v. Neumann*,
    2020 WL 670135 (E.D. Pa. Feb. 11, 2020) ................................................................................9

*Genzyme Corp. v. Novartis Gene Therapies, Inc.*,
    2023 WL 1965090 (D. Del. Feb. 13, 2023) (Andrews, J.) .........................................................7

*Gordon v. Invisible Child., Inc.*,
    2015 WL 5671919 (S.D.N.Y. Sept. 24, 2015)............................................................................9

*IMAPizza, LLC v. At Pizza Ltd.*,
    965 F.3d 871 (D.C. Cir. 2020).............................................................................................12, 13

*Keeton v. Hustler Mag., Inc.*,
    465 U.S. 770 (1984).....................................................................................................................6

*Kloth v. S. Christian Univ.*,
    494 F. Supp. 2d 273 (D. Del. 2007)............................................................................................9

*Levitin v. Sony Music Ent.*,
    101 F. Supp. 3d 376 (S.D.N.Y. 2015).......................................................................................12

*Litecubes, LLC v. N. Light Prods., Inc.*,
    523 F. 3d 1353 (Fed. Cir. 2008)................................................................................................13

*Marnavi S.p.A. v. Keehan*,
    900 F. Supp. 2d 377 (D. Del. 2012) ................................................................................4

*Mun. Mortg. & Equity v. Southfork Apartments Ltd. P'ship*,
    93 F. Supp. 2d 622 (D. Md. 2000) ...................................................................................9

*Purohit v. Legend Pictures, LLC*,
    No. 1:18-cv-01907-RGA, Dkt. 33 (D. Del. Nov. 14, 2019) (Andrews, J.) ......................2

*Raza v. Siemens Med. Sols., Inc.*,
    2007 WL 2120521 (D. Del. July 23, 2007) ......................................................................7

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
    148 F.3d 1355 (Fed. Cir. 1998) ......................................................................................11

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ..................................................................................................6, 11

*Sierra v. Trafigura Trading LLC*,
    2024 WL 3823018 (D. Del. Aug. 14, 2024) ...............................................................4, 10

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
    24 F.3d 1088 (9th Cir. 1994) ..........................................................................................13

*Tolliver v. Delmarva Found. for Med. Care*,
    2018 WL 3735889 (D. Del. Aug. 3, 2018) (Andrews, J.) ............................................6, 7

*Yurchak v. Atkinson & Mullen Travel, Inc.*,
    207 F. App'x 181 (3d Cir. 2006) ......................................................................................9

For more than half a year, VMware has accused Siemens AG of breaching the parties' software license agreements by allegedly using more copies of VMware software than Siemens AG paid to use. Siemens AG has repeatedly denied this claim, and likewise has repeatedly explained to VMware why its allegations are incorrect. In fact, this dispute has been documented by more than ten letters exchanged between the parties' attorneys *in Germany*—the country where the parties agreed to resolve any disputes arising out of their license agreements.

Despite the parties' agreement to resolve disputes arising under their license agreements in Germany, VMware filed this lawsuit in the United States. VMware's filing in this Court not only ignores the parties' forum selection clause, it ignores that the parties were negotiating this as a German contractual dispute for months. It also ignores the explanations that Siemens provided in the months preceding the lawsuit that proved VMware's claims are meritless. It does not matter that certain Siemens AG affiliates are named as defendants in this lawsuit or that the Complaint does not style its claim as one for breach of the license agreement. Both the history of this dispute and the governing law in this District show that VMware's claims are meritless and that the appropriate court to make that determination is—as the parties agreed years ago—in Munich, Germany.

Though the entire case should be dismissed, the basis for that relief is the doctrine of *forum non conveniens*, which is the subject of a separate motion filed contemporaneously with this motion. The instant motion seeks to dismiss Siemens AG—a German company headquartered in Germany—because this Court lacks personal jurisdiction over it. Siemens AG has no general contacts with the State of Delaware, nor is there any specific connection between Siemens AG and this State related to VMware's allegations. VMware's allegations based upon alleged activities of Siemens AG's affiliates are legally insufficient for jurisdiction to attach to Siemens AG itself. The

instant motion further seeks to dismiss VMware's allegations concerning any actions taken by Defendants outside of the United States as they cannot be the basis of a claim for infringement of a U.S. copyright.

