**YOUNG CONAWAY**

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

**Paul J. Loughman**
P 302.576.3598
ploughman@ycst.com

June 13, 2025

<u>**VIA CM/ECF**</u>

The Honorable Richard G. Andrews
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

          Re:    <u>*VMware LLC v. Siemens AG, et al.*, C.A. No. 1:25-cv-00353-RGA</u>

Dear Judge Andrews,

      I write on behalf of Plaintiff VMware LLC in furtherance of its request that the Court direct the defendants to participate in a Rule 26(f) case management discussion (D.I. 15) and in reply to defendants' June 9 letter concerning the request. D.I. 16.

      As set forth in our letter, the filing of a motion to dismiss does not override the mandate of Rule 26(f) to confer as soon as practicable or negate the deadlines imposed by Rule 26(f) and 16. D.I. 15. Further, as we will show more fully in our response to them, the two motions to dismiss filed by defendants cannot justify ignoring the Rules or stalling discovery.

      This is an action by VMware LLC, a United States company, asserting infringement of its U.S. copyrights under U.S. copyright law and seeking an injunction and damages on that basis against six U.S. defendants, plus Siemens AG based on its activities directed to the United States. D.I. 1. The defendants do not dispute that the complaint states a valid claim for copyright infringement under U.S. law against the U.S. defendants; and they cannot credibly contend that it does not do so against Siemens AG. Yet through the vehicle of a *forum non conveniens* motion, defendants seek to extinguish the U.S. copyright claims entirely and to extinguish all claims against the U.S. defendants – and limit VMware to nothing but a contract claim against Siemens AG in Germany. They cannot succeed.

      The threshold problem with defendants' motion is that it is premised on a provision (Section 9.17 of the MLSA) calling for claims arising out of the parties' *contract* to be brought in the courts of Munich. But defendants ignore and fail to disclose to the Court the next provision in the agreement (Section 9.18), which expressly carves out actions to enforce intellectual property rights and provides that they can be brought in any court or country:

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F  302.571.1253    YoungConaway.com

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

MLSA (D.I. 25, Ex. 1) Section 9.18.  This provision makes sense, because intellectual property actions ordinarily must be brought in the country whose laws protect the intellectual property – so, for example, a claim enforcing U.S. copyrights against infringing activity in the United States must be brought here.  The claims here do not fall within Section 9.17's provision concerning contract claims in the first place, because they are copyright infringement claims as to products for which licenses were never purchased; but even if that question were debatable, Section 9.18 specifically carves out intellectual property claims and permits them to be brought in any court or country.

Even apart from this threshold defect, defendants cannot satisfy the two key requirements for dismissal based on *forum non conveniens*:  that (a) a German court is an adequate forum for the U.S. copyright claims and (b) the defendants are subject to jurisdiction in a German court.  Defendants do not even try to contend that a German court can adjudicate a U.S. copyright claim or that it would have jurisdiction over the six U.S. defendants.  Instead, they attempt to evade these requirements: they claim only that a German court can hear a *contract* claim and that VMware should be limited to such a contract claim against Siemens AG alone – excusing the six other defendants.  D.I. 23 at 15-16.  But the action here is for infringement of U.S. copyrights against U.S. defendants based on activity in the United States and Siemens AG's activities directed to this country.  Defendants cannot extinguish these claims by ignoring the contract's provision permitting intellectual property claims to be brought in any appropriate court and country and evading the requirements of the *forum non conveniens* doctrine they invoke.

Because the failure of the defendants' *forum non conveniens* motion means the action will proceed, there is no basis for defendants to continue stalling discovery by refusing to engage in a Rule 26(f) conference.  Nevertheless, we briefly discuss Siemens AG's alternative motion to dismiss the claims against it alone.  The complaint alleges activities by Siemens AG that directly infringe and cause contributory and induced infringement of VMware's copyrights in the United States:  that it distributed infringing VMware products to the United States for use by its U.S. operations and U.S affiliates; it obtained these infringing products through accessing VMware's U.S.-based server; and that, because it controlled the downloading and distribution of VMware products, it is responsible for directing and permitting its U.S. affiliates to download, copy and use infringing products in the United States.  *See, e.g.*, Complaint, D.I. 1, at ¶¶ 95, 17-23, 93-98.

Siemens AG's argument for lack of personal jurisdiction ignores these facts as alleged.  And its focus exclusively on contacts with Delaware ignores the allegations concerning Delaware and, more importantly, Rule 4(k)(2)'s provision that jurisdiction over a non-U.S. defendant on a federal claim can be based on contacts with the country as a whole.  Further, its request for dismissal of the claims against it to the extent based on its use of VMware's U.S. server to obtain infringing copies of products is meritless and ignores the other multiple grounds supporting the copyright infringement claim.

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
June 13, 2025
Page 3

      For the reasons set forth here and in our June 6 letter, VMware respectfully requests the Court to direct the defendants to promptly participate in the conference required by Rule 26(f).

      Respectfully,

      *Paul J. Loughman*

      Paul J. Loughman (No. 5508)

cc:   Counsel of Record (by CM/ECF)