**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VMWARE LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>              Defendants. | Civil Action No. 1:25-cv-00353-RGA |

**PLAINTIFF VMWARE LLC'S BRIEF IN OPPOSITION
TO DEFENDANT SIEMEN AG'S MOTION TO DISMISS
UNDER RULES 12(b)(2) AND 12(b)(6)**

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ................................................................................................................. 1

SUMMARY OF ARGUMENT ........................................................................................... 2

SUMMARY OF RELEVANT FACTS .............................................................................. 3

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT........................................................................................................................ 4

    I.    Siemens AG's Rule 12(b)(2) Motion Fails Because It Ignores Both Rule 4(k)(2) And
        The Facts Establishing Its Activities In And Directed To The United States .................... 4

      A.    Rule 4(k)(2) Provides For Exercise Of Jurisdiction Over Siemens AG Based On Its
           Contacts With The United States As A Whole ............................................................... 4

      B.    The Complaint Establishes Personal Jurisdiction Over Siemens AG Based On Its
           Infringing Acts In And Directed To The United States ................................................. 5

    II.    Siemens AG Cannot Extinguish One Ground Of The Claims Against It Through Its Rule
        12(b)(6) Motion ................................................................................................................ 10

CONCLUSION................................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andersen v. Stability AI Ltd.*,
744 F. Supp. 3d 956 (N.D. Cal. 2024) ....................................................................................10

*Bench Walk Lighting LLC v. LG Innotek Co.*,
530 F. Supp. 3d 468 (D. Del. 2021).........................................................................................8

*Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*,
66 F. Supp. 2d 454 (E.D.N.Y. 1999) ......................................................................................9

*Britax Child Safety, Inc. v. Nuna Int'l B.V.*,
321 F. Supp. 3d 546 (E.D. Pa. 2018) ......................................................................................5

*British Telecomms. PLC v. IAC/InteractiveCorp.*,
356 F. Supp. 3d 405, 408-09 (D. Del. 2019) ........................................................................10

*Calder v. Jones*,
465 U.S. 783 (1984)..................................................................................................................8

*Carteret Sav. Bank, FA v. Shushan*,
954 F.2d 141 (3d Cir. 1992)......................................................................................................4

*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*,
No. CV 19-1528-RGA, 2022 WL 1909386 (D. Del. June 3, 2022) .................................. 4-5, 8

*Fair Isaac Corp. v. Fed. Ins. Co.*,
No. 16-cv-1054, 2021 WL 1111052 (D. Minn. Mar. 23, 2021) ............................................11

*GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
782 F. Supp. 763 (W.D.N.Y. 1991)..................................................................................... 8-9

*IMAPizza, LLC v. At Pizza Ltd.*,
965 F.3d 871 (D.C. Cir. 2020).................................................................................................11

*Kedra v. Schroeter*,
876 F.3d 424 (3d Cir. 2017).......................................................................................................4

*Lang Van, Inc. v. VNG Corp.*,
40 F.4th 1034 (9th Cir. 2022) ...................................................................................................5

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004)..................................................................................3, 8

*Monsanto Co. v. Syngenta Seeds, Inc.*,
    443 F. Supp. 2d 636 (D. Del. 2006).......................................................................5

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)...................................................................................4

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009)..............................................................................5

*United States v. Int'l Brotherhood of Teamsters*,
    945 F. Supp. 609 (S.D.N.Y. 1996).........................................................................5

*Walden v. Fiore*,
    571 U.S. 277 (2014)................................................................................................8

## Other Authorities

Fed. R. Civ. P. 4(k)(2)....................................................................................... *passim*

Fed. R. Civ. P. 12(b)(2)...................................................................................... 1-2, 4, 11

Fed. R. Civ. P. 12(b)(6)....................................................................................... *passim*

Plaintiff VMware LLC respectfully submits this opposition to the Motion to Dismiss under

Rules 12(b)(2) and 12(b)(6) of Defendant Siemens AG.  *See* Defs.' Mot. to Dismiss Under Fed. R.

