**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| VMWARE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-00353-RGA |

**PLAINTIFF VMWARE LLC'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS***

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ........................................................................................................... 1

SUMMARY OF ARGUMENT .................................................................................... 3

SUMMARY OF RELEVANT FACTS ......................................................................... 4

LEGAL STANDARD .................................................................................................. 6

ARGUMENT ............................................................................................................... 6

I.    The MSLA's Forum Selection Provisions Do Not Dictate That The Copyright Claims Asserted Here Be Brought In Munich .................................................................. 7

   A.   The Copyright Claims Here Do Not "Arise Out Of" The MSLA And Therefore Are Not Encompassed By Section 9.17 Of The MSLA ...................................... 7

   B.   Section 9.18 Of The MSLA Expressly Permits Intellectual Property Actions To Be Brought In The Courts Of Any Country With Jurisdiction .......................... 10

II.   Even Apart From Their Threshold Failure, Defendants Cannot Satisfy The Key Requirements For A *Forum Non Conveniens* Dismissal .................................... 11

   A.   German Courts Cannot Adjudicate A U.S. Copyright Claim ....................... 11

   B.   Six Of The Seven Defendants Are Not Amenable To Process In Germany ................. 14

   C.   Public Interest And Private Factors Further Weigh Against Dismissal Under The Doctrine Of *Forum Non Conveniens* .......................................... 16

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Associação Brasileira de Medicina de Grupo v. Stryker Corp.*,
    891 F.3d 615 (6th Cir. 2018) ............................................................................15

*Dent v. AMResorts, L.P.*,
    764 F. Supp. 3d 272 (E.D. Pa. 2025) ................................................................15

*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*,
    No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000) .........................13

*DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*,
    65 F.4th 547 (10th Cir. 2023) ...........................................................................15

*dmarcian, Inc. v. dmarcian Europe BV*,
    60 F.4th 119 (4th Cir. 2023) .............................................................................12

*Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide*,
    545 F.3d 357 (6th Cir. 2008) ........................................................................ 15-16

*Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*,
    816 F.3d 1366 (Fed. Cir. 2016)..........................................................................12

*Heriot v. Byrne*,
    Civil Action No. 08 C 2272, 2008 WL 4874297 (N.D. Ill. July 21, 2008) ............13

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
    909 F.3d 48 (3d Cir. 2018)................................................................................. 8-9

*John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*,
    119 F.3d 1070 (3d Cir. 1997).............................................................................9

*José Armando Bermudez & Co. v. Bermudez Int'l*,
    No. 99-cv-9346, 2000 WL 1225792 (S.D.N.Y. Aug. 29, 2000)............................12

*Lacey v. Cessna Aircraft Co.*,
    862 F.2d 38 (3d Cir. 1988).................................................................................6

*Lacey v. Cessna Aircraft Co.*,
    932 F.2d 170 (3d Cir. 1991)...............................................................................6

*Motown Record Co., L.P. v. iMesh.Com, Inc.*,
    No. 03-cv-7339, 2004 WL 503720 (S.D.N.Y. Mar. 12, 2004)................................................12

*Phillips v. Audio Active Ltd.*,
    494 F.3d 378 (2d Cir. 2007).................................................................................................. 9-10

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)....................................................................................................................6

*Ryanair DAC v. Booking Holdings Inc.*,
    No. 20-cv-1191, 2021 WL 7209367 (D. Del. Dec. 27, 2021) ...................................................6

*Wabote v. Ude*,
    No. 21-cv-2214, 2021 WL 4901809 (E.D. Pa. Oct. 21, 2021) ................................................15

**Other Authorities**

14 Wright & Miller's Federal Practice & Procedure § 3828.3 (4th ed. 2025) .................11

Plaintiff VMware LLC respectfully submits this opposition to the Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* (the "Motion") of Defendants Siemens Corporation, Siemens Industry Software, Inc., Siemens Medical Solutions USA Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility Inc., and PETNET Solutions Inc., (collectively referred to here as the "U.S. Defendants") and Siemens AG (together with the U.S. Defendants, the "Defendants"). *See* Defs.' Mot. to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* ("Motion"), D.I. 22 *and* Defs.' Opening Br. in Supp. of Their Mot. to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* ("Br."), D.I. 23.

