IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC,., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-353 (RGA) |
| | ) |
| SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,., | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue
Suite 2500
Austin, TX 78701
(512) 678-9050

July 1, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.      Siemens AG Has Not Purposefully Availed Itself of the Delaware Forum ................. 2

II.     Siemens AG Is Not Subject to Jurisdiction Under Rule 4(k)(2) ................................. 3

        A.      VMware Has Not Met Its Burden Under Rule 4(k)(2) to Establish Personal Jurisdiction ............................................................................................... 3

        B.      Siemens AG Has Not Purposefully Directed Its Activities at Residents of the United States ............................................................................................. 5

                1.      VMware's Copyright Allegations Do Not Show Siemens AG Purposefully Directed Activities to the United States ................................ 5

                2.      Downloading Software From Outside of the U.S. Does Not Support Personal Jurisdiction ................................................................... 7

                3.      Siemens AG's Relationship with Its Affiliates Does Not Support Personal Jurisdiction ...................................................................................... 8

                4.      The Assertion of Personal Jurisdiction Over Siemens AG Would Not Be Reasonable or Fair .......................................................................... 9

III.    VMware Cannot State a Claim for Extraterritorial Copyright Infringement ........... 9

CONCLUSION ..................................................................................................................... 10

\* all emphasis added unless noted otherwise.

\*\*all capitalized terms have the same meaning as in the Opening Brief.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adtile Techs. Inc. v. Perion Network Ltd.*,
   192 F. Supp. 3d 515 (D. Del. 2016)..................................................................................4

*Andersen v. Stability AI Ltd.*,
   744 F. Supp. 3d 956 (N.D. Cal. 2024) ............................................................................10

*Bench Walk Lighting LLC v. LG Innotek Co.*,
   530 F. Supp. 3d 468 (D. Del. 2021)..................................................................................7

*Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*,
   66 F. Supp. 2d 454 (E.D.N.Y. 1999) ................................................................................7

*Brit. Telecomms. PLC v. IAC/InteractiveCorp*,
   356 F. Supp. 3d 405 (D. Del. 2019)................................................................................10

*Britax Child Safety, Inc. v. Nuna Int'l B.V.*,
   321 F. Supp. 3d 546 (E.D. Pa. 2018) ................................................................................3

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..........................................................................................................9

*Chang v. Virgin Mobile USA, LLC*,
   2009 WL 111570 (N.D. Tex. Jan. 16, 2009) ....................................................................8

*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*,
   2022 WL 1909386 (D. Del. June 3, 2022).....................................................................4, 7

*GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
   782 F. Supp. 763 (W.D.N.Y. 1991) ..................................................................................7

*IMAPizza, LLC v. At Pizza Ltd.*,
   965 F.3d 871 (D.C. Cir. 2020)........................................................................................10

*Mallinckrodt PLC v. Airgas Therapeutics LLC*,
   2024 WL 1251260 (D. Del. Mar. 22, 2024) .................................................................5, 9

*Miller Yacht Sales, Inc. v. Smith*,
   384 F.3d 93 (3d Cir. 2004)................................................................................................7

*Monsanto Co. v. Syngenta Seeds, Inc.*,
   443 F. Supp. 2d 636 (D. Del. 2006).............................................................................3, 4

ii

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
   263 F. Supp. 3d 498 (D. Del. 2017) ................................................................................. 5

*Sierra v. Trafigura Trading LLC*,
   2024 WL 3823018 (D. Del. Aug. 14, 2024) ............................................................ 2, 3, 6, 8

*Skidmore v. Led Zeppelin*,
   106 F. Supp. 3d 581 (E.D. Pa. 2015) ................................................................................. 6

*Telcordia Techs., Inc. v. Alcatel S.A.*,
   2005 WL 1268061 (D. Del. May 27, 2005) .................................................................. 4, 5

*Touchcom, Inc. v. Bereskin & Parr*,
   574 F.3d 1403 (Fed. Cir. 2009) ......................................................................................... 4

