IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC,., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 25-353 (RGA) |
| ) | |
| SIEMENS AG, SIEMENS CORPORATION, ) | |
| SIEMENS INDUSTRY SOFTWARE, INC., ) | |
| SIEMENS MEDICAL SOLUTIONS USA, ) | |
| INC., SIEMENS HEALTHCARE ) | |
| DIAGNOSTICS, INC., SIEMENS ) | |
| MOBILITY, INC., and PETNET ) | |
| SOLUTIONS, INC.,., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*__**

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue
Suite 2500
Austin, TX 78701
(512) 678-9050

July 1, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens
Corporation, Siemens Industry Software Inc.,
Siemens Medical Solutions USA, Inc., Siemens
Healthcare Diagnostics Inc., Siemens Mobility,
Inc., and PETNET Solutions, Inc*

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................................ 1

**ARGUMENT** ...................................................................................................................................... 2

**I.    VMware's Claims Fall Under the Forum Selection Clause** .......................................... 2

      A.    The Dispute Arises Under the MSLA ...................................................................... 2

      B.    Section 9.18 of the MSLA Does Not Support VMware ......................................... 5

**II.   The *Forum Non Conveniens* Factors Are Met** .................................................................. 7

      A.    Factor 2:  The Availability of an Adequate Alternative Forum ............................. 7

      B.    Factors 3 and 4: Private Interest and Public Interest Factors ................................. 9

**CONCLUSION** ................................................................................................................................ 10

\*All emphasis added unless otherwise noted.

\*\*All capitalized terms have the same meaning as set forth in Defendants' Opening Brief.

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Collins on behalf of herself v. Mary Kay, Inc.*,
  874 F.3d 176 (3d Cir. 2017)...................................................................................................7

*Direct Mail Prod. Servs., Ltd. v. MBNA Corp.*,
  2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000)..........................................................................4

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006)................................................................................................................6

*Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*,
  816 F.3d 1366 (Fed. Cir. 2016)...............................................................................................8

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
  119 F.3d 1070 (3d Cir. 1997)..............................................................................................3, 4

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
  909 F.3d 48 (3d Cir. 2018).............................................................................................3, 4, 5

*Path to Riches, LLC v. CardioLync, Inc.*,
  290 F. Supp. 3d 280 (D. Del. 2018)...............................................................................8, 9, 10

*Phillips v. Audio Active Ltd.*,
  494 F.3d 378 (2d Cir. 2007)................................................................................................4, 5

*Piper Aircraft v. Reyno*,
  454 U.S. 235 (1981).................................................................................................2, 7, 8, 10

*Estate of Thomson v. Toyota Motor Co.*,
  545 F.3d 357 (6th Cir. 2008) .................................................................................................9

*Wit Software v. Talkdesk, Inc.*,
  2023 WL 3454193 (D. Del. May 15, 2023)............................................................................8

## **INTRODUCTION**

In its Opposition, VMware repeatedly tries to portray this dispute as a U.S. case brought by a U.S. company against U.S. defendants involving U.S. copyrights. But even a cursory review of the record demonstrates the fallacy of VMware's position. VMware (along with VMware's Irish affiliate) contracted with a German company, Siemens AG, to license certain VMware software under a global software license agreement. The license agreement provided that disputes arising out of the agreement would be resolved in Germany under German law. Siemens AG agreed to be responsible for all of its worldwide affiliates' use of the software under the license agreement. The parties treated this as a German dispute for months. However, once VMware realized the parties were on the brink of litigation, it rushed to register copyrights in the United States. It then raced to this courthouse to sue Siemens AG and the Affiliate Defendants on a cause of action it could not have filed when the parties' dispute began months earlier. VMware did all of this to try to avoid living up to its agreement to litigate any disputes arising out of its license agreement in Munich, Germany. It should not be permitted to do so under governing law.

