YOUNG CONAWAY

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

**Paul J. Loughman**
P 302.576.3598
ploughman@ycst.com

November 25, 2025

**BY ECF FILING**

The Honorable Laura D. Thatcher
United States District Court
for the District of Delaware

Re:   *VMware LLC v. Siemens AG, et al.*, C.A. No. 1:25-cv-00353-RGA

Dear Magistrate Judge Thatcher:

  We write on behalf of Plaintiff VMware LLC to address the Court's question concerning whether a defendant must actually raise and plead an affirmative defense in order to invoke the comments in *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48 (3d Cir. 2018) concerning the term "dispute" in a forum selection clause.  The answer is yes.  The defendant McGraw-Hill did not merely suggest that it might have an affirmative defense based on the license agreement; it raised the affirmative defense both in its briefing to the court and in its answer to the complaint.  *See Krist v. McGraw-Hill*, Case 2:16-cv-06248-CMR (E.D. Pa.) (D.I. 8 at 6) (Fifth Affirmative Defense setting forth affirmative defense "arising from the specific agreements" at issue).  The same is true in *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 (3d Cir. 1997)(referencing defenses raised in brief and in answer to complaint).

  Here, Siemens has not answered the complaint and so it has not pleaded any affirmative defense.  But before even reaching that point, Siemens failed in its *forum non conveniens* motion to raise or identify any affirmative defense based on the MSLA.  Having failed to raise or identify any such affirmative defense in its motion, Siemens has waived any argument that its motion should be granted on the premise that it has such an affirmative defense.

  In its motion, Siemens invoked *McGraw-Hill* in arguing that VMware's U.S. copyright claims fall within Section 9.17 of the MSLA, but it failed to provide any explanation of how *McGraw-Hill* could apply here.  D.I. 23 at 11.  In fact, Section 9.17 lacks two of the three elements *McGraw-Hill* relied upon: (1) the term "regarding" – which the court found broader than "arising out of" the agreement; and (2) the "reference to copyright law [which] suggests that the clause was intended to encompass such disputes."  *McGraw-Hill,* 909 F.3d at 67-68.  The only element potentially common to Section 9.17 and *McGraw-Hill* is the term "disputes," but the *McGraw-Hill* court made clear that the term "disputes" would matter only if the agreement is "raised as an affirmative defense" to the asserted claims.  *Id*. at 68.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600     F   302.571.1253    YoungConaway.com

Thus, if Siemens wished to rely on *McGraw-Hill*'s comments about "disputes" as support for its motion to dismiss, it needed to raise the MSLA as an affirmative defense. But Siemens failed to do so. Its brief in support of its motion does not even mention the word "defense." *See* D.I. 23. Siemens therefore failed to present and preserve an argument based on *McGraw-Hill* and its comments about the term "disputes" and affirmative defenses.

In its opposition brief, VMware highlighted that Siemens could not invoke *McGraw-Hill*'s comments about "disputes," because it had not raised any affirmative defense based on the MSLA. *See* D.I. 32 at 9-10. VMware further explained why Siemens cannot raise an affirmative defense: the MSLA provides a license for each copy of a product only if the customer first purchases and pays for the license. *Id*. at 4, 9-10; Complaint (D.I. 1) ¶¶ 36-42; MSLA Section 2.1 (providing a license for each product only if Customer has made "due payment of the respective applicable license fee" through a "purchase[] according to the Purchase Order") and Section 1.11 (providing that the "Number of Licensed Copies" is "the number of copies of such Software product for which Customer **has paid** VMware the applicable license fee")(emphasis supplied). The MSLA is not an agreement under which a customer can make or use as many licenses as it wishes and then make a "true-up" payment *later*. Rather, the MSLA requires a customer to purchase and pay for a license for each copy of the product through a purchase order upfront, and only then will it receive a license. *Id*. The products at issue in this suit are ones for which Siemens indisputably did ***not*** purchase a license. *See* D.I. 32 at 4-6, 9-10; Complaint (D.I. 1) at ¶¶ 1-5, 14-26, 36-98. Siemens cannot contend that the MSLA gives it a license or any other affirmative defense as to these products for which it did not purchase a license. *Id*.

