IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 25-353 (RGA) |
| ) | |
| SIEMENS AG, SIEMENS CORPORATION, ) | |
| SIEMENS INDUSTRY SOFTWARE INC., ) | |
| SIEMENS MEDICAL SOLUTIONS USA, ) | |
| INC., SIEMENS HEALTHCARE ) | |
| DIAGNOSTICS, INC., SIEMENS ) | |
| MOBILITY, INC., and PETNET ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**LETTER TO THE HONORABLE JUDGE LAURA D. HATCHER REGARDING**
*<u>FORUM NON CONVENIENS</u>*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX  78701
(512) 678-9050

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

November 25, 2025

Dear Judge Hatcher:

      I write on behalf of Defendants in response to the Court's request during the November 18, 2025 teleconference for supplemental letter briefing. For the reasons set forth below, Defendants need not answer and plead an affirmative defense of license for the Court to dismiss this case pursuant to *forum non conveniens*. *McGraw-Hill* does not hold otherwise.

### I. The history of the doctrine of *forum non conveniens* confirms no answer need be filed to resolve the motion.

      The doctrine of *forum non conveniens* has been raised in various forms of motions throughout the years. This was the case before, and has continued after, the Supreme Court clarified in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), that the proper way to raise this issue is through a motion to dismiss for *forum non conveniens*. And that pattern and practice supports Defendants' position that an answer containing an affirmative defense of license need not be filed before a court can address a *forum non conveniens* motion on its merits.

      Before the Supreme Court's decision in *Atlantic Marine*, courts, including district courts in the Third Circuit, routinely decided motions to dismiss due to a forum selection clause before an answer was filed via a Rule 12(b) motion. *See, e.g.*, *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297–300 (3d Cir. 2001) (affirming district court's ability to dismiss case in light of forum selection clause regardless of whether clause identifies federal or non-federal forum); *Pride Enters., Inc. v. Lewes Steel Serv.*, 2010 WL 1337683, at *2 n.1 (D. Del. Mar. 31, 2010) (granting 12(b)(6) motion based on forum selection clause in agreement that was "integral to or explicitly relied upon in the complaint"); *Black Belt, Inc. v. 11th KYU, Inc.*, 2005 WL 2365307, at *2–4 (E.D. Pa. Sept. 23, 2005) (granting 12(b)(6) motion based on forum selection clause). Under this approach, these motions, like other Rule 12(b) motions, were decided before any answer or affirmative defense was filed.

      In *Atlantic Marine*, the Supreme Court clarified these issues should be decided based upon a motion to dismiss pursuant to the doctrine of *forum non conveniens*. Importantly, this decision "merely clarified the procedural vehicle through which forum selection clauses are enforced and did not significantly alter the substantive analysis of the clauses." *George V Eatertainment S.A. v. Elmwood Ventures LLC*, 2023 WL 2403618, at *3–4 (S.D.N.Y. Mar. 8, 2023).

      Consistent with this understanding that *forum non conveniens* motions should be treated similarly to Rule 12(b) motions, post-*Atlantic Marine*, courts in the Third Circuit regularly grant motions to dismiss due to a forum selection clause filed as a Rule 12(b) motion, either by converting the Rule 12(b) motion to a motion to dismiss pursuant to *forum non conveniens* or by dismissing under Rule 12(b) itself. *See, e.g.*, *Turner v. Lam Rsch. Corp.*, 2024 WL 4766208, at *2 (D. Del. Nov. 13, 2024) (converting a Rule 12(b)(6) motion to dismiss a complaint alleging breach of fiduciary duty and negligence to a motion to dismiss pursuant to *forum non conveniens* based on a forum selection clause and granting the motion); *Fintech Consulting LLC v. TSR, Inc.*, 2022 WL 20680833, at *2–5 (D.N.J. Dec. 7, 2022) (dismissing a complaint alleging fraud and federal securities laws violations under Rule 12(b) based on *forum non conveniens* precedent).

      Complaints asserting intellectual property claims have likewise been dismissed for *forum non conveniens* based on a forum selection clause without first requiring a defendant to answer or plead an affirmative defense. *See, e.g.*, *Lokai Holdings, LLC v. Luxe Boutique, LLC*, 2019 WL

13398950 (D.N.J. Nov. 12, 2019) (granting a 12(b)(6) motion to dismiss a complaint alleging trademark infringement, false designation of origin, unfair competition, patent infringement, copyright infringement, and breach of contract based on a forum selection clause). By their nature, motions to dismiss under Rule 12(b) are filed, and typically decided, before any answer is filed. Fed. R. Civ. P. 12(a)(4); *Telebrands Corp. v. 1ByOne Prods. Inc.*, 2017 WL 5593785, at *2 (D. Del. Nov. 21, 2017) ("A defendant is not required to file an answer until [the] court disposes of the motion to dismiss.").