For these reasons, the motion to dismiss Siemens AG for lack of personal jurisdiction and to dismiss all claims that are not limited to alleged actions by Defendants in the United States should be granted.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff VMware LLC ("VMware") filed this action on March 21, 2025, against Siemens AG and six of its affiliates: Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc. (the "Affiliate Defendants") (collectively with Siemens AG, "Defendants"). Defendants hereby move: (1) to dismiss Siemens AG under Rule 12(b)(2) for lack of personal jurisdiction; and (2) to dismiss the claims for Defendants' alleged activities that occurred outside the United States—and therefore could not infringe a U.S. copyright—under Rule 12(b)(6). Contemporaneously with this motion, Defendants have filed a Motion to Dismiss pursuant to the doctrine of *forum non conveniens*.[1]

## SUMMARY OF ARGUMENT

VMware seeks to litigate in this Court a dispute it agreed belongs in German courts, against a German defendant over whom this Court does not have personal jurisdiction, and addressing alleged actions that cannot infringe a U.S. copyright because they took place outside the United States. To the extent the action is not dismissed pursuant to *forum non conveniens*, the claims

---

[1] A motion to dismiss under *forum non conveniens* is not a Rule 12 motion, and therefore is properly brought as a separate motion. *See* Ex. 4 at 1–2 (*Purohit v. Legend Pictures, LLC*, No. 1:18-cv-01907-RGA, Dkt. 33 (D. Del. Nov. 14, 2019) (Andrews, J.)).

2

against Siemens AG should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and the claims concerning alleged activities that took place outside the United States should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**The Court Does Not Have Personal Jurisdiction over Siemens AG**: *First,* VMware's claims against Siemens AG should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. Siemens AG is a German company with its principal place of business in Munich, Germany, and it has not purposefully directed its activities (related to this case or otherwise) to Delaware or to the United States. VMware's Complaint alleges nothing to the contrary. Instead, VMware points to conduct of certain Siemens AG *affiliates* in the United States and conduct Siemens AG allegedly performed *outside* the United States. That is insufficient to establish personal jurisdiction over Siemens AG.

**VMware Fails to State a Claim for Alleged Extraterritorial Infringement**: *Second*, VMware's claims for copyright infringement should be dismissed under Rule 12(b)(6) to the extent they allege infringement for downloads made outside the United States. In describing its claims, VMware repeatedly references Siemens AG's use of VMware customer support portals located in the United States in order to gain access to and the ability to download and copy such products. But downloads made from outside the United States cannot infringe a United States copyright—even if the server from which the software is downloaded is located in the United States. VMware appears to acknowledge that a majority of the allegedly unlicensed downloads occurred from locations outside the United States. Thus, should the Court decline to dismiss this case in its entirety, at least VMware's claims for Defendants' alleged conduct outside the United States should be dismissed so that the only issue remaining before the Court is whether downloads of

3

software allegedly made by a Defendant within the United States infringed any VMware copyrights.

## CONCISE STATEMENT OF FACTS

### A.  Siemens AG and the Affiliate Defendants

Siemens AG is a German stock corporation incorporated and headquartered in Germany. D.I. 1 ("Compl." or "Complaint") ¶ 7; Salazar Decl. ¶ 4.[2]  The Complaint identifies no activity of Siemens AG in Delaware.  Nor could it.  Siemens AG has no place of business, telephone listing, or mailing address in Delaware or the United States.  Salazar Decl. ¶ 10.  Similarly, Siemens AG does not employ anyone or maintain facilities in Delaware or elsewhere in the United States.  *Id.* ¶¶ 11, 14, 15.  It is not registered to do business in Delaware and pays no taxes to the State of Delaware.  *Id.* ¶¶ 12, 13.  Though Siemens AG has direct and indirect ownership interests in affiliate companies—some 100% ownership interests and some smaller interests—it maintains corporate formalities from these separate companies, including the named defendants in this action.  *Id.* ¶¶ 6, 7.  Specifically, Siemens AG has separate officers and directors and day-to-day management from each of the Affiliate Defendants.  *Id.* ¶¶ 8, 9.  Siemens AG does not direct or control the day-to-day operations of its affiliates, other than in its capacity as a direct or indirect shareholder in those affiliates.  *Id.* ¶¶ 7, 9.

---

[2]  In considering a Rule 12(b)(2) motion, courts may consider sworn affidavits or other competent evidence outside the pleading to determine jurisdictional facts. *See, e.g., Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 386 (D. Del. 2012); *Sierra v. Trafigura Trading LLC*, 2024 WL 3823018, at *3 (D. Del. Aug. 14, 2024).  Siemens AG offers the Declaration of Paul Salazar here, though it notes that the facts alleged in the Complaint also demonstrate a lack of personal jurisdiction over Siemens AG.