Civ. P. 12(b)(2) & 12(b)(6) ("Motion"), D.I. 17 and Defs.' Opening Br. in Supp. of Their Mot. to

Dismiss Under Fed. R. Civ. P. 12(b)(2) & 12(b)(6) ("Siemens AG Br."), D.I. 18.

## INTRODUCTION

This is an action by VMware LLC, a United States company, asserting infringement of its

U.S. copyrights under U.S. copyright law and seeking an injunction and damages on that basis

against six U.S. defendants plus Siemens AG.  Complaint ("Compl."), D.I. 1.[1]  As to Siemens AG,

the Complaint sets forth multiple factual grounds establishing that it directly infringed VMware's

U.S. copyrights in the United States and, further, that it caused and induced its U.S. affiliates to

infringe these copyrights in the United States:  Siemens AG distributed infringing VMware

products to the United States for use by its U.S. operations and U.S affiliates; it obtained these

infringing products through accessing VMware's U.S.-based server; and because it controlled the

downloading, copying, distribution and use of VMware products within Siemens, it is responsible

for directing and permitting its U.S. affiliates to infringe VMware's copyrights in the United States.

*See, e.g.*, Compl. ¶¶ 95, 17-23, 93-98.

Siemens AG does not dispute – and effectively concedes – that the foregoing allegations

adequately state claims against it for both direct and secondary copyright infringement.  Siemens

AG Br. at 12 n.8.  Instead, it has moved to dismiss all claims against it under Rule 12(b)(2) on the

untenable theory that the Court lacks personal jurisdiction over it.  This argument fails for multiple

---

[1]    The U.S. defendants are Siemens Corporation, Siemens Industry Software, Inc., Siemens Medical Solutions USA Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility Inc., and PETNET Solutions Inc. (collectively referred to as the "U.S. Defendants" and, together with Siemens AG, the "Defendants").

reasons. First, it ignores the facts outlined above establishing that it has both directly infringed VMare's U.S. copyrights in the United States and caused and induced its U.S. subsidiaries to do so. Second, Siemens AG's argument wrongly assumes that only its contacts with Delaware are relevant. The Complaint does allege that Siemens AG has engaged in actions directed to Delaware sufficient to establish jurisdiction. But more importantly, Rule 4(k)(2) provides that jurisdiction over a non-U.S. defendant on a federal claim can be based on its contacts with the United States as a whole; and as recapped above, the Complaint alleges extensive conduct by Siemens in and directed to the United States – including both directly infringing VMware's copyrights in the United States and causing and inducing infringement by its affiliates in the United States.

The second part of Siemens AG's Motion demands dismissal under Rule 12(b)(6) as to one aspect of the grounds for the claims against it – that Siemens AG obtained infringing copies of VMware products through accessing a VMware server based in the United States. Here, again, Siemens AG does not dispute that the Complaint states valid claims against it for copyright infringement; it seeks only to eliminate this one ground for the claims. Siemens AG Br. at 12 n.8. A Rule 12(b)(6) motion is not a proper means to attempt to extract and extinguish one aspect of the grounds for a claim; and even if it could be used in that way, Siemens AG's use of VMware's U.S. server to obtain infringing copies of VMware products is an important part of the grounds for VMware's valid claims against Siemens AG, and the liability that flows from Siemens AG's activities is not properly adjudicated through a dismissal motion.

## SUMMARY OF ARGUMENT

Siemens AG's Motion under Rule 12(b)(2) to dismiss for lack of personal jurisdiction fails for two basic reasons:

       1) It ignores the facts set forth in the Complaint establishing that Siemens AG directly infringed VMware's U.S. copyrights by distributing infringing copies

2

of VMware's products to its affiliates and operations in the United States and that it caused and induced infringing acts by its U.S. operations and affiliates; and

2) It ignores Rule 4(k)(2), which allows personal jurisdiction over foreign defendants on federal claims to be based on sufficient contacts with the United States as a whole – which the Complaint plainly establishes.