## INTRODUCTION

This is an action by VMware LLC, a United States company, asserting infringement of its U.S. copyrights under U.S. copyright law and seeking an injunction and damages on that basis against six U.S. defendants, plus Siemens AG based on its activities directed to the United States. Complaint ("Compl."), D.I. 1. The Defendants do not dispute that the complaint states valid claims for copyright infringement under U.S. law against the Siemens U.S. Defendants; and, apart from one aspect of the claims, they do not dispute that it does so against Siemens AG. Yet, through the vehicle of a *forum non conveniens* motion, Defendants seek to *extinguish* the U.S. copyright claims entirely and to extinguish all claims against the U.S. Defendants – and limit VMware to nothing but a contract claim against Siemens AG in Germany. They cannot succeed.

The threshold problem with Defendants' Motion is that it is premised on a provision in a license between VMware and Siemens AG, Section 9.17 of the Master Software License Agreement ("MSLA"), that calls for claims arising out of the parties' *contract* to be brought in the courts of Munich. The claims here do not fall within Section 9.17 in the first place: they are copyright infringement claims that do not depend upon or arise out of the MSLA. But even if that

question were debatable, actions to enforce intellectual property rights are expressly carved out by the next provision in the agreement, Section 9.18 – which Defendants ignore and fail to disclose to the Court. Section 9.18 provides:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

MSLA § 9.18, D.I. 25, Ex. 1. This provision makes sense, because intellectual property actions ordinarily must be brought in the country whose laws protect the intellectual property – so, for example, a claim enforcing U.S. copyrights must be brought in the United States. Section 9.18 negates the linchpin on which Defendants' Motion depends: that the MSLA purportedly requires VMware's claims to be brought in the courts of Munich. Because the MSLA expressly provides just the opposite, Defendants' Motion fails at the threshold.

Even apart from this dispositive defect, Defendants cannot satisfy the two key requirements for dismissal based on *forum non conveniens* that would apply even if the forum selection clause did point to Germany: that (a) a German court is an adequate forum for the U.S. copyright claims; and (b) the Defendants are subject to jurisdiction in a German court. Defendants do not even try to contend that a German court can adjudicate a U.S. copyright claim or that it would have jurisdiction over the six U.S. Defendants. Instead, they assert that a German court can hear a *contract* claim and that VMware should be limited to such a contract claim against Siemens AG alone – extinguishing the copyright claims against Siemen AG and all claims against the other six Defendants. Br. at 15-16. This ploy is defeated by the fact that the *forum non conveniens* doctrine provides only a basis to transfer claims to a more appropriate forum, not a tool to extinguish claims and excuse defendants.

## SUMMARY OF ARGUMENT

The action here is a claim by a U.S. plaintiff for infringement of its U.S. copyrights against six U.S. Defendants concerning their activities in the United States and Siemens AG concerning its activities in and directed to this country. Defendants' Motion to Dismiss these claims based on *forum non conveniens* fails for two independently sufficient reasons:

*First*, the Motion is founded on and depends upon a premise – that the MSLA requires the asserted claims to be brought in the courts of Munich – that is untrue:

- The copyright infringement claims here are not a dispute "arising out of the Agreement," and so do not fall within the scope of Section 9.17 of the MSLA.

- Even if the copyright claims could be said to arise out of the MSLA (they do not), they are expressly carved out by Section 9.18's provision permitting intellectual property claims to be brought "in the courts of any country, state or other territory which accepts jurisdiction."

- Thus, the MSLA expressly permits VMware to bring its U.S. copyright claims in the United States.

*Second*, in addition to the foregoing fatal defect, Defendants cannot satisfy the two key requirements that must be met, even for claims subject to a forum selection clause, to obtain dismissal based on *forum non conveniens*: that (a) a German court is an adequate forum for the U.S. copyright claims; and (b) the defendants are amenable to process – that is, subject to jurisdiction – in a German court.

- As to (a), Defendants do not even try to show that a German court is an adequate forum for a U.S. copyright claim.