## INTRODUCTION

VMware's Opposition confirms that Siemens AG's motion to dismiss for lack of personal jurisdiction should be granted. VMware nowhere disputes the facts stated in the Declaration of Paul Salazar, and alleges no facts—much less sufficient facts to meet its burden of proof—that personal jurisdiction exists over Siemens AG. It tries to win the day by switching its jurisdictional claim from the one based on contacts with Delaware that it pleaded in its Complaint to one based on Federal Rule of Civil Procedure 4(k)(2), but even if those unpled allegations were considered, VMware also fails to meet its burden of proof under that standard. The only ties to the U.S. that VMware identified are actions that Siemens AG allegedly ***took from Germany***. VMware points to no activity that Siemens AG allegedly performed from the U.S., and nowhere alleges facts that could show that Siemens AG—the subject of the motion to dismiss for lack of personal jurisdiction—purposefully availed itself of the U.S. marketplace. Without such allegations, personal jurisdiction against Siemens AG has not been established and finding otherwise would violate constitutional due process requirements.

As for Defendants' motion to dismiss under Rule 12(b)(6), VMware's Opposition confirms that VMware seeks to litigate infringement claims that are legally foreclosed. As explained in Defendants' Opening Brief, VMware's infringement claims suggest that Siemens AG employees, from a location outside the United States, downloaded allegedly copyrighted software from a server located in the United States. This does not constitute copyright infringement under U.S. law. VMware cites no authority to the contrary. Consequently, the Court can dispose of it at the pleadings stage without waiting for summary judgment or trial.

To be clear, Defendants dispute the allegations in VMware's Complaint, including the merits of VMware's copyright infringement allegations. Defendants further dispute that

1

VMware's allegations should be litigated in this Court, as explained in its motion to dismiss pursuant to the doctrine of *forum non conveniens*. This is a license dispute between VMware and Siemens AG that VMware has repackaged as a copyright infringement dispute, presumably to try to improperly avoid the dispute resolution procedure it agreed to years ago. But even if the Court were to deny the motion to dismiss this case in its entirety pursuant to the doctrine of *forum non conveniens*, for the reasons outlined in Siemens' opening brief and below, Siemens AG should be dismissed for lack of personal jurisdiction, and VMware's claims for extraterritorial copyright infringement should be dismissed for failure to state a claim upon which relief can be granted.

## ARGUMENT

### I.     Siemens AG Has Not Purposefully Availed Itself of the Delaware Forum

In its Opening Brief, Siemens AG demonstrated that it is not subject to general or specific jurisdiction in Delaware because it had not purposefully availed itself of the forum and the necessary minimum contacts therefore do not exist. Br. 7–12. Siemens AG's Opening Brief refuted allegations in VMware's Complaint about Siemens AG's alleged facilities in Delaware. Br. 11. VMware's Opposition makes no attempt to counter Siemens AG's arguments on these points. Instead, VMware relies on a theory for jurisdiction seen nowhere in its Complaint: Rule 4(k)(2), which Siemens AG addresses below. VMware's refusal to address Siemens AG's arguments on its lack of ties to Delaware evidences its concession that Siemens AG has not purposefully availed itself of the Delaware forum.[1]

---

[1] In a footnote, VMware asks the Court to permit additional discovery or amendment in the event it is inclined to grant Siemens AG's motion. Opp. 9, n.2. This request should be rejected. VMware opted to proceed with briefing without seeking jurisdictional discovery or amendment. It should not get a second bite at the apple. When a plaintiff fails to establish sufficient contacts between a defendant and the United States with reasonable particularity, as VMware has failed to do here, jurisdictional discovery should be denied. *Sierra v. Trafigura Trading LLC*, 2024 WL 3823018, at *14 (D. Del. Aug. 14, 2024).