*First*, VMware's claims fall under the forum selection clause in the MSLA—Section 9.17. VMware does not dispute the existence of and enforceability of that clause. Instead, VMware takes the incredible position that this dispute does not arise out of the parties' software license for the same software. But VMware's own Complaint proves that this dispute arises out of the MSLA and therefore falls under the forum selection clause. Further, there is no "intellectual property carveout" as VMware contends. Section 9.18 of the MSLA provides a narrow exception to seek injunctions, not a free pass to avoid resolving disputes pursuant to the forum selection clause in § 9.17. VMware has not moved for an injunction or pled irreparable harm from the alleged infringement, much less pled facts supporting such a claim. Nor could it do so.

1

***Second***, the *forum non conveniens* factors favor dismissal. VMware only seriously contests the adequacy factor (Factor 2). But VMware's argument that Defendants seek to "extinguish" its copyright claims was expressly rejected by the Supreme Court in *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981)—a plaintiff cannot defeat a *forum non conveniens* motion merely because it cannot obtain the exact same relief in the other forum it could where the case was originally filed. Importantly, VMware ***can*** seek relief for all alleged over-deployment that occurred in the U.S.—as well as any alleged over-deployment outside the U.S.—in the courts of Munich, Germany. VMware never disputes this fact. This is sufficient for adequacy under *Piper*. Because the adequacy factor and the remaining *forum non conveniens* factors favor Defendants, the motion to dismiss should be granted.

## ARGUMENT

### I. VMWARE'S CLAIMS FALL UNDER THE FORUM SELECTION CLAUSE

Defendants explained in their Opening Brief (D.I. 23, "Br.") that the MSLA contains a forum selection clause in which the parties agreed to "consent to the exclusive jurisdiction of the courts of Munich for resolution of any disputes arising out of this Agreement." Br. 5–6 (citing Ex. 1 (MSLA) § 9.17). VMware does not dispute the existence or enforceability of that MSLA provision. Thus, the only question is whether this dispute arises under the MSLA. It clearly does, as shown by VMware's Complaint. Nevertheless, VMware incorrectly argues that: (a) the "claim by a U.S. plaintiff for infringement of its U.S. copyrights" cannot arise out of the parties' software license agreement for the same software; and (b) § 9.18 of the MSLA "carved out" intellectual property claims from the forum selection clause. Opp. 3, 6–11. Neither is correct.

#### A. The Dispute Arises Under the MSLA

As explained in Defendants' Opening Brief, VMware's claims arise under the MSLA because they are a payment dispute for alleged over-deployment of software (Br. 11–14), a fact

2

which appears undisputed.[1]  Tellingly, VMware does not address Defendants' arguments on this point, which rely solely on VMware's allegations in the Complaint and are consistent with VMware's pre-suit correspondence which refers to alleged "unauthorized overage" of software usage by Siemens AG as "breaches of contract."  Br. 7 (VMware "explicitly reserve[d] the right to seek compensation" for alleged "unauthorized overage of its software" for this alleged breach of the parties' license and "***any other breaches*** of contract that may come to light.") (emphasis in original) (citing Ex. 4 (Oct. 8, 2024 Ltr.) at 2).

Instead, VMware argues that this is a copyright case because those are the claims it chose to plead.  Opp. 1.  But the Third Circuit has expressly rejected that argument in *McGraw-Hill* where it held that a forum selection clause ***in a copyright case*** should be ***enforced***.  *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 68 (3d Cir. 2018) ("Given the unique nature of copyright claims, we recognize that we should not permit a party to avoid a forum selection clause simply by pleading non-contract claims.").  Even VMware's attempt to distinguish that case (Opp. 8-9) acknowledges that the mere fact there is a "claim by a U.S. plaintiff for infringement of its U.S. copyrights," (Opp. 3), is not enough to avoid the forum selection clause under the MSLA.