Even after VMware's opposition brief pointed out that Siemens cannot invoke *McGraw-Hill* because it had failed to raise or identify any affirmative defense based on the MSLA, Siemens still failed in its reply to raise any such affirmative defense. Siemens acknowledged that VMware's opposition "repeatedly references" the affirmative defense issue, but its only response was a footnote that failed to raise any affirmative defense and instead claimed only that "VMware's ***own*** claims arise out of the MSLA, regardless of any defenses Defendants may raise when or if they answer VMware's Complaint." D.I. 35 at 5, n.7 (emphasis in original). Siemens's argument that VMware's copyright claims themselves arise out of the MSLA is squarely defeated by *McGraw-Hill*. *See* D.I. 32 at 7-8. And, again, Siemens failed to raise any affirmative defense based on the MSLA – and instead it claimed it would not matter if it did.

Siemens's passing reference to the affirmative defense issue in a footnote in a reply brief did not suffice to present or preserve the issue, because "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *Wyeth*, 119 F.3d at 1076 n.6. Even in its footnote, Siemens failed to raise or identify any affirmative defense based on the MSLA. If it had such an affirmative defense, Siemens presumably would have been eager to present it. But it did not. Siemens cannot prevail on a motion and an argument that depends on having raised an affirmative defense based on the MSLA, when its motion never raised or presented an affirmative defense. It has waived this argument. *Wyeth*, 119 F.3d at 1076 n.6.

Two more points must be noted concerning the affirmative defense issue. **First**, *McGraw-Hill* held that the term "disputes" can allow a forum selection clause to be implicated by an affirmative defense, but not that this is always so regardless of the clause's language. Rather, it emphasized that "regarding" is broader than "arising out of;" and it held that the phrase "disputes ***regarding***" is "broad enough to encompass actions in which the agreements are raised as an affirmative defense." *McGraw-Hill*, 909 F.3d at 67-68 (emphasis supplied). Thus, it was the combination of the terms "regarding" and "disputes" that produced the result.

*Wyeth* likewise made clear there is no blanket rule that the term "dispute" always means that an affirmative defense based on an agreement will bring a claim within a forum selection clause. To the contrary, it explained: "The answer to the question whether a 'defense' based on a contract that contains a forum selection clause implicates that clause depends on the language of the clause." *Wyeth*, 119 F.3d at 1076. The court went on to state that because the clause at issue was "broadly worded, extending to any dispute '***arising ... in relation to***'" the agreement, the clause "encompasses a dispute in which the [agreement] is raised as a defense." *Id*. (emphasis supplied). Here, Section 9.17 lacks the broad terms "regarding" and "in relation to," and instead uses the narrower phrase "arising out of this Agreement." It therefore lacks the combination of terms that led to the results in *McGraw-Hill* and *Wyeth*.

**Second**, *McGraw-Hill* did not hold that a copyright infringement suit can be transferred or dismissed merely because an affirmative defense falls within the scope of a forum selection clause. Rather, the question there was whether to transfer the entire copyright suit from the Eastern District of Pennsylvania to the Southern District of New York – both courts being able to adjudicate the copyright claim and any affirmative defense. *McGraw-Hill*, 909 F.3d at 54-55. But here, it is undisputed that VMware's U.S. copyright claim ***cannot*** be adjudicated in a German court. And because a German court cannot hear the asserted U.S. copyright claims in the first place, there would be no vehicle for it to hear an affirmative defense to the claims. As the court explained in *British Telecomms. PLC v. Fortinet Inc.,* the *forum non conveniens* doctrine "presupposes actual—not potential or hypothetical—jurisdiction [over the asserted claims] in the alternative forum" and accordingly, even if a forum selection clause points to a foreign court, when there is "a real question about whether the plaintiff could have brought its claims in the alternative foreign court, it would be inappropriate to dismiss the case on *forum non conveniens* grounds." 424 F. Supp. 3d 362, 369 (D. Del. 2019); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)(holding that *forum non conveniens* could apply when the same claim (wrongful death) can be heard in both forums, but emphasizing that "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute")(citing *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445 (Del. 1978)(case should not be transferred to Ecuador, because, while courts there could hear plaintiff's contract claim, they could not adjudicate plaintiff's unjust enrichment and tort claims and therefore "no remedy could be obtained for two of three legal theories advanced")).

Thus, even if Siemens had raised an affirmative defense to the U.S. copyright infringement claims based on the MSLA, that cannot support dismissal based on *forum non conveniens*, because a German court cannot adjudicate the copyright claims themselves.

For the reasons set forth above and in VMware's opposition (D.I. 32), any belated argument by Siemens about a purported affirmative defense based on the MSLA – which it failed to raise or preserve in its motion – cannot support its attempt to use a *forum non conveniens* motion to dismiss and effectively extinguish the asserted U.S. copyright claims.

Respectfully,

/s/ Paul J. Loughman

Paul J. Loughman (No. 5508)

cc:   Counsel of Record (by CM/ECF)