This approach likewise applies where, as here, only non-contractual claims are made against a defendant that licenses its products pursuant to a license agreement. For example, in *Nulogy Corp. v. Menasha Packaging Co.*, plaintiff alleged trade secret misappropriation and referred in its complaint to the license agreement under which those trade secrets were allegedly acquired by defendant Menasha. 590 F. Supp. 3d 1141, 1145 (N.D. Ill. 2022), *aff'd-in-part, rev'd-in-part*, 76 F.4th 675 (7th Cir. 2023) (affirming dismissal as to Menasha). Menasha moved to dismiss plaintiff's complaint pursuant to *forum non conveniens* based on a forum selection clause in the referenced license agreement before answering the complaint. *See id.* The court found that "although Nulogy has not alleged a breach of contract claim here, the claims relate to the License Agreement … Nulogy refers to the License Agreement when it alleges that Menasha accessed its confidential and propriety information" and as a result found that "the forum selection clause governs." *Id.* at 1145–46. As shown above, courts in this District and in this Circuit likewise dispose of a plaintiff's claims in a motion to dismiss due to a forum selection clause prior to the defendant having answered the complaint. *See, e.g.*, *Turner*, 2024 WL 4766208, *4–8; *Fintech Consulting*, 2022 WL 20680833, *2–5. Notably, the Third Circuit recognized in *In re McGraw-Hill Global Education Holdings LLC* that its approach to the breadth of forum selection clauses using the word "disputes" was aligned with the Seventh Circuit. 909 F.3d 48, 67 (3d Cir. 2018).

Further support can be found in the way courts in this Circuit treat motions to transfer to another federal court under 28 U.S.C. § 1404. The Third Circuit has recognized that if a party moves to transfer "to another federal court based on a valid forum selection clause, a Rule 12(b)(6) dismissal is also an acceptable means of enforcing such a clause." *Podesta v. Hanzel*, 684 F. App'x 213, 215–16 (3d Cir. 2017). Courts in this District and this Circuit also transfer cases pursuant to 28 U.S.C. § 1404 based on forum selection clauses prior to an answer being served even where only non-contractual claims are asserted (including intellectual property claims) which arise out of the contract containing the forum selection clause. *See, e.g.*, *Enigwe v. Amazon.com Servs., LLC*, 2022 WL 2315586 (D. Del. June 28, 2022) (transferring copyright infringement claims based on a forum selection clause in the relevant settlement agreement); *Steinmetz v. Scholastic Inc.*, 2017 WL 4082681 (D.N.J. Sept. 15, 2017) (transferring a claim for copyright infringement based on a forum selection clause where the claims rest on whether defendant acted within the bounds of its license); *Hobbi v. 2U, Inc.*, 2025 WL 2308526, at *2–3 (D.N.J. Aug. 11, 2025) (transferring claims relating to an agreement and seeking monetary relief based on the relevant forum selection clause); *Soscia v. Mondo Am. Inc.*, C.A. No. 21-13142, D.I. 18 (D.N.J. July 22, 2022) (transferring a claim for wrongful termination based on the forum selection clause in the plaintiff's employment agreement).

II.    ***McGraw-Hill*** **confirms the forum selection clause of the MSLA can be invoked without an affirmative defense.**

Defendants recognize the narrow scope of the Court's request for supplemental briefing, but note that Plaintiff's complaint, on its own, invokes a forum selection clause even though it

does not allege a breach of contract claim. *McGraw-Hill* recognized that a plaintiff cannot avoid a contractual forum selection clause by pleading non-contractual copyright infringement claims which arise out of that same contract. 909 F.3d at 68–69. In the first paragraph of VMware's complaint VMware admits that "[t]he products at issue were originally provided to Siemens AG under license agreements," D.I. 1 ¶ 1, and thus, from the face of the complaint alone, VMware's claims are shown to arise out of the MSLA. *See* D.I. 23 at 11–14.

Further, the procedural posture of *McGraw-Hill* itself supports that no answer need be filed before granting Defendants' motion to dismiss, as no answer had been filed in one of the district court cases considered by the Third Circuit in that matter. *McGraw-Hill* was a consolidated mandamus petition from two separate district court rulings in the Third Circuit regarding a forum selection clause, the *Kashi* action and the *Krist* action. *McGraw-Hill*, 909 F.3d at 52–54. In the *Kashi* action, McGraw-Hill moved to transfer and simultaneously moved to dismiss for failure to state a claim. *Kashi v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 2:17-cv-01818-WB, D.I. 6 & 7 (E.D. Pa. July 17, 2017). Accordingly, an answer had not been filed in the *Kashi* action at the time of McGraw-Hill's motions or the *Kashi* court's decision. *McGraw-Hill*, 909 F.3d 48; *see also Kashi* at D.I. 27 (Oct. 12, 2017) (District court motion denying motion to transfer) and D.I. 30 (Answer filed November 9, 2017, after district court had resolved the motion). Indeed, although the Third Circuit in *McGraw-Hill* ultimately agreed with the *Kashi* court's decision not to transfer the case because the forum selection clause at issue was not enforceable against plaintiff (a non-party to the contract), it found that the court had "incorrectly concluded that [plaintiff's] copyright claims fell outside the scope of the forum selection clause." *See McGraw-Hill*, 909 F.3d at 69 n.8. The Third Circuit came to this conclusion even though McGraw-Hill had not answered plaintiff's complaint in the *Kashi* action as of the date of the district court's decision. If the court in *McGraw-Hill* thought the issue before it was not ripe because no answer had been filed before the district court's decision, or that filing an answer was a threshold event before a court could address a forum selection clause issue, it would have said so. Thus, *McGraw-Hill* itself confirms no answer must be filed to dismiss based on a forum selection clause.

### III.  Conclusion

Therefore, no answer need be served before the Court can dismiss VMware's complaint pursuant to *forum non conveniens* based on the forum selection clause in the MSLA. This has the further benefit of being more efficient, sending the dispute to the proper forum without requiring additional pleadings in the original forum. Accordingly, Defendants respectfully request VMware's complaint be dismissed pursuant to doctrine of *forum non conveniens* so that the parties' dispute may instead be resolved in the courts of Munich, Germany.

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs

KJ/jmm
cc:   All Counsel of Record (via CM/ECF and e-mail)
      and Clerk of Court (via hand delivery)