4

>B.  **VMware and Siemens AG Have Been Parties to an Agreement for Perpetual Licenses Governing VMware's Allegedly Copyrighted Software for More Than a Decade**

On November 28, 2012, Siemens AG and VMware executed a Master Software License and Service Agreement ("MSLA"). Compl. ¶ 37. Under the terms of that MSLA, Siemens AG could purchase licenses to VMware software. *Id.* ¶ 38. Based on the MSLA, Siemens AG and VMware entered into Enterprise License Agreements which governed the licensing of VMware products and support. *Id.* ¶ 43. In September of 2024, Siemens AG informed VMware that it was exercising its right to a one-year renewal of its support services from VMware. Compl. ¶ 60. VMware responded with demands for additional information, and eventually an impermissible audit, regarding Siemens AG's use of VMware software. Compl. ¶¶ 62, 64. Siemens AG repeatedly contested VMware's allegations and explained the errors in VMware's counting. Compl. ¶¶ 71–75. Throughout the communications between the parties, Siemens AG has maintained, and continues to maintain, that its purchase order for the renewal of VMware support services is proper based on its rights under the ELA. *See, e.g.* Compl. ¶¶ 67, 69, 71.

After months of negotiating this MSLA dispute with Siemens AG and its German counsel, on March 21, 2025, VMware sued Siemens AG and six affiliates in the United States. The claims in the Complaint relate to the same payment and deployment disputes the parties had been negotiating for months through their German lawyers.[3] *See id.* ¶¶ 1–4, 36–54, 59–75. The Complaint alleges infringement of multiple United States copyrights that were not registered in

---

[3]  As detailed in the contemporaneously filed Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens*, VMware's claims plainly grow out of the contractual relationship, and are merely an attempt to escape the MSLA's forum selection clause that requires the parties to resolve this dispute in Germany.

the United States until shortly before this Complaint was filed, months after these negotiations in Germany had been ongoing. *See, e.g.* Ex. 3 (Copyright Registration Records).

VMware alleges that "[u]ntil May 2024, the customer support portal [used to download VMware products] was hosted on servers at VMware's data center located in Santa Clara, California. As of May 2024 … the customer support portal is hosted on servers at a Google data center in Ashburn, Virginia." Compl. ¶ 56. But VMware's Complaint fails to acknowledge that the vast majority of alleged downloads took place outside the United States and fails to distinguish between actions taken by Siemens AG outside of the United States and actions taken by other Defendants inside the United States. *See id.* ¶¶ 102–118.

## ARGUMENT

### A. VMware's Complaint Should be Dismissed as to Siemens AG for Lack of Personal Jurisdiction under Rule 12(b)(2)

Personal jurisdiction is determined on a defendant-by-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984). VMware "bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction." *Tolliver v. Delmarva Found. for Med. Care*, 2018 WL 3735889, at *1 (D. Del. Aug. 3, 2018) (Andrews, J.).

To meet its burden, VMware must show that: (1) Delaware's long-arm statute authorizes jurisdiction over Siemens AG; and (2) the exercise of jurisdiction over Siemens AG comports with constitutional Due Process. *Id.* at *2. These requirements are effectively combined in Delaware, as "the Delaware long-arm statute is construed broadly 'to confer jurisdiction to the maximum extent possible under the Due Process Clause.'" *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 666 (D. Del. 2018). To comport with constitutional Due Process, personal jurisdiction may only be exercised over a defendant that does not reside in that forum if

the defendant has sufficient minimum contacts with the forum such that the case against it does not offend the traditional notions of fair play and substantial justice. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). These "minimum contacts" can be met through either a showing of "general jurisdiction" or "specific jurisdiction." *Id.* at 126–27. Neither exists for Siemens AG.

### 1. Siemens AG is Not Subject to General Jurisdiction in Delaware

General jurisdiction exists only when a defendant's "affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 127. That is not the case for Siemens AG. VMware admits that Siemens AG is "organized and existing under the laws of Germany" and VMware does not allege Siemens AG has "continuous and systematic" affiliations with Delaware. Compl. ¶ 7. Siemens AG is undisputedly at home in Germany, not in Delaware or anywhere else in the United States. Another court in this District has agreed. *Raza v. Siemens Med. Sols., Inc.*, 2007 WL 2120521, at *2–3 (D. Del. July 23, 2007) (finding no evidence Siemens AG "engaged in any persistent course of conduct in Delaware"). Accordingly, Siemens AG is not subject to general jurisdiction in Delaware.