Siemens AG's attempt through a Rule 12(b)(6) motion to dismiss one aspect of the grounds

for the claims against it also fails for two reasons:

1) The Complaint states valid claims against Siemens AG for copyright infringement, and the facts concerning Siemens AG's use of a U.S. server to obtain infringing copies of VMware's products are an important and valid ground for these claims; and

2) Issues concerning the scope and nature of Siemens AG's liability should be addressed with a full factual record at summary judgment or trial – not by a 12(b)(6) motion that seeks to extract and extinguish one aspect of the grounds for VMware's claims.

## SUMMARY OF RELEVANT FACTS

The Complaint sets forth facts establishing that Siemens AG has directly infringed and

caused contributory and induced infringement of VMware's copyrights in the United States:  it

distributed infringing VMware products to the United States for use by its U.S. operations and the

U.S. Defendants; it obtained these infringing products through accessing VMware's U.S.-based

server; and because it controlled the downloading and distribution of VMware products, it is

responsible for directing and permitting the U.S. Defendants to download, copy and use infringing

products in the United States. *See, e.g.*, Compl. ¶¶ 17-23, 93-98.

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "need only

establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations

taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d

93, 97 (3d Cir. 2004).  "[C]ourts reviewing a motion to dismiss a case for lack of in personam

jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor

of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

In evaluating a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all factual

allegations in the complaint and draw[s] all inferences from the facts alleged in the light most

favorable to [the plaintiff]." *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017) (quoting *Phillips*

*v. Cty. of Allegheny*, 515 F.3d 224, 228, 230 (3d Cir. 2008)).  The standard "simply calls for enough

facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."

*Phillips*, 515 F.3d at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

<u>**ARGUMENT**</u>

**I.**    **Siemens AG's Rule 12(b)(2) Motion Fails Because It Ignores Both Rule 4(k)(2) And The Facts Establishing Its Activities In And Directed To The United States**

Siemens AG's motion to dismiss under Rule 12(b)(2) based on a purported lack of

jurisdiction ignores Rule 4(k)(2), which permits jurisdiction over it based on its activities directed

to the United States as a whole; and it ignores the facts set forth in the Complaint that establish its

extensive infringing activities in and directed to the United States.

**A.**    **Rule 4(k)(2) Provides For Exercise Of Jurisdiction Over Siemens AG Based On Its Contacts With The United States As A Whole**

As this Court explained in *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, Rule 4(k)(2)

provides that jurisdiction over a non-U.S. defendant for a federal claim may be based on the

"defendant's contacts with the entire United States, as opposed to the state in which the district

court sits."  No. CV 19-1528-RGA, 2022 WL 1909386, at *3 (D. Del. June 3, 2022) (quoting

*Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415-16 (Fed. Cir. 2009)).  The Court further

explained:

> For a court to exercise personal jurisdiction over a defendant under Rule 4(k)(2), the
> following requirements must be met:  "the plaintiff's claim must arise under federal

4

law, the defendant must not be subject to jurisdiction in any state's court of general jurisdiction, and exercise of jurisdiction must comport with due process."

*Id.* at *2 (quoting *Touchcom*, 574 F.3d at 1412).

When a defendant is sued on a federal claim and "contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Conformis*, 2022 WL 1909386, at *3; *Touchcom*, 574 F.3d at 1415; *see also United States v. Int'l Brotherhood of Teamsters*, 945 F. Supp. 609, 617 (S.D.N.Y. 1996); *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 554-55 (E.D. Pa. 2018); *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1040 (9th Cir. 2022) (same).

Here, because Siemens AG has been sued on a federal claim and it contends it cannot be sued in Delaware, while failing to identify any other state in which it is subject to jurisdiction for purposes of adjudicating VMware's claims, the first two requirements for applying Rule 4(k)(2) are "easily met." *Conformis*, 2022 WL 1909386, at *3. The burden thus shifts to Siemens AG to prove that this Court's exercise of jurisdiction would be unreasonable. *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 647 (D. Del. 2006); *Britax Child Safety, Inc. v.*, 321 F. Supp. 3d at 554-55; *Lang Van*, 40 F. 4th at 1040. As set forth below, it has not done so.