- And as to (b), Defendants do not assert that the six U.S. Defendants are subject to

the jurisdiction of a German court.  Instead, they maintain that VMware's claims against these six defendants should be extinguished.  Br. at 15-16.

Because the Defendants cannot satisfy these two key requirements for dismissal based on *foreign non conveniens*, the other factors need not be considered; but they too – including the public interest in enabling a U.S. court to address a U.S. copyright claim by a U.S. plaintiff against parties based in and directing activities to the United States – further support denial of the Motion.

## SUMMARY OF RELEVANT FACTS

VMware is a leading manufacturer and distributer of virtualization software for data center infrastructure and cloud computing, offering software that allows customers to create virtual machines from physical hardware, which run in parallel and independently of each other.  *See* Compl. ¶ 27.  This action addresses Defendants' infringement of VMware's U.S. copyrights through multiple actions, including downloading, copying, distributing, and using VMware's software products.  *See id.* ¶¶ 1-5.  It is indisputable that Defendants never acquired a license for these products – and accordingly, their downloading, copying, distributing, and using the products infringes VMware's copyrights.

The MSLA between VMware and Siemens AG, provides that a license to a product is granted only if and when a license is actually purchased:  it states that any license grant is limited to "us[ing] the Software products, in accordance with the License Type, that Customer purchases according to the Purchase Order."  *Id.* ¶¶ 39-40.  Reinforcing this point, the MSLA provides that Siemens AG receives licenses only for "the number of copies of [each] Software product for which Customer has paid VMware the applicable license fee."  *Id.* ¶¶ 41-42.

The fact that Defendants had downloaded, copied, distributed, and used multiple VMware products for which they had never purchased a license was revealed on September 9, 2024, when

4

Siemens AG sent VMware a letter with a list of products ("the September 9 List"). *Id.* ¶ 60. Siemens AG represented that the September 9 List set forth the VMware products that it and its affiliates were using; and it demanded that VMware accept the list and agree to provide maintenance and support services ("Support Services") for the listed products. *Id.* ¶ 2. Siemens AG had strong incentives to ensure the September 9 List was correct and not overstated: to list a product not covered by a valid license would expose it to an infringement claim; and, even apart from the infringement exposure, the amount Siemens AG would have to pay for Support Services was a significant incentive. *Id.*

Upon review of the September 9 List, VMware determined that it included a large number of products for which Siemens AG had not purchased a license. It promptly notified Siemens AG of this concern. But even then, Siemens AG insisted that the September 9 List was correct and demanded that VMware accept it. In fact, Siemens AG repeatedly threatened VMware with legal action if it did not accept the September 9 List and agree to provide Support Services for the listed products. *Id.* ¶ 3.

Weeks later, after evidently recognizing that its September 9 List established its infringement of VMware's rights, Siemens AG attempted to retract the original list and offer a new one that was closer in line with VMware's records of Siemens AG's licenses. But Siemens AG never provided a credible explanation of why it would have presented and insisted on the accuracy of the September 9 List, if it did not represent its actual deployment of VMware products. Further, Siemens AG resisted VMware's efforts to independently verify the number of products that Siemens AG and its affiliates were using, through an audit or by running a script on its systems – something that other customers do without objection. *Id.* ¶ 4.

To this day, Siemens AG has refused to rectify the situation by acknowledging its

unlicensed and infringing use of VMware's copyrighted products and attempting to resolve the matter. VMware gave Siemens AG multiple opportunities to purchase a license for the unlicensed products on its September 9 List, but it refused – with the result that these products indisputably infringe VMware's copyrights. VMware therefore has no choice but to bring this action to address the problem Siemens AG has admitted to creating. *Id.* ¶ 5.[1]

## LEGAL STANDARD

"[T]he defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991) (citations omitted). The Court first considers whether "an adequate alternat[ive] forum can entertain the case." *Ryanair DAC v. Booking Holdings Inc.*, No. 20-cv-1191, 2021 WL 7209367, at *3 (D. Del. Dec. 27, 2021) (citing *Trotter v. 7R Holdings LLC*, 873 F.3d 435, 442 (3d Cir. 2017)). The Court must take account of the plaintiff's choice of forum, recognizing that "a plaintiff's choice of forum should rarely be disturbed." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Finally, the Court considers whether the defendant has demonstrated that "the private and public interest factors weigh heavily on the side of dismissal." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 44 (3d Cir. 1988). Defendants do not even try to address and satisfy these factors in full but instead rely entirely on their mistaken assertion that the MSLA's forum selection provisions purportedly require this suit to be brought in Germany.