## II. Siemens AG Is Not Subject to Jurisdiction Under Rule 4(k)(2)

VMware's argument that personal jurisdiction may be exercised over Siemens AG under Rule 4(k)(2) is equally unconvincing. This argument is supported by no allegations in the Complaint, is contradicted by the Salazar Declaration, and nowhere shows that the constitutional due process requirements are met (they are not). That alone warrants denial.

But even if VMware's unpled allegations were considered, they are unavailing. "Courts have noted that it is a 'rare occurrence[]' when jurisdiction is established pursuant to Rule 4(k)(2)." *Sierra*, 2024 WL 3823018, at *4 n.5. "To establish personal jurisdiction under Rule 4(k)(2), there must be: (1) a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law." *Id.* at *4. In determining the third prong—whether personal jurisdiction comports with due process, courts "ask[] whether: (1) the defendant purposefully directed its activities at residents of the United States, (2) the claim arises out of or relates to the defendant's activities with the United States, and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* at *5. "Plaintiff[] bear[s] the burden to demonstrate that the first two of these elements have been satisfied." *Id*.

### A. VMware Has Not Met Its Burden Under Rule 4(k)(2) to Establish Personal Jurisdiction

VMware argues that the burden has shifted to Siemens AG on the second prong—that Siemens AG is beyond the jurisdictional reach of any state court of general jurisdiction—because Siemens AG moved to dismiss without identifying another U.S. state. Opp. 5. But courts in the Third Circuit—including the district court cases VMware cites—(*Monsanto* and *Britax*)—hold the opposite. *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 647 (D. Del. 2006); *Britax*

3

*Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 554–55 (E.D. Pa. 2018). In both cases, the court ***declined*** to exercise jurisdiction under Rule 4(k)(2) because the ***plaintiffs*** had not met their burden of showing Rule 4(k)(2) was satisfied. Indeed, in *Monsanto* the court recognized that in the Third Circuit, "Rule 4(k)(2) provides a narrow exception which may subject an alien defendant to a federal court's personal jurisdiction" and "[t]o satisfy this requirement, plaintiffs are required to make an affirmative representation that the defendant is not subject to the general jurisdiction of any state court." *Monsanto*, 443 F. Supp. 2d at 647 ("Monsanto has tried only to shift the burden to Syngenta AG and Participations by arguing that, if the court finds no jurisdiction lies in Delaware, then no jurisdiction lies in any other state and Rule 4(k)(2) applies."); *see also Telcordia Techs., Inc. v. Alcatel S.A.*, 2005 WL 1268061, at *5 (D. Del. May 27, 2005) ("Various district courts of the Third Circuit, however, have addressed the negation requirement and concluded that the plaintiff bears the burden of demonstrating that the defendant is not subject to jurisdiction in any state."); *Adtile Techs. Inc. v. Perion Network Ltd.*, 192 F. Supp. 3d 515, 524 (D. Del. 2016) ("[Plaintiff] claims that the burden shifts to [Defendant], but does not demonstrate in the first instance that [Defendant] is not subject to suit in any other state.").

Given VMware's failure to meet its burden to show jurisdiction lies in no other state, it has failed to make out a *prima facie* case for jurisdiction under Rule 4(k)(2). Its argument thus can be rejected outright, as dictated by the law applied in the Third Circuit as explained in the cases VMware cites in its Opposition.[2]

---

[2] VMware also cites this Court's decision in *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 1909386, at *2 (D. Del. June 3, 2022). Opp. 4-5. But in that case, the Court applied Federal Circuit law in a patent case, which is inapplicable in this case. *Conformis*, 2022 WL 1909386, at *2 n.4; *see also Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1413 (Fed. Cir. 2009) ("[T]he various circuit courts have developed different methods for determining whether this requirement of Rule 4(k)(2) is met."). District courts in the Third Circuit have