The Third Circuit has made clear the relevant question is this: Does the text of the forum selection clause cover the dispute at hand?  *McGraw-Hill*, 909 F.3d at 68; *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) ("Therefore, whether or not a forum selection clause applies depends on what the *specific clause at issue* says.") (emphasis in original); *see also* Br. 11 (citing additional authority).  Review of the MSLA and applicable Third Circuit

---

[1]  Defendants unconditionally dispute VMware's allegations that any of the Defendants acted wrongfully, under the MSLA or otherwise.  Defendants recognize, however, that they will have an opportunity to rebut VMware's contentions if this case proceeds and such arguments are more appropriately raised at that time.

precedent makes clear the answer to that question is yes.  The Third Circuit **enforced** the forum selection clauses in *McGraw-Hill*[2] and *Wyeth*[3] which were less closely tied to the disputes in those cases than the MSLA is to this case.  Thus, *McGraw-Hill* and *Wyeth* support the applicability of the forum selection clause here.  Likewise, in *Direct Mail* a narrower English forum selection clause[4] was enforced even though the plaintiff pled claims of U.S. copyright infringement.[5]  2000 WL 1277597, at *1.  VMware cites **no authority** finding the same or similar forum selection provision does not apply to U.S. copyright claims.

VMware's citation to the *Phillips* case from the Second Circuit does not support it, as the Third Circuit expressly distinguished that case in *McGraw-Hill*.  In *McGraw-Hill*, the Third Circuit held that the word "proceedings" in *Phillips*[6] was narrower than the word "disputes" at issue in *McGraw-Hill*.  *McGraw-Hill*, 909 F.3d at 67 ("Unlike the Second Circuit, we hold that the word "disputes" allows the contract to be implicated by way of an affirmative defense.") (citing *Phillips*,

---

[2] "Any dispute regarding this Agreement shall be…" *McGraw-Hill*, 909 F.3d at 67.

[3] "English Courts shall have exclusive jurisdiction in relation to any dispute arising under or out of or in relation to this Agreement." *Wyeth*, 119 F.3d at 1072.

[4] "THIS Agreement shall be governed by and construed in accordance with English law and the parties hereto agree that the English courts shall have exclusive jurisdiction." *Direct Mail Prod. Servs., Ltd. v. MBNA Corp.*, 2000 WL 1277597, at *1 (S.D.N.Y. Sept. 7, 2000).

[5] VMware criticizes Defendants' citation of *Direct Mail* because the opinion did not use the words "*forum non conveniens*," is out of circuit, and is 25 years old.  Opp. 13–14.  But determining whether the claim falls under the forum selection clause is a necessary step of the *forum non conveniens* analysis in this case.  Br. 8–9.  The court in *Direct Mail* undertook that analysis and relied on Third Circuit precedent, *Wyeth*, to enforce the forum selection clause for U.S. copyright claims.  2000 WL 1277597, at *6–7.

[6] The forum selection clause in that case read: "the validity, construction, and effect of this agreement and any or all modifications hereof shall be governed by English Law and any legal proceedings that may arise out of it are to be brought in England." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 382 (2d Cir. 2007) (alternations omitted).

4

494 F.3d at 391). Like the clause in *McGraw-Hill*, the forum selection clause in § 9.17 of the MSLA applies to "***disputes*** arising out of this Agreement," a term the Third Circuit has found is broader than either "claims" or "legal proceedings that may arise out of" the agreement.[7] *McGraw-Hill*, 909 F.3d at 67; *Phillips*, 494 F.3d at 382. This binding precedent shows that VMware's argument based on the *Phillips* case is incorrect.

### B.  Section 9.18 of the MSLA Does Not Support VMware

Next, VMware argues that § 9.18 excludes the claims in this case from the forum selection clause. Not so. That section is not applicable to this dispute, which by the facts alleged in VMware's Complaint is clearly one arising out of the MSLA.