VMware's Complaint points to manufacturing sites in Newark/Glasgow and New Castle, Delaware, as alleged support for personal jurisdiction over Siemens AG. Compl. ¶ 17. But neither facility is owned or operated by Siemens AG. Salazar Decl. ¶¶ 15, 17. VMware acknowledges the New Castle facility is operated by subsidiary Siemens Mobility, Inc., and never alleges the Newark/Glasgow facility is owned or operated by Siemens AG. Compl. ¶¶ 16, 17. The actions of a parent company's subsidiaries in Delaware do not give rise to general jurisdiction over the parent company. *See, e.g.*, *Tolliver*, 2018 WL 3735889, at *4 ("The parent-subsidiary relationship itself is not sufficient to establish in personam jurisdiction over the parent entity."); *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, 2023 WL 1965090, at *4 (D. Del. Feb. 13, 2023) (Andrews, J.).

7

### 2. Siemens AG is Not Subject to Specific Jurisdiction in Delaware

To establish specific jurisdiction, VMware must show that (1) "the defendant has 'purposefully directed' his activities at residents of the forum"; and (2) "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). VMware cannot satisfy either prong for Siemens AG.

None of VMware's four allegations on this prong—(1) Siemens AG's conduct under the MSLA, (2) Siemens AG's conduct under the "VMware customer support portals," (3) conduct of an employee of an affiliate of Siemens AG in Georgia, and (4) Siemens AG affiliate facilities in Delaware—show Siemens AG purposefully directed its activities to Delaware. *See* Compl. ¶¶ 18–23.

**Conduct under the MSLA**: VMware argues that Siemens AG's obligation under the MSLA for any alleged breaches by its affiliates means it has effectively consented to jurisdiction over itself in Delaware. Compl. ¶¶ 19–20 ("pursuant to the license between VMware and Siemens AG, all VMware software products and the license keys needed to activate and use them were to be provided to Siemens AG"); *id.* ¶¶ 21, 53 (describing Siemens AG's alleged responsibilities with respect to its affiliates under the MSLA).[4] As explained below, these allegations do not support specific jurisdiction over Siemens AG.[5]

Notably, VMware does not allege that Siemens AG purposefully directed any conduct related to the MSLA at Delaware. Siemens AG's conduct related to its affiliates' use of software

---

[4] VMware's Complaint contains the acronym "MLSA" in several places when referring to the parties' Master Software License Agreement. *See, e.g.*, Compl. ¶¶ 38, 42, 52–53. Defendants assume this is an inadvertent error and should read "MSLA."

[5] In fact, these allegations support Defendants' motion to dismiss under *forum non conveniens*, filed contemporaneously with this motion. *See Forum Non Conveniens* Mot. at 11-14.

license keys and software under the MSLA was directed *worldwide*. VMware's allegations confirm this fact. *See*, *e.g.*, Compl. ¶ 7 ("Siemens AG is the parent company of one of the largest technology groups in the world,"); *id.* ¶ 51 ("Siemens AG is responsible for any downloading, copying, distribution, deployment, or use of VMware software products … including by any of its affiliates"). Indeed, the license granted to Siemens AG in the MSLA was a worldwide license, as reflected by the MSLA granting Siemens AG a license "within the Territory" and defining that "'Territory' means … for licenses purchased by Siemens AG []: worldwide." Ex. 1 (MSLA) §§2.1, 1.21.[6] Worldwide conduct that incidentally touches Delaware does not establish specific jurisdiction. *See, e.g.*, *Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273, 279 (D. Del. 2007); *Gordon v. Invisible Child., Inc.*, 2015 WL 5671919, at *7 (S.D.N.Y. Sept. 24, 2015) ("It is not sufficient that conduct incidentally had an effect in the forum, or even that effects in the forum were foreseeable … Instead, the defendant must have intentionally caused-*i.e.*, expressly aimed to cause-an effect in the forum through his conduct elsewhere.").