**B.    The Complaint Establishes Personal Jurisdiction Over Siemens AG Based On Its Infringing Acts In And Directed To The United States**

As summarized above, the Complaint sets forth extensive facts establishing that Siemens AG engaged in acts that directly infringe VMware's copyrights in the United States and that it induced and contributed to infringement in the United States by its U.S. operations and affiliates. These facts include the following: Siemens AG distributed infringing VMware products to the United States for use by its U.S. operations and U.S affiliates; it obtained these infringing products through accessing VMware's U.S.-based server; and because it controlled the downloading,

copying, distribution and use of VMware products within Siemens, it is responsible for directing and permitting its U.S. affiliates to download, copy and use infringing products in the United States.  *See, e.g.*, Compl. ¶¶ 95, 16-23, 54-58, 93-98.

As just one example of the Complaint's allegations concerning these facts, Paragraph 95 of the Complaint states as follows:

> [W]hen VMware software products have been delivered to and deployed by Siemens entities and operations in the United States, it is because Siemens AG has obtained the VMware software (and the license keys needed to activate it) from VMware and has in turn copied, distributed, or transferred the VMware software products to its affiliates and operations in the United States or because Siemens AG has directed and permitted the Siemens entities and operations in the United States to download, copy, distribute, and use such products.  Such downloading, copying, distribution, and use in the United States, and distribution to the United States, without a license infringes VMware's U.S. copyrights; and Siemens AG is responsible for directing, permitting, and materially contributing to those activities.

Compl. ¶ 95; *see also id.* ¶ 20 (summarizing same facts).

In addition, the Complaint sets forth facts concerning Siemens AG's ability to control the infringing activities of its U.S. affiliates, its failure to do so, and the financial benefits it received as a result, as well as further facts concerning its activities in and directed to the United States.  *Id.* ¶¶ 21, 96, 16-23, 54-58, 93-98.

Siemens AG's Motion ignores and avoids these facts.  Instead, it discusses other facts set forth in the Complaint:  (1) Siemens AG's conduct under the MSLA; (2) Siemens AG's use of VMware's customer support portals hosted in the United States; (3) the fact that the "point person" for Siemens AG's management and distribution of VMware products is based in the United States; and (4) the fact that Defendant Siemens Healthcare and Diagnosis owns and operates facilities in Delaware, which the Complaint alleges received and used infringing copies of VMware products from Siemens AG or at its direction.  *See* Compl. ¶¶ 16-23; Siemens AG Br. at 8-11, D.I. 18. These facts provide further support for exercising jurisdiction over Siemens AG; but Siemens AG

6

cannot escape jurisdiction by addressing *only* these allegations and ignoring the core facts discussed above.

Nor can Siemens AG escape jurisdiction by focusing only on facts concerning Delaware and contending they do not establish a sufficient connection with this state to support jurisdiction here.  As an initial matter, the Complaint *does* set forth facts concerning Siemens AG's connections with Delaware, including its distribution of infringing VMware products to its subsidiary's facilities in Delaware and its inducement and contribution to the use of infringing products, which should suffice to establish jurisdiction here.  *See* Compl. ¶ 19 (Siemens violated VMware's U.S. copyrights and is subject to personal jurisdiction" because it "has downloaded, copied, and distributed unlicensed copies of the VMware software products to Siemens entities and operations in the United States, including without limitation its affiliates incorporated in Delaware and operations in Delaware.") *and id.* ¶ 16-18, 20-23.

But given Siemens AG's denial of jurisdiction over it in Delaware without identifying any other state that has general jurisdiction over it, Rule 4(k)(2) permits jurisdiction over Siemens AG based on its contacts with the United States as a whole.  The full set of facts set forth in the Complaint overwhelmingly demonstrates that Siemens AG is subject to jurisdiction in the United States, based on its having purposely directed its infringing activities to this country – including both its direct infringement in the United States by distributing infringing VMware products here and inducing and contributing to infringement by the Siemens U.S. Defendants and other affiliates in this country.  Compl. ¶¶ 16-23, 54-58, 93-98.