## ARGUMENT

Defendants' *forum non conveniens* Motion depends on the premise that this is a dispute "arising out of a contract with a forum selection clause" that has been "brought in a forum other than

---

[1]    Defendants suggest that VMware's registration of the relevant copyrights before commencing this action somehow supports their arguments; but registration is of course a prerequisite to bringing suit.

the one specified in the clause." Br. at 7-8. Defendants do not try to demonstrate that this suit would otherwise be subject to dismissal in favor of a court in Germany; nor could they. But their premise is not true: the suit here does not fall within the scope of the provision they cite; and, even if it did, the provision that follows expressly provides that intellectual property claims can be brought in any appropriate court of any country.

As Defendants acknowledge, even when claims are subject to a forum selection clause that mandates another forum, a *forum non conveniens* dismissal motion cannot succeed unless the other forum is "an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable." Br. at 14-15 (quoting *Collins on behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017)). These requirements are not met: a German court is not an adequate forum in which a U.S. copyright claim is cognizable, and six of the seven Defendants are not amenable to process there. Further, the "public interest" factor – that must be considered even if a forum selection clause points to another forum – likewise weighs against dismissal of these U.S. copyright claims in favor of a German court in which the claims cannot be brought.

## I.     The MSLA's Forum Selection Provisions Do Not Dictate That The Copyright Claims Asserted Here Be Brought In Munich

Defendants' argument that VMware's copyright infringement claims fall within the scope of Section 9.17 of the MSLA – on the theory that they are a dispute "arising out of the Agreement" – is wrong. But even if that were debatable, Section 9.18 expressly carves out these intellectual property claims and permits them to be brought in this Court.

### A.     The Copyright Claims Here Do Not "Arise Out Of" The MSLA And Therefore Are Not Encompassed By Section 9.17 Of The MSLA

As the Third Circuit has made clear, the fact that there is a license between two parties does not mean a copyright infringement claim depends on or implicates the license so as to be subject to

a contractual forum selection clause. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 66-67 (3d Cir. 2018). Stating a copyright claim requires only two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* at 67 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Even when there is a license between a plaintiff and defendant, stating a copyright infringement claim does not require allegations that the defendant's acts were unauthorized under the license; accordingly, "the license is not part of the [plaintiff's] *prima facie* case." *Id.* at 67. Hence, a copyright owner's infringement claim against a licensee is not subject to a forum selection provision in the license, unless the particular language of the provision and the nature of the dispute dictate that result. *Id.*

In *McGraw-Hill*, the court found a copyright claim to be within the scope of a forum selection clause, but only because of the particular elements there: the forum selection provision encompassed disputes "regarding" the license – which the court found broader than "arising out of" the license; and the provision specifically referenced U.S. copyright law (Title 17), which led the court to conclude that "[t]he reference to copyright law suggests that the clause was intended to encompass such disputes." *Id.* at 67-68. Further, the defendants had shown that they had an affirmative defense based on the license. *Id*.

None of these elements is present here. *First*, Section 9.17 of the MSLA does not contain any reference to copyright law. *Second*, Section 9.17's "arising out of" wording is narrower than the "regarding" or "in relation to" wording the Third Circuit has construed as having broad enough scope to encompass copyright claims relating to a license. *Id.* at 68 (contrasting "regarding" with "arising out of" and observing that "regarding," like "in relation to," has a broader meaning than "arising out of" or "arising under"); *see also id.* at 67 (observing that "respecting" "has a broader connotation than 'arising out of'") (quoting *Flanagan v. Prudential-Bache Sec., Inc.*, 67 N.Y.2d

500, 504 (1986) *and John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997)). *Third*, Defendants have not shown that the MSLA gives them an affirmative defense.