4

### B. Siemens AG Has Not Purposefully Directed Its Activities at Residents of the United States[3]

VMware also has provided no evidence that Siemens AG *purposefully directed* its activities at residents of the United States, as is required under the third prong to establish jurisdiction under Rule 4(k)(2). *See Mallinckrodt PLC v. Airgas Therapeutics LLC*, 2024 WL 1251260, at *5 (D. Del. Mar. 22, 2024); *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 503–06 (D. Del. 2017). Without such a showing to establish minimum contacts, "personal jurisdiction cannot be predicated on Fed. R. Civ. P. 4(k)(2)." *Nespresso USA, Inc.*, 263 F. Supp. 3d at 506. VMware does not dispute any of the facts regarding Siemens AG in the Salazar Declaration (D.I. 19), nor does VMware articulate a theory for which it contends jurisdiction is satisfied for Siemens AG in the United States. Nor does VMware contest its license with Siemens AG was a worldwide license. Instead, VMware discusses certain allegations in isolation to argue they support jurisdiction. As explained below, none of VMware's allegations, whether taken together or in isolation, support the exercise of jurisdiction over Siemens AG in the United States.

### 1. VMware's Copyright Allegations Do Not Show Siemens AG Purposefully Directed Activities to the United States

VMware argues that "Siemens AG's Motion ignores and avoids the[] facts" regarding direct, contributory, and induced copyright infringement.[4] Opp. 2–3, 6–7. Not so. Siemens AG

---

held that "plaintiff bears the burden of demonstrating that the defendant is not subject to jurisdiction in any state." *Telcordia Techs., Inc.*, 2005 WL 1268061, at *5.

[3] VMware acknowledges the arguments Siemens AG made with respect to the jurisdictional allegations in the Complaint. Opp. 6–7. VMware, however, never addresses Siemens AG's arguments on those points beyond the passing acknowledgement. *Id.* Accordingly, for the same reasons expressed in its Opening Brief, those allegations do not support the exercise of jurisdiction over Siemens AG. Br. 8–12.

[4] Siemens AG and the Affiliate Defendants dispute that there has been any infringement, whether direct, induced, contributory, or otherwise.

5

addressed those allegations, noting that Siemens AG's "conduct related to its affiliates' use of software license keys and software under the MSLA was directed *worldwide*" and therefore was not purposefully directed at Delaware, the United States, or any other country. Br. 8–9 (emphasis in original).[5] VMware does not contest that Siemens AG's activities were directed worldwide, and never addresses this argument or the accompanying authority in its Opposition. Instead, VMware summarily concludes that its allegations of infringement are enough. Opp. 7. For the reasons Siemens AG has articulated, VMware's argument should be rejected. Br. 8–9.

VMware's reliance on the *Calder* effects test should similarly be rejected. Opp. 7–8. The *Calder* test requires satisfying three elements, including whether "the defendant *expressly aimed* his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity." *Sierra*, 2024 WL 3823018, at *13 n.15 (emphasis in original). VMware does not even address any of these factors, nor could it as Siemens AG's conduct was not "*expressly aimed*" at the United States. Br. 8–9. It was worldwide. *Id.*

VMware also argues that "induced infringement" constitutes purposeful availment on its own. Opp. 8–9. But the presence of allegations of "induced infringement" is not the test for purposeful availment. *Sierra*, 2024 WL 3823018, at *5 (reciting the 3-prong test for purposeful availment under Rule 4(k)(2)); *see also Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 584, 588 (E.D. Pa. 2015) (finding no personal jurisdiction over defendants despite indirect copyright infringement allegations because "Plaintiff has failed to plead facts establishing that these

---

[5] Indeed, the preceding paragraph in the Opening Brief cites Paragraph 20 of the Complaint, which VMware notes "summariz[es]" the facts VMware argued that Siemens AG ignored. Br. 8; Opp. 6. "VMware argues that Siemens AG's obligation under the MSLA for any alleged breaches by its affiliates means it has effectively consented to jurisdiction over itself in Delaware. Compl. ¶¶ 19–20 … As explained below, these allegations do not support specific jurisdiction over Siemens AG." Br. 8.