VMware first argues that § 9.18 of the MSLA "carves out" "intellectual property claims" to imply that no cause of action to enforce intellectual property rights is subject to the § 9.17 forum selection clause. Opp. 3, 7. That is not correct. Section 9.18 provides a narrow exception to the forum selection clause to "seek injunctions" to protect "intellectual property rights" and/or "rights in confidential information." Ex. 1 (MSLA) § 9.18. It is not an unrestricted "carve out" for all intellectual property claims, and the fact § 9.18 only excepts injunctions from § 9.17 indicates the parties intended § 9.17 to apply to "basic copyright claim[s]" (Opp. 9) such as those here.[8] Interpreting § 9.18 to cover any intellectual property claim as VMware proposes, and not just the

---

[7]  VMware repeatedly references possible affirmative defenses Defendants may advance when or if they answer. Opp. 10. That misses the mark for two reasons. First, *McGraw-Hill* makes clear an affirmative defense is a sufficient reason to dismiss a case for *forum non conveniens* in the Third Circuit where the forum selection clause applies to "disputes." *See, e.g.*, *McGraw-Hill*, 909 F.3d at 67. But second, and at least as importantly for this motion, VMware's ***own*** claims arise out of the MSLA, regardless of any defenses Defendants may raise when or if they answer VMware's Complaint.

[8]  Further, § 9.18 expressly recognizes that the court must "***accept[] jurisdiction***"—a requirement VMware never addresses.

5

remedy of an injunction, makes no sense—that would render § 9.17—a clause that defines how and where disputes arising out of a global *software license* agreement are to be heard—meaningless.

As shown by the Complaint and Defendants' Opening Brief, VMware and Siemens AG treated this as a contract dispute for months. Br. 6-7. For more than five months of that time, VMware could not have filed this suit because it had not registered its copyrights. *Compare* Ex. 4 (Oct. 8, 2024 Ltr.) *with* Ex. 5 (Copyright Registrations). Despite this, VMware now attempts to nullify § 9.17 by arguing it may avoid the forum selection clause so long as it reframes the parties' license dispute as a copyright dispute, even though it had no copyright claim to assert when the dispute began. Given that all of the correspondence cited in the Complaint predate VMware's copyright registration by months, it is clear that this is exactly what VMware asks this Court to do.

VMware then argues that § 9.18 saves its Complaint because VMware used the word "injunction" in its prayer for relief and one conclusory paragraph in the Complaint. Opp. 10–11. But merely invoking the word "injunction" cannot end-run the forum selection clause. Notably, VMware cites no allegation that it has suffered irreparable harm, nor has it filed a motion seeking injunctive relief. VMware also cites no authority that its barebones pleadings lacking any relevant factual allegations suffice. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In short, VMware has: (1) failed to make any factual allegations to support a claim of irreparable harm; (2) pointed to nothing more than its use of the word "injunction" in its Complaint; (3) sued one of its many long-time licensees; and (4) failed to offer any factual allegations to substantiate a claim for an injunction. Given this, VMware has not even alleged a basis to seek an injunction. Any attempt by VMware to allege otherwise would be futile at least because VMware already has licensed these works for many years, demonstrating the adequacy of money damages, and because

VMware acknowledged money damages were a sufficient remedy when it sent a disputed invoice to Siemens.  Ex. 6 (VMware Invoice); Ex. 1 (MSLA) at 7 (dated Nov. 28, 2012).  Thus, VMware's argument that the "suit plainly falls within the scope of Section 9.18" because "it seeks an injunction" is wrong and should be rejected.[9]  Opp. 10.

## II.     THE *FORUM NON CONVENIENS* FACTORS ARE MET

VMware does not address the four *forum non conveniens* factors the Third Circuit uses for this analysis.  Opp. 11; *Collins on behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017).  Instead, VMware addresses adequacy and availability as separate requirements—without any relevant caselaw supporting that approach—and the public and private interests.[10]  These factors favor dismissal.