Moreover, the parties' selection of German law—not Delaware law—to govern the MSLA further supports that neither VMware nor Siemens AG understood that their agreement and Siemens AG's actions under their agreement were directed towards Delaware. *See, e.g.*, *Mun. Mortg. & Equity v. Southfork Apartments Ltd. P'ship*, 93 F. Supp. 2d 622, 629–30 (D. Md. 2000) ("[T]he selection by the parties … of Minnesota law over Maryland law … reveals that [the Minnesota defendant] did not purposefully avail itself of the benefits and protections of Maryland

---

[6] VMware repeatedly cites to and quotes from the MSLA and a number of other documents in its Complaint. Accordingly, those are incorporated into VMware's Complaint by reference and the Court can consider those documents in resolving the pending motions. *See, e.g.*, *Feite v. Neumann*, 2020 WL 670135, at *2 (E.D. Pa. Feb. 11, 2020); *Yurchak v. Atkinson & Mullen Travel, Inc.*, 207 F. App'x 181, 184–85 (3d Cir. 2006).

law and that the exercise of personal jurisdiction over [the Minnesota defendant] would not be reasonable."); Ex. 1 (MSLA) § 9.17.

The parties' agreement that Siemens AG would be responsible for alleged breaches of the MSLA by its affiliates does not change this personal jurisdiction inquiry.[7]  Under the MSLA, the parties agreed that "any breach by an Affiliate shall be deemed a breach by Customer" (Ex. 2 (Amended MSLA) § 13), but also agreed "to the exclusive jurisdiction of the courts of Munich for resolution of any disputes arising out of" the MSLA.  Ex. 1 (MSLA) § 9.17.  VMware cannot use the first of these provisions alone to argue the MSLA provides the basis for personal jurisdiction over Siemens AG, particularly where the MSLA itself dictates that any disputes thereunder should be resolved in Germany.  The first clause emphasizes the importance of the second.  These provisions together demonstrate that the MSLA provides no basis for personal jurisdiction over Siemens AG in the United States.

**VMware Customer Support Portals**:  Next, VMware argues personal jurisdiction exists over Siemens AG because Siemens AG accessed VMware websites located in California and Virginia.  Compl. ¶¶ 18, 56.  But that is not the test for personal jurisdiction.  The location of the servers where the downloaded content is hosted—as opposed to the location of the person who accesses the server—is insufficient to establish personal jurisdiction over a party located outside of that jurisdiction.  *Chang v. Virgin Mobile USA, LLC*, 2009 WL 111570, at *3–4 (N.D. Tex. Jan. 16, 2009) ("even if plaintiffs had made a prima facie showing that [defendant] made contact with

---

[7]  Moreover, VMware asserts "Siemens AG has the right and ability to control the downloading, copying, distribution, and use of VMware's copyrighted software in the United States by Siemens AG's affiliates … and Siemens AG directly benefited [financially] from these infringing activities."  Compl. ¶ 21.  This is irrelevant, as assertions that actions taken by Siemens AG entirely outside of the US which may benefit Siemens AG or its American affiliates is insufficient to argue personal jurisdiction.  *See Sierra*, 2024 WL 3823018, at *9.

10

a … server located in Texas, such contact would be insufficient to establish minimum contacts"); *Browne v. McCain*, 612 F. Supp. 2d 1118, 1124 (C.D. Cal. 2009) (refusing to exercise jurisdiction over defendant in California based on posts made on a website hosted on California-based servers).

**Affiliate Employee in Georgia**:  VMware also alleges that the Court has personal jurisdiction over Siemens AG because Astrid Mueller, allegedly "a primary point person for Siemens AG," is based in the United States.  *See* Compl. ¶ 22.  VMware does not allege that Ms. Mueller resides or works in Delaware, nor can it, as she resides in Georgia.  *See* Salazar Decl. ¶ 18.  Further, VMware does not allege that Ms. Mueller is an employee of Siemens AG, which it likewise cannot because she is an employee of Siemens Corporation.  *See id.*  VMware does not explain how a Georgia-based employee of an affiliate of Siemens AG justifies exercising specific jurisdiction in Delaware over a German company.  Thus, VMware provides no explanation for how its allegations regarding Ms. Mueller show that Siemens AG has directed its activities toward Delaware or its residents.  *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) ("[C]ontacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents.").

**Affiliate Delaware Facilities.** The two Siemens AG affiliate facilities in Delaware also do not support specific jurisdiction against Siemens AG. These facilities do not belong to Siemens AG, Salazar Decl. ¶ 17, and VMware does not allege (nor could it) that activities at those facilities give rise to or relate to this lawsuit.  Thus, they have no bearing on specific jurisdiction.  *See Rush*, 444 U.S. at 321 ("The mere presence of property in a State does not … support the exercise of jurisdiction over an unrelated cause of action.").