The fact that Siemens AG has engaged in direct infringement of VMware's U.S. copyrights in the U.S. by distributing infringing VMware products in the United States plainly provides a basis for exercising personal jurisdiction over it here.  Further, where a non-U.S. defendant

undertakes conduct purposely directed at the United States – an inquiry that considers whether the effects of the conduct occurred in the forum so as to establish a connection with the forum – the non-U.S. defendant is subject to personal jurisdiction, even if those acts occurred outside the forum. *See Calder v. Jones*, 465 U.S. 783, 789 (1984) (holding that jurisdiction over out-of-state defendant was proper based on the effects of their conduct in the forum state); *Walden v. Fiore*, 571 U.S. 277, 287 (2014) (explaining that personal jurisdiction can be based on "effects" of defendant's conduct in the forum).

In intellectual property cases, this purposeful activity directed at the forum state may include inducing infringement by a U.S. partner, designing infringing materials for consumption in the United States, or directing infringing materials through a partner for distribution in the United States. *See, e.g.*, *Conformis*, 2022 WL 1909386, at *3 (holding that where defendant collaborated with surgeons in the United States to custom-design products for U.S. patients, the non-U.S. defendant had "purposefully directed its activities at residents of the forum," and that the plaintiff's claim for patent infringement sufficiently "ar[ose] out of or relate[d] to the defendant's activities with the forum"); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 475 (D. Del. 2021) (Korean defendant "purposely directed" its infringing activities to this country by establishing a distribution channel for the United States through a U.S. partner); *see also Miller Yacht*, 384 F.3d at 108 (holding that exercise of personal jurisdiction was proper in trade dress infringement action where defendant had allegedly reached into forum state to arrange visits to manufacturing site and had misappropriated product designs obtained in the forum state); *see also GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 772-73 (W.D.N.Y. 1991) ("[A] foreign corporation is alleged to have purposefully injected itself into the American market by shipping infringing goods here—regardless of whether it does so directly or through an

importer—the defendant should not be allowed to use the principle of non-extraterritoriality to shield itself from the reach of American courts and American copyright law.").

Personal jurisdiction is established on this basis when acts undertaken outside the United States cause effects, such as inducing infringement, within the United States. *See, e.g.*, *Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 462-63 (E.D.N.Y. 1999) (holding that where Canadian parent's "out-of-state acts contributed to or induced [U.S. affiliate's] infringement" in New York, exercise of personal jurisdiction over Canadian parent was proper); *see also GB Mktg. USA Inc.*, 782 F. Supp. at 768–69 (holding that personal jurisdiction was proper over German defendants in action for contributory infringement where German defendants contracted to supply goods in New York, and had "engaged in purposeful activity in New York aimed at developing its market in New York").

Here, the Complaint plainly sets forth facts establishing jurisdiction over Siemens AG based on its actions that both directly infringed VMware's copyrights in the United States and induced and contributed infringement in the United States by its U.S. affiliates, including the U.S. Defendants: it distributed infringing VMware products to the United States for use by its U.S. operations and the U.S. Defendants; it obtained these infringing products through accessing VMware's U.S.-based server; and it is responsible for directing and permitting the U.S. Defendants to download, copy and use infringing products in the United States. *See* Compl. ¶¶ 16-23, 54-58, 93-98. In sum, as in *Conformis*, Siemens AG's activities in and directed to the United States are precisely the sort of purposeful activity that fairly and reasonably subjects a defendant to jurisdiction in the United States.[2]

---

[2]    If the Court were to determine that more evidence is needed to establish personal jurisdiction over Siemens AG, VMware respectfully requests an opportunity to take jurisdictional discovery and/or amend the complaint to set forth such further evidence.