The copyright infringement claim here is based on the simple fact that Defendants infringed VMware's copyrights by downloading, copying, distributing, and using a large number of VMware products. *See* Compl. ¶¶ 1-5. Defendants do not contend that they purchased a license for these products and therefore have an affirmative defense to the copyright infringement claim based on the license. Rather, after having provided the September 9 List to VMware, insisting on its accuracy and threatening VMware with suit if it would not accept it, Siemens later recanted and claimed the September 9 List was wrong. But even then, Siemens failed to provide any information or accept any mechanism to verify whether its subsequent attempt to recant the September 9 List was accurate. VMware gave Siemens multiple opportunities to purchase a license to the products at issue; but Siemens never did so.

Hence, Defendants cannot show that the infringement claims arise out of the MSLA or that they have an affirmative defense based on interpreting or applying the MSLA. The elements of VMware's claim as to these products, as the Third Circuit has explained, are the "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *McGraw-Hill*, 909 F.3d at 67. Defendants cannot shoehorn this basic copyright claim into a dispute "arising out of" the MSLA.

This result is consistent with the analysis in *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007), as recognized by the Third Circuit in *McGraw-Hill*. *See McGraw-Hill*, 909 F.3d at 68 (citing *Phillips*). The *Phillips* court addressed a forum selection clause that, like here, used the words "arise out of." 494 F.3d at 382. Consistent with the Third Circuit's holdings in *McGraw-Hill* and *Wyeth*, the *Phillips* court observed: "We do not understand the words 'arise out

of' as encompassing all claims that have some possible relationship with the contract, including claims that may only 'relate to,' be 'associated with,' or 'arise in connection with' the contract." *Id*. at 389 (citing cases). The court thus held that, though the defendants were expected to invoke a recording contract as a defense to a copyright claim, this would not mean the copyright claim arises out of the contract: "Because the recording contract is only relevant as a defense in this suit, we cannot say that [plaintiff's] copyright claims originate from, and therefore 'arise out of,' the contract." *Id*. at 391.

Here, Defendants have an even weaker argument for coverage by the MSLA's forum selection clause, because they have not shown and cannot show that they can invoke the MSLA as a defense to the copyright infringement claims. But even if they could articulate such an affirmative defense, that would not convert the copyright claims here to a dispute "arising out of" the MSLA so as to be encompassed by Section 9.17.

### B.  Section 9.18 Of The MSLA Expressly Permits Intellectual Property Actions To Be Brought In The Courts Of Any Country With Jurisdiction

Even if Defendants could establish that the copyright claims at issue arise out of the MSLA (they cannot), the Motion would still fail in light of Section 9.18 – which Defendants fail to acknowledge or disclose to the Court. Section 9.18 provides:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

MSLA § 9.18.

This suit plainly falls within the scope of Section 9.18. The complaint has been brought to enforce VMware's intellectual property rights – its copyrights – and it seeks an injunction and damages based on those rights. *See* Compl. ¶ 108 and Prayer for Relief item (c) (seeking injunction)

and ¶¶ 99-107 and Prayer for Relief item (a) (seeking damages).  Accordingly, Section 9.18 expressly provides that VMware's U.S. copyright claims can be brought here.

That Defendants failed to acknowledge and disclose Section 9.18 to the Court is difficult to understand.  But whatever their reasons, Section 9.18 defeats their contention that the MSLA's forum selection provision requires VMware's U.S. copyright claims to be brought in the courts of Munich.  Because the Defendants' *forum non conveniens* Motion depends on this contention, Section 9.18 defeats their Motion.

## II.     Even Apart From Their Threshold Failure, Defendants Cannot Satisfy The Key Requirements For A *Forum Non Conveniens* Dismissal

In addition to the fact that their argument fails at the threshold, Defendants cannot satisfy the two key requirements for *forum non conveniens* dismissal that would apply even if the MSLA did call for this suit to be brought in Germany:  that the proposed alternative forum (a) is "adequate" to adjudicate the claims at issue and (b) is "available" – that is, that all of the defendants are amenable to process there.[2]

These two requirements reflect and enforce the principle that a *forum non conveniens* motion cannot serve to extinguish claims but only to move the claims to an alternative forum that is more appropriate and that must be adequate and available to adjudicate the claims among the parties at issue.  Defendants cannot satisfy these requirements – and do not even try.