[allegedly infringing acts were] … purposefully directed at the forum"). All of the cases cited by VMware involved defendants who specifically targeted the U.S., and there is no allegation Siemens AG did so here. For instance, in *Conformis*, the Court found that the foreign company and its engineers were interacting with and creating designs for U.S.-based surgeons, and "nobody from [the U.S. entity]" was involved with the designs at issue.[6] 2022 WL 1909386, at *3. VMware also contends that "personal jurisdiction is established … when acts undertaken outside the United States cause effects, such as inducing infringement, within the United States." Opp. 9. But the cases VMware cites do not establish personal jurisdiction in this case. *Blue Ribbon* was a decision regarding the New York long-arm statute, and the court found due process satisfied when it found, among other facts, that both companies "Hagen Canada" and "Hagen USA" had the same President—a man named Rolf Hagen—and his brother purchased and selected products for both companies. *Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 457, 461 (E.D.N.Y. 1999). That is not the case for Siemens AG and the Affiliate Defendants, each of whom have separate officers and directors. Salazar Decl. ¶8. *GB Mktg. USA* was similarly a New York long-arm statute case distinguishable from this case as it dealt with interpreting the meaning of "transacts any business within the state" under that statute. *GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 767 (W.D.N.Y. 1991).

      **2.    Downloading Software From Outside of the U.S. Does Not Support Personal Jurisdiction**

VMware doubles down on its theory that Siemens AG's downloading of VMware software from a U.S.-based server while the Siemens AG employee was in Germany supports jurisdiction.

---

[6] *See also Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 475 (D. Del. 2021) ("actual sales of the accused products were made in Delaware"); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 98 (3d Cir. 2004) ("Appellees were directly engaged in the marketing of boats in New Jersey").

Opp. 9. Siemens AG addressed this in its Opening Brief, citing case law that establishes this is insufficient to vest jurisdiction. Br. 10–11 (citing *Chang v. Virgin Mobile USA, LLC*, 2009 WL 111570, at *3–4 (N.D. Tex. Jan. 16, 2009) ("[E]ven if plaintiffs had made a prima facie showing that [defendant] made contact with a … server located in Texas, such contact would be insufficient to establish minimum contacts")). VMware does not address Siemens AG's arguments or case law, and thus Siemens AG's cited authority stands unrebutted. This allegation is insufficient to confer jurisdiction.

### 3. Siemens AG's Relationship with Its Affiliates Does Not Support Personal Jurisdiction

VMware repeatedly argues that Siemens AG "control[s]" certain activities of the Affiliate Defendants. Opp. 1, 3, 5, 6, 10. It is unclear if VMware is referring to an agency or alter ego theory, or if it is referring to the terms of the MSLA. If the former, VMware cites no authority on jurisdiction conferred by an agency or alter ego relationship and makes no attempt to argue those requirements are satisfied.[7] Further, VMware does not contest Mr. Salazar's declaration, which disproves any agency or alter ego theory. Salazar Decl. ¶¶ 7–9. If the latter, VMware makes no explanation as to how it believes the terms of the MSLA are relevant to the jurisdictional analysis—particularly given its attempt to circumvent the forum selection clause in that agreement. Moreover, VMware does not address Siemens AG's argument and authority on this point showing that Siemens AG's activity entirely outside the U.S. is insufficient to establish personal jurisdiction. Br. 10, n.7. Accordingly, VMware's arguments do not support its position.

---

[7] A finding of personal jurisdiction under an agency theory may only be found "where the subsidiary acts on the parent's behalf or at the parent's direction" and personal jurisdiction under an alter ego theory may only be found in "exceptional circumstances" where "the subsidiary has no separate mind, will or existence of its own." *Sierra*, 2024 WL 3823018, at *10.

8

VMware also points to its vague allegations that Siemens AG receives "financial benefits" from the actions of the Affiliate Defendants as support for jurisdiction. Opp. 6. VMware does not identify these financial benefits, explain how this would be relevant to the jurisdictional analysis, or address Siemens AG's argument and authority on this point. Br. 10, n.7. Accordingly, these arguments should be given no weight in the jurisdictional analysis.