### A.     Factor 2:  The Availability of an Adequate Alternative Forum

VMware incorrectly argues that German courts are inadequate because there is not a complete overlap of the causes of action and remedies available.  Opp. 11–12, 14.  This argument was rejected by the United States Supreme Court in 1981.  *Piper*, 454 U.S. at 247 ("The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry.").  In *Piper*, the Supreme Court recognized that the adequacy "requirement [is] satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Id.* at 254 n.22.  Further, only in "rare circumstances" is a forum venue inadequate, such as, for

---

[9] VMware accuses Defendants of "fail[ing] to disclose" §9.18 to the Court.  That is wrong. Defendants included the entire MSLA with their brief.  Ex. 1 (MSLA).  VMware did not attach the MSLA to its Complaint, even though it quoted from it multiple times.  Defendants' motion focused upon the applicable provision for this case, not the provision VMware overreads in its Opposition.

[10] These correspond to Factors 2, 3, and 4 under *Collins* and as addressed in Defendants' Opening Brief.  VMware does not address Factor 1 (the amount of deference to be afforded to plaintiffs' choice of forum).

7

example, "where the remedy offered by the other forum is clearly unsatisfactory," or "where the alternative forum does not permit litigation of the subject matter of the dispute." *Id*. Courts in this District have agreed. *Wit Software v. Talkdesk, Inc.*, 2023 WL 3454193, at *5 (D. Del. May 15, 2023); *Path to Riches, LLC v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 287 (D. Del. 2018) ("Here, Plaintiff has presented no evidence, or even argument, that *a legal remedy* would be unavailable to it in Israel.").

*Piper* makes clear that the remedies in the alternative forum need not be the same, and there can be no dispute that the German courts will be able to address VMware's allegations regarding over-deployment of software under the MSLA. VMware's cited cases do not hold otherwise. In *Halo*, the Federal Circuit found Canada to be an inadequate forum to recover for copyright infringement that occurred in the United States because Canadian copyright law did not have extraterritorial application, and thus plaintiff would be left with *no remedies* for infringement that occurred in the U.S. *Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, 816 F.3d 1366, 1371–73 (Fed. Cir. 2016). That is not the case here. VMware will be able to pursue remedies for any alleged over-deployment of its software under the MSLA that occurred in the United States in the German courts. Indeed, VMware previously acknowledged it could "seek compensation" for alleged "unauthorized overage of its software" under the MSLA, and VMware never disputed this in its Opposition. Ex. 4 (Oct. 8, 2024 Ltr.) at 2.[11] Thus, VMware is incorrect that "Defendants seek to effectively extinguish VMware's U.S. copyright claims." Opp. 14. VMware will be able

---

[11]  The remainder of VMware's cases on this point (Opp. 12–13) are inapposite for the same reasons (i.e., those cases dealt with the situation where the alternative forum could not offer a remedy for the alleged U.S infringement), which, again, is not the case here. Further none of VMware's cases on this point, including *Halo*, involved a forum selection clause.

8

to fully redress the alleged concerns giving rise to its U.S. copyright claims (and elsewhere across the globe) under the MSLA in the German courts.

As to service of process, VMware does not address Defendants' main argument on this issue. Opp. 14–16. Under the MSLA—the contract with the applicable forum selection clause—Siemens AG is responsible for the actions of its worldwide affiliates, including the Affiliate Defendants who are not even parties to the MSLA. Br. 16 (citing Ex. 1 (MSLA) § 2.2). Thus, the Affiliate Defendants do not need to be parties to any case in Germany for VMware to recover for any alleged over-deployment by them.[12] In any event, should the Court find that VMware's claims should proceed against the Affiliate Defendants as well as Siemens AG, the Affiliate Defendants can—and will—consent to jurisdiction in Germany, making Germany an adequate forum for VMware's claims against all Defendants in this action. *See Path to Riches*, 290 F. Supp. 3d at 286 ("Defendants have met their burden to show that an adequate alternative forum exists because all of them are or soon will be Israeli residents and, moreover, have consented to personal jurisdiction there."). Thus, Germany is an adequate forum for the dispute.