\* \* \* \* \*

Siemens AG does not have sufficient contacts with Delaware for either general jurisdiction or specific jurisdiction in this case. Given that, exercise of personal jurisdiction over Siemens AG would not comport with constitutional Due Process. Thus, the Complaint should be dismissed as to Siemens AG under Federal Rule of Civil Procedure 12(b)(2).

### B. VMware Cannot State a Claim for Extraterritorial Enforcement of its Copyrights Under Rule 12(b)(6)

VMware's Complaint as to all Defendants should be dismissed in part pursuant to Rule 12(b)(6) to the extent it alleges copyright infringement for actions that occurred outside the United States.

A plaintiff's claims should be dismissed under Rule 12(b)(6) when it fails to allege an act of copyright infringement in the United States. *See IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871, 879 (D.C. Cir. 2020); *see also Levitin v. Sony Music Ent.*, 101 F. Supp. 3d 376, 386 (S.D.N.Y. 2015) (dismissing claims of extraterritorial infringement of U.S. copyright claims without dismissing other cognizable copyright infringement claims).

The Complaint broadly states that "Siemens has engaged in downloading, copying, distributing and deploying copies of VMware's copyrighted software far in excess of the number of licenses it has purchased. Siemens therefore allegedly has infringed and is continuing to infringe VMware's copyrights." Compl. ¶ 105. This assertion forms the basis of VMware's copyright infringement claim, but ***nowhere*** does VMware state its claims are limited to Defendants' conduct in the United States.[8] The face of the Complaint shows this is not a theoretical concern. In

---

[8] VMware does allege that "Siemens has directly downloaded, copied, distributed, and used VMware software products in the United States." Compl. ¶ 80. VMware's allegations of copyright infringement for alleged conduct within the United States is not the subject of Siemens's motion. Instead, Siemens moves to dismiss VMware's clear attempts to give its copyrights extraterritorial reach by failing to limit its claims to United States conduct.

12

paragraph 81, VMware notes that Siemens AG's report of October 29, 2024 showed that approximately 20% of deployments of VMware products were in the United States, meaning approximately 80% of deployments were outside the United States. Compl. ¶ 81.

The only alleged tie between the extraterritorial conduct alleged to infringe and the United States in VMware's Complaint is that VMware's servers purportedly are located in the United States. Compl. ¶¶ 55–58. But downloading an allegedly copyrighted file from a U.S. server when the downloader is in a foreign country does not infringe a U.S. copyright. *See Fair Isaac Corp. v. Fed. Ins. Co.*, 2021 WL 1111052, at *5–6 (D. Minn. Mar. 23, 2021). Indeed, as the court in *Fair Isaac Corp.* recognized, "actors [which] accessed, installed, and used on computers outside the United States" software which was hosted on American servers did not commit a domestic act of infringement. *Fair Isaac Corp*, 2021 WL 1111052, at *7. Thus, under United States copyright law, VMware cannot recover for alleged excess deployments made outside of United States. *See IMAPizza, LLC*, 965 F.3d at 877–879.

It is appropriate to dismiss these extraterritorial claims on a motion to dismiss. The Federal Circuit has held that extraterritoriality "is properly treated as an element of the claim which must be proven before relief can be granted." *See Litecubes, LLC v. N. Light Prods., Inc.*, 523 F. 3d 1353, 1368 (Fed. Cir. 2008); *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994)). Therefore, VMware has failed to state a claim as to all claims of copyright infringement where the action allegedly undertaken by one of the Defendants occurred outside of the United States.

## CONCLUSION

For all the foregoing reasons, VMware's Complaint should be dismissed as to Siemens AG for lack of personal jurisdiction and dismissed as to all claims of alleged copyright infringement committed outside of the United States for failure to state a claim.

13

|  |  |
|---|---|
| OF COUNSEL:<br><br>Gregg F. LoCascio, P.C.<br>Michael A. Pearson, Jr.<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>(202) 389-5000<br><br>James John Lomeo<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Suite 2500<br>Austin, TX  78701<br>(512) 678-9050<br><br>June 10, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Karen Jacobs*<br><br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.* |

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 10, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Paul J. Loughman, Esquire<br>Robert M. Vrana, Esquire<br>Colin A. Keith, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| David H. Herrington, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006 | *VIA ELECTRONIC MAIL* |
| Angela L. Dunning, Esquire<br>Ye Eun Charlotte Chun, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304 | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)