II.     **Siemens AG Cannot Extinguish One Ground Of The Claims Against It Through Its Rule 12(b)(6) Motion**

Siemens AG also fails in its attempt to use a Rule 12(b)(6) motion to eliminate one of the grounds for the claims against it – the fact that it obtained infringing copies of VMware products by accessing VMware's U.S. server.  As an initial matter, when a court has found a claim to be supported on one or more grounds, it need not address a motion to dismiss addressed to other grounds for supporting the claim.  *See, e.g.*, *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 974 (N.D. Cal. 2024) (denying motion to dismiss a copyright claim and observing that where complaint alleged multiple grounds for infringement and defendant did not challenge one of the theories, the court need not address the defendant's challenge to the other theories); *British Telecomms. PLC v. IAC/InteractiveCorp.*, 356 F. Supp. 3d 405, 408-09 (D. Del. 2019) (denying a motion to dismiss where one of two theories was adequately pleaded).

The claims against Siemens AG do not rely on an extraterritorial application of U.S. copyright law.  To the contrary, they are based on multiple actions by Siemens AG in and directed to the United States, including that it distributed infringing VMware products to the United States for use by its U.S. operations and the U.S. Defendants; that it obtained these infringing products by accessing VMware's U.S.-based server; and that, because it controlled the downloading and distribution of VMware products, it is responsible for directing and permitting the U.S. Defendants to download, copy and use infringing products in the United States.  *See, e.g.*, Compl. ¶¶ 95, 16-23, 54-58, 93-98.

The scope and extent of liability for the acts of infringement and predicate acts that Siemens AG has committed in and directed to the United States are not matters amenable to resolution at the pleading stage through a 12(b)(6) motion but instead should be addressed with a full factual record at summary judgment or trial.  The decisions Siemens AG cites in its Motion are consistent

10

with this approach. *Fair Isaac Corp. v. Fed. Ins. Co.*, No. 16-cv-1054, 2021 WL 1111052 (D. Minn. Mar. 23, 2021), for instance, did not even involve a 12(b)(6) motion. Rather, the court adjudicated claims on summary judgment based on the determination that the evidence did not support any timely claim for copyright infringement. And *IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871 (D.C. Cir. 2020) cannot help Siemens AG. The *only* act of alleged infringement in that case was downloading images from a U.S. server to a location in England and the evidence did not establish that the downloading process established that an infringing or predicate act had occurred in the United States. *Id.* at 879. Here, the Complaint has alleged multiple grounds for the infringement claims against Siemens AG. Siemens AG's attempt to use a 12(b)(6) motion to eliminate one of these grounds – its use of VMware's U.S. server to obtain infringing copies of VMware products – is without merit.

## CONCLUSION

For the reasons set forth above, Siemens AG's Motion to dismiss the claims against it based on Rule 12(b)(2) and to dismiss one aspect of the claim against it based on Rule 12(b)(6) should be denied.

Dated: June 24, 2025          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                        */s/ Paul J. Loughman*_____
                                        Paul J. Loughman (No. 5508)
                                        Robert M. Vrana (No. 5666)
                                        Colin A. Keith (No. 7074)
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        ploughman@ycst.com
                                        rvrana@ycst.com
                                        ckeith@ycst.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP

David H. Herrington
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
dherrington@cgsh.com

Angela L. Dunning
Ye Eun Charlotte Chun
1841 Page Mill Road, Suite 250
Palo Alto, California 94304
Telephone: (650) 815-4100
adunning@cgsh.com
chchun@cgsh.com

*Attorneys for Plaintiff VMware LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused the foregoing to be electronically filed with

the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered

participants.

I further certify that I caused copies of the foregoing document to be served on June 24,

2025, upon the following in the manner indicated:

Karen Jacobs (#2881)                          *VIA ELECTRONIC MAIL*
Cameron P. Clark (#6647)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Gregg F. LoCascio, P.C.                        *VIA ELECTRONIC MAIL*
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

James John Lomeo                              *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
401 Congress Avenue
Suite 2500
Austin, TX 78701

*/s/ Paul J. Loughman*
Paul J. Loughman