### A.      German Courts Cannot Adjudicate A U.S. Copyright Claim

A court in Munich is not an adequate forum because it cannot adjudicate a U.S. copyright

---

[2]     "[T]he defendant must show that the proposed alternative forum is both (1) available and (2) adequate.  Although some courts conflate these two issues, availability and adequacy of the proposed alternative forum are better considered as independent issues that warrant separate consideration."  14 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3828.3 (4th ed. 2025).

claim.  Defendants do not even contend that a German court is an adequate forum for VMware's U.S. copyright claims.  Instead, they assert only that "Germany is an adequate alternative forum to hear disputes regarding *an alleged breach of contract*."  Br. at 15 (emphasis added).

But VMware asserts a claim under U.S. law for infringement of its U.S. copyrights based on the activities of the Defendants in, and directed to, the United States.  Courts consistently reject motions to dismiss U.S. copyright claims based on *forum non conveniens*, because a foreign court is not an adequate forum for a U.S. copyright claim.  *See, e.g.*, *Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, 816 F.3d 1366, 1372 (Fed. Cir. 2016) (holding that a non-U.S. court – there, Canada – would not be an adequate forum for a U.S. copyright claim, because there is no basis to conclude that the non-U.S. court would adjudicate a claim under U.S. copyright law); *José Armando Bermudez & Co. v. Bermudez Int'l*, No. 99-cv-9346, 2000 WL 1225792, at *4 (S.D.N.Y. Aug. 29, 2000) (holding that the Dominican Republic would not be an adequate alternative forum because a defendant with an "integral role in the allegedly unlawful distribution . . . in the United States" was not likely subject to jurisdiction in the Dominican Republic and because "the record d[id] not reflect that Dominican law permits the consideration of foreign copyright claims"); *cf. dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119, 137 (4th Cir. 2023) (quotations omitted) ("Without an adequate forum to vindicate U.S. copyright, patent, and trademark rights, the laws protecting such rights would prove feeble.  That is why district courts have routinely found alternative foreign forums inadequate when United States intellectual property rights form the crux of the dispute.").  This is particularly true where, as here, defendants fail to provide any evidence to demonstrate that a foreign court would apply U.S. copyright law or that a foreign court would be able to provide the remedies available in the United States.  *Motown Record Co., L.P. v. iMesh.Com, Inc.*, No. 03-cv-7339, 2004 WL 503720, at *6 (S.D.N.Y. Mar. 12, 2004) (holding that

where defendants failed to provide any evidence on whether the Israeli court could adjudicate U.S. copyright claims, defendants failed to meet burden to show that the Israeli court would be an adequate alternative forum); *Heriot v. Byrne*, Civil Action No. 08 C 2272, 2008 WL 4874297, at *4 (N.D. Ill. July 21, 2008) (holding because "an Australian court may be limited to adjudicating copyright infringement in Australia alone, precluding remedy for infringement alleged to have occurred in the United States," Australia was not an adequate alternative forum).

Defendants cite only one case that they describe as having "dismissed plaintiff's [copyright] claims pursuant to *forum non conveniens*" – a twenty-five-year-old out-of-circuit decision that did not in fact conduct a *forum non conveniens* analysis. Br. at 13 (citing *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99 Civ. 10550, 2000 WL 1277597, at *6 (S.D.N.Y. Sept. 7, 2000)). *Direct Mail* did not address a *forum non conveniens* motion or conduct an analysis under those principles, as it predated the precedents calling for such analysis. Instead, it found the copyright claims to be subject to the forum selection provision (without the benefit of the Circuit Court precedents discussed above) and then it simply dismissed the claims under Rule 12(b) for lack of jurisdiction. 2000 WL 1277597, at *6-7.

*Direct Mail* therefore did not assess whether another court – there, an English court – was an adequate forum for copyright claims in the context of a *forum non conveniens* analysis. And even if it had conducted such an analysis, the circumstances fundamentally differed from those here. There, the complaint "assert[ed] a claim of English copyright infringement that may be fully vindicated in the courts of England." *Id*. at *7. The particular copyright claims asserted would "inevitably require reference to rights and duties defined in the [contract governed by English law]." *Id*. at *6. And the plaintiff was "an English corporation that ha[d] already brought suit [on related claims] in England." *Id*. at *7. *Direct Mail* cannot help the Defendants' Motion, which

13

seeks to extinguish claims by a U.S. plaintiff under U.S. copyright law involving U.S. defendants and infringing activities in and directed to the United States.