### 4. The Assertion of Personal Jurisdiction Over Siemens AG Would Not Be Reasonable or Fair

Despite acknowledging that a reasonableness analysis is required under Rule 4(k)(2), VMware fails to address that prong. Opp. 5. "The reasonableness analysis for Rule 4(k)(2) considers the five *Burger King* factors: '(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.'" *Mallinckrodt PLC*, 2024 WL 1251260, at *4; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). These factors favor Siemens AG, particularly given the burdens associated with forcing Siemens AG to litigate in a foreign forum in light of the German forum selection clause under the MSLA. Br. 7–12; Ex. 1 (MSLA) at § 9.17.

## III. VMware Cannot State a Claim for Extraterritorial Copyright Infringement

Defendants' 12(b)(6) motion is simple: VMware cannot state a claim for copyright infringement for Defendants' actions that occurred outside the U.S., and thus any such claims should be dismissed. VMware does not dispute that infringement in the U.S. must be proven before relief can be granted. Br. 12–13; Opp. 10–11. VMware is pursuing claims against Defendants for downloads of VMware software that occurred from outside the U.S. Opp. 10–11. As explained in Defendants' Opening Brief, VMware cannot state a claim for such conduct. Br.

9

12-13. VMware presents no authority to the contrary, and it simply attempts to distinguish the cases Defendants cited by arguing they were not 12(b)(6) motions. That misses the point, which is that dismissal is appropriate for claims VMware cannot maintain because the alleged infringement is not a claim for which this Court could grant relief. *IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871, 879 (D.C. Cir. 2020) ("We decline, as have other courts, to extend the Copyright Act beyond its territorial limits"). Defendants' cases make clear that no infringement claim exists for such foreign downloads. Br. 13. VMware attempts to dodge this issue by saying the Court should defer ruling on this until it has "a full factual record at summary judgment or trial." Opp. 10. As support, VMware cites the *Andersen* and *British Telecomms.* cases. *Id.* Those cases, however, simply stand for the unremarkable proposition that the Court need not parse whether specific factual allegations give rise to a plausible infringement theory. *See Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 974 (N.D. Cal. 2024); *Brit. Telecomms. PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 408 (D. Del. 2019). They do not address the situation here: the pleading of a legal impossibility—infringement of U.S. copyright laws for wholly extraterritorial actions by Defendants.

## CONCLUSION

For all the foregoing reasons, VMware's Complaint should be dismissed as to Siemens AG for lack of personal jurisdiction and dismissed as to all claims of alleged copyright infringement committed outside of the United States for failure to state a claim.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Karen Jacobs* |
| OF COUNSEL: | Karen Jacobs (#2881) |
|  | Cameron P. Clark (#6647) |
| Gregg F. LoCascio, P.C. | 1201 North. Market Street |
| Michael A. Pearson, Jr. | P.O. Box 1347 |
| KIRKLAND & ELLIS LLP | Wilmington, DE  19899-1347 |
| 1301 Pennsylvania Avenue, N.W. | (302) 658-9200 |
| Washington, D.C.  20004 | kjacobs@morrisnichols.com |
| (202) 389-5000 | cclark@morrisnichols.com |
|  |  |
| James John Lomeo | *Attorneys for Defendants Siemens AG, Siemens* |
| KIRKLAND & ELLIS LLP | *Corporation, Siemens Industry Software Inc.,* |
| 401 Congress Avenue | *Siemens Medical Solutions USA, Inc., Siemens* |
| Suite 2500 | *Healthcare Diagnostics Inc., Siemens Mobility,* |
| Austin, TX  78701 | *Inc., and PETNET Solutions, Inc* |
| (512) 678-9050 |  |

July 1, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 1, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Paul J. Loughman, Esquire<br>Robert M. Vrana, Esquire<br>Colin A. Keith, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David H. Herrington, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Angela L. Dunning, Esquire<br>Ye Eun Charlotte Chun, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304<br>(650) 815-4100<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)