      **B.**      **Factors 3 and 4: Private Interest and Public Interest Factors**

**Private Interest**: As noted in Defendants' Opening Brief, where there is a forum selection clause, private interest factors are not considered in the *forum non conveniens* analysis aside from those in the forum selection clause. Br. 16. VMware makes no argument with respect to these

---

[12] The cases cited by VMware on this point (Opp. 15) are all distinguishable for this reason (i.e., none involved a situation where the foreign defendant amenable to service was contractually liable for the alleged claims against the U.S.-based defendants). Further, VMware discusses the facts of the *Thomson* case, but never disagrees with the statement of law for which Defendants cited the case. Opp. 15–16. VMware contracted with Siemens AG, a German company, and the parties agreed to litigate disputes arising out of that relationship in Germany. In those circumstances, *Thomson* supports that the alternative forum is adequate. *Estate of Thomson v. Toyota Motor Co.*, 545 F.3d 357, 365 (6th Cir. 2008); Br. 16.

9

factors other than Defendants are "mistaken" about the MSLA provision. Opp. 17. Accordingly, the private interest factors favor Defendants in view of the forum selection clause in the MSLA.

**Public Interest**: VMware argues that the public interest here is strong because it is a "claim by a U.S. company under U.S. law for infringement of its U.S. copyrights against six U.S. defendants and one other defendant." Opp. 16–17. VMware's argument—once again—fails to paint the full picture of the dispute. ***First***, although VMware is a U.S. company, it deliberately contracted with Siemens AG, a German company. Ex. 1 (MSLA) at p.1 (identifying "VMware, Inc." located in Palo Alto, CA as a party to the MSLA). ***Second***, VMware and Siemens AG agreed in the MSLA to the exclusive jurisdiction of the Courts of Munich. Ex. 1 (MSLA) § 9.17. ***Third***, those parties also agreed that the MSLA would be governed by German law. *Id.* ***Fourth***, VMware agreed that Siemens AG, a German company, would be responsible for the worldwide use of the licensed software by its affiliates. *Id.* § 2.2. And ***fifth***, VMware and Siemens AG treated this as a German dispute for months—both with German counsel. Ex. 6 (VMware Invoice) (issued to Siemens AG by VMware's Irish affiliate); *see generally* Ex. 4 (Oct. 8, 2024 Ltr.). Thus, Germany has a stronger public interest in hearing this case, and the application of German law similarly weighs the public interest in Defendants' favor. *Path to Riches*, 290 F. Supp. 3d at 294 ("Thus, 'where the court would be required to untangle problems in conflict of laws, and in law foreign to itself,' the public interest factors point towards dismissal.") (citing *Piper*, 454 U.S. at 251).

## CONCLUSION

Defendants' motion to dismiss pursuant to the doctrine of *forum non conveniens* should be granted so this dispute can be resolved in Germany as the parties agreed to in the MSLA.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Karen Jacobs* |
| OF COUNSEL: | Karen Jacobs (#2881) |
| | Cameron P. Clark (#6647) |
| Gregg F. LoCascio, P.C. | 1201 North. Market Street |
| Michael A. Pearson, Jr. | P.O. Box 1347 |
| KIRKLAND & ELLIS LLP | Wilmington, DE  19899-1347 |
| 1301 Pennsylvania Avenue, N.W. | (302) 658-9200 |
| Washington, D.C.  20004 | kjacobs@morrisnichols.com |
| (202) 389-5000 | cclark@morrisnichols.com |
| | |
| James John Lomeo | *Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc* |
| KIRKLAND & ELLIS LLP | |
| 401 Congress Avenue | |
| Suite 2500 | |
| Austin, TX  78701 | |
| (512) 678-9050 | |

July 1, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 1, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Paul J. Loughman, Esquire<br>Robert M. Vrana, Esquire<br>Colin A. Keith, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David H. Herrington, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Angela L. Dunning, Esquire<br>Ye Eun Charlotte Chun, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304<br>(650) 815-4100<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)