The fact that Defendants seek to effectively extinguish VMware's U.S. copyright claims and limit VMware to a contract claim against Siemens AG is not an academic matter. Copyright damages are different from and often greater than contract damages. Under U.S. copyright law, VMware is entitled to recover both actual damages and any profits attributable to Defendants' infringement of VMware's copyrights. Compl. ¶ 99. Because VMware's products provide customers such as Siemens with immense cost-savings and efficiency enhancements, the value of use of the VMware software, and the increased profits achieved from using them, greatly exceed the standard license fees for the products. *Id.* ¶ 100. The choice by Defendants to infringe VMware's copyrights appropriately exposes them to these measures of damages.

In addition to damages, VMware seeks injunctive relief to stop the Defendants from continuing to infringe VMware's copyrights in the United States. This too is a critically important form of relief to which VMware is entitled under U.S. copyright law. Defendants do not even try to contend that a German court would provide this relief.

**B.    Six Of The Seven Defendants Are Not Amenable To Process In Germany**

Defendants cannot establish that the U.S. Defendants are amenable to process – that is, subject to jurisdiction – in Germany. Here, too, Defendants do not even try to satisfy this fundamental requirement. Instead, Defendants assert only that "Siemens AG is amenable to process in Germany." Br. at 15. Defendants effectively concede that the other Siemens U.S. Defendants – six of the seven defendants in this suit – are *not* amenable to process in Germany.

The requirement that parties seeking dismissal be amenable to process in their proposed forum is a fundamental requirement of a *forum non conveniens* motion; and courts consistently

14

reject such motions when movants fail to make that showing. *See, e.g.*, *Associação Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 621 (6th Cir. 2018) (holding that Brazil was not an available alternative forum even where U.S.-based defendant stated in briefing that it *would* be amenable to process in Brazil, because U.S.-based defendant had not submitted appropriate evidence, such as an affidavit, that it would consent to Brazilian jurisdiction, there was "no obvious jurisdictional hook to bring [U.S.-based defendant] into a Brazilian court," and it was unclear whether the U.S.-based defendant "admit[ted] any connections to Brazil"); *Dent v. AMResorts, L.P.*, 764 F. Supp. 3d 272, 280 (E.D. Pa. 2025) (holding that Mexico was not an available alternative forum where defendants failed to even argue that they were amenable to process in Mexico); *Wabote v. Ude*, No. 21-cv-2214, 2021 WL 4901809, at *5 (E.D. Pa. Oct. 21, 2021) (holding that Nigeria was not an available alternative forum where defendant had not consented to jurisdiction in Nigeria).

Courts have emphasized that a foreign forum is available only when "*the entire case and all* parties can come within the jurisdiction of that forum;" accordingly, where some defendants are not amenable to process in the foreign jurisdiction, "*forum non conveniens* is not available as a tool to split or bifurcate cases." *DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547, 553-54 (10th Cir. 2023) (denying motion to dismiss based on doctrine of *forum non conveniens* where U.S.-based defendants had not shown they would be amenable to process in Canada).

The one case Defendants cite as purported support for their argument cannot help them. *Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide* concerned claims brought by persons who had rented a car in South Africa, experienced an accident there, and later asserted a claim that the rental car had defective brakes. 545 F.3d 357, 360 (6th Cir. 2008). The car had been "manufactured, marketed, sold and rented in South Africa." *Id.* at 367. The car had

15

been rented to the plaintiffs by a South African company. *Id*. at 365. Yet the plaintiffs brought suit in Ohio and named several parties, including Thrifty Rent-A-Car Systems, Inc., even though Thrifty did not rent the car to plaintiffs. *Id.* at 365. In affirming the dismissal of Thrifty on *forum non conveniens* grounds, the court emphasized that the "proper entities" to be sued on the claims at issue did not include Thrifty but instead were the South African companies that rented the car to plaintiffs. *Id.*

The holding in *Thomson* cannot possibly support Defendants' attempt to extinguish the claims against the U.S. Defendants here. VMware, a U.S. company, has asserted claims for infringement of its U.S. copyrights under U.S. copyright law against six U.S. Defendants, based on their infringing activities in the United States. As noted, VMware seeks an injunction from this Court to stop the U.S. Defendants' continued infringement in the United States; and it seeks damages under U.S. law for the infringing actions of the U.S. Defendants in and directed to the United States. Defendants do not contend that VMware has failed to state a claim for U.S. copyright infringement against the U.S. Defendants; and the U.S. Defendants plainly are proper entities to be sued on these U.S. copyright claims. Defendants' attempt to extinguish these claims through the vehicle of a *forum non conveniens* motion finds no support in the *Thomson* decision.

In sum, Defendants cannot satisfy the fundamental requirements that must be met even if they had shown that this suit is subject to the MSLA's forum selection clause for contract claims.

### C.    Public Interest And Private Factors Further Weigh Against Dismissal Under The Doctrine Of *Forum Non Conveniens*

The public interest is another *forum non conveniens* factor that must be considered, even if, unlike here, a suit were subject to a forum selection clause that points to a non-U.S. forum. Again, this suit seeks to vindicate rights under United States law with respect to infringing activities that have taken place in and been directed to this country: it is a claim by a U.S. company

under U.S. law for infringement of its U.S. copyrights against six U.S. defendants and one other defendant that has infringed and caused infringement of VMware's copyrights in the United States. The public interest strongly supports having this case heard here in the United States.

As to the other *forum non conveniens* factors – including plaintiff's choice of forum and private factors such as convenience of the parties – Defendants do not even try to make an argument that does not depend on their mistaken claim that the MSLA's forum selection provisions require this suit to be brought in Germany. They state that "[w]here a forum selection clause applies, no deference is to be given to plaintiff's choice of forum and no private interest factors are to be considered (factors 1 and 3)". Br. at 14. And to the extent they discuss these factors at all, Defendants' arguments depend entirely on the premise that the MSLA requires this suit to be brought in Germany. *Id*. at 15-16.

Having failed to make any argument as to these factors that do not depend on their mistaken claim about the MSLA provision, Defendants cannot attempt to do so in their reply. In any event, they cannot possibly argue that these factors support a *forum non conveniens* dismissal – given the heavy deference owed to VMware's choice of forum and the fact that a U.S. court is plainly the most convenient and appropriate forum for this suit – in which a U.S. plaintiff asserts claims under U.S. law based on its U.S. copyrights against defendants of whom six of seven are U.S. companies.

## CONCLUSION

Defendants' motion to dismiss – and effectively extinguish – the U.S. copyright claims asserted here under the doctrine of *forum non conveniens* should be denied.

17

Dated: June 24, 2025          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              */s/ Paul J. Loughman*
                              Paul J. Loughman (No. 5508)
                              Robert M. Vrana (No. 5666)
                              Colin A. Keith (No. 7074)
                              Rodney Square
                              1000 North King Street
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              ploughman@ycst.com
                              rvrana@ycst.com
                              ckeith@ycst.com

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                              David H. Herrington
                              One Liberty Plaza
                              New York, New York 10006
                              Telephone: (212) 225-2000
                              dherrington@cgsh.com

                              Angela L. Dunning
                              Ye Eun Charlotte Chun
                              1841 Page Mill Road, Suite 250
                              Palo Alto, California 94304
                              Telephone: (650) 815-4100
                              adunning@cgsh.com
                              chchun@cgsh.com

                              *Attorneys for Plaintiff VMware LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 24, 2025, upon the following in the manner indicated:

Karen Jacobs (#2881)                        *VIA ELECTRONIC MAIL*
Cameron P. Clark (#6647)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Gregg F. LoCascio, P.C.                      *VIA ELECTRONIC MAIL*
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

James John Lomeo                             *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
401 Congress Avenue
Suite 2500
Austin, TX 78701

                                             */s/ Paul J. Loughman*
                                             Paul J. Loughman