IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| VMWARE LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>                Defendants. | C.A. No. 25-353-RGA |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

      Plaintiff VMware LLC respectfully moves for leave to submit the attached sur-reply to address arguments concerning Section 9.18 of the Master Software License Agreement ("MSLA") that the Siemens Defendants (collectively, "Siemens") raised for the first time in Siemens's reply brief in support of Siemens's motion to dismiss pursuant to the doctrine of *forum non conveniens*. D.I. 35 ("Reply") at 5-7.[1]

      The linchpin of Siemens's *forum non conveniens* motion is its assertion that Section 9.17 of the MSLA applies to VMware's U.S. copyright claims and requires that they be brought in the courts of Munich, Germany. *See* (D.I. 23) at 1, 3, 4-5 and *passim*. Section 9.17 is immediately followed by Section 9.18, which expressly references Section 9.17 and provides that, notwithstanding Section 9.17, "either party (including its Affiliates) may seek injunctions to

---

[1] Defined terms have the same meaning as in VMware's Brief in Opposition to Defendants' Motion to Dismiss Pursuant To The Doctrine of *Forum Non Conveniens*. (D.I. 32).

1

prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights." MSLA § 9.18, D.I. 25, Ex. 1. Section 9.18 provides:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

*Id.* This U.S. copyright suit directly implicates Section 9.18: it seeks to enforce VMware's intellectual property rights, including by seeking an injunction to stop the breach of those rights.

A full and fair opening brief by Siemens would have addressed Section 9.18: Section 9.18 is part of the same section of the MSLA as Section 9.17, upon which Siemens's entire motion is founded; Section 9.18 follows Section 9.17 and expressly references Section 9.17; and Section 9.18 carves out from Section 9.17 actions to enforce intellectual property rights, including through an injunction. But Siemens's opening brief did not address or even mention Section 9.18. Instead, Siemens saved its arguments about Section 9.18 for its reply. This is a direct violation of Local Rule 7.1.3(c)(2), which provides: "Reply Briefs. The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."

It became apparent during oral argument on the *forum non conveniens* motion that Siemens's tactic of deferring its arguments about Section 9.18 until its reply, thus depriving VMware of an opportunity to address them, had created misimpressions concerning Section 9.18 and its impact on the issues presented. Local Rule 7.1.3(c)(2) supports striking the portions of Siemens's reply concerning Section 9.18. In the alternative, VMware respectfully requests leave to submit the attached short sur-reply addressing Siemens's arguments. *See, e.g., Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520-GMS, 2013 WL 3063461, at *1 n.2 (D. Del. June 19, 2013) (observing that Local Rule 7.1.3(c)(2) "exists, in part, to prevent litigants from engaging in

impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond" and granting motion to file a sur-reply to address arguments that should have been presented in opening brief); *Davis v. Ace Hardware Corp.*, No. 12-1185-SLR-CJB, 2014 WL 2990329, at *1 n.1 (D. Del. July 2, 2014) (where plaintiffs' "opening brief should have contained a more full description" of a relevant matter but instead plaintiffs addressed the matter "for the first time in their reply brief, fairly rendering them 'new evidence' or 'new arguments,'" defendants may address the new matter "by way of a sur-reply").

The same considerations apply here and support granting leave to submit a sur-reply, as a matter of fairness and of ensuring the Court receives an adequate explication of the issues concerning Section 9.18. VMware therefore requests leave to submit the attached sur-reply addressing the arguments in Siemens's reply relating to Section 9.18 of the MSLA.[2]

Dated: November 26, 2025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Paul J. Loughman (No. 5508)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
ploughman@ycst.com
rvrana@ycst.com
ckeith@ycst.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP

David H. Herrington

---

[2] In keeping with the Court's preference for letters of no more than three pages, VMware's sur-reply is in the form of a letter. If the Court wishes, VMware will submit the sur-reply in brief format.

3

        One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
dherrington@cgsh.com

Angela L. Dunning
Ye Eun Charlotte Chun
1841 Page Mill Road, Suite 250
Palo Alto, California 94304
Telephone: (650) 815-4100
adunning@cgsh.com
chchun@cgsh.com

*Attorneys for Plaintiff VMware LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC, | |
| Plaintiff, | |
| v. | C.A. No. 25-353-RGA |
| SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC., | |
| Defendants. | |

## [PROPOSED] ORDER

This ____ day of _____ 2025, upon consideration of Plaintiff's Motion for Leave to File Sur-Reply (the "Motion");

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion is GRANTED.

2. Plaintiff shall file the sur-reply attached as Exhibit A to its Motion on the docket.

_____
United States Judge

## **CERTIFICATION PURSUANT TO D. DEL. LR. 7.1.1**

Pursuant to District of Delaware Local Rule 7.1.1, counsel hereby certifies that a reasonable effort was made to reach agreement with opposing counsel regarding the subject matter of this Motion, including in a conversation in which Delaware and non-Delaware counsel for both sides participated, but no agreement was reached.

Dated: November 26, 2025             */s/ Robert M. Vrana*
                                     Robert M. Vrana (No. 5666)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Karen Jacobs
Cameron P. Clark
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
kjacobs@morrisnichols.com
clark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics, Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
gregg.locascio@kirkland.com
mpearson@kirkland.com

James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue, Suite 2500
Austin, TX 78701
james.lomeo@kirkland.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Paul J. Loughman (No. 5508)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
ploughman@ycst.com
rvrana@ycst.com
ckeith@ycst.com

*Attorneys for Plaintiff VMware LLC*

# Exhibit A

YOUNG CONAWAY

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

**Paul J. Loughman**
P 302.576.3598
ploughman@ycst.com

November 26, 2025

**BY ECF FILING**

The Honorable Laura D. Hatcher
United States District Court
for the District of Delaware

    Re:    <u>VMware LLC v. Siemens AG, et al.</u>, C.A. No. 1:25-cv-00353-RGA

Dear Magistrate Judge Hatcher:

    We write on behalf of Plaintiff VMware LLC to address arguments that Siemens first raised concerning Section 9.18 of the Master Software License Agreement ("MSLA") in its reply brief in support of its *forum non conveniens* motion.  *See* D.I. 35 ("Reply") at 5-7.  By avoiding Section 9.18 in its opening brief and addressing it only in its reply, Siemens prevented VMware from addressing its arguments.  It became apparent during oral argument that Siemens's unanswered arguments concerning Section 9.18 had created misimpressions concerning the provision and its impact on the issues presented.  Accordingly, VMware has requested leave to submit this sur-reply addressing Siemens's tardily-raised arguments.

    In its arguments concerning Section 9.18 in its Reply, Siemens made three fundamental mischaracterizations of the provision and its application here.

    ***First***, Siemens wrongly claimed that Section 9.18 of the MSLA merely carves out from Section 9.17 "the remedy of an injunction" for intellectual property rights.  Reply at 5-6.  To create that misimpression, Siemens quoted only part of Section 9.18, stating:  "Section 9.18 provides a narrow exception to the forum selection clause to 'seek injunctions' to protect 'intellectual property rights' and/or 'rights in confidential information.'"  *Id.*; Ex. 1 (MSLA) § 9.18.  But in in a portion of Section 9.18 that Siemens omitted, Section 9.18 provides that each party may "otherwise enforce" its intellectual property rights in any country.

    In full, Section 9.18 provides:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F  302.571.1253    YoungConaway.com

The Honorable Laura D. Hatcher
Page 2

MSLA § 9.18, D.I. 25, Ex. 1.  Section 9.18 thus provides that either party may:

    (a) seek injunctions to prevent and/or stop any breach of, and

    (b) otherwise enforce,

its intellectual property rights.  *Id*.

    It is telling that Siemens's Reply did not address or acknowledge the phrase "otherwise enforce" in Section 9.18, which plainly goes beyond injunctions.  If Siemens had addressed it and had argued that "otherwise enforce" refers to the term "injunctions," that would be wrong for at least three reasons.  *First*, if that had been the intended meaning, there would be no need for commas around "otherwise enforce."  The sentence would simply say that either party "may seek injunctions to prevent and/or stop any breach of and otherwise enforce its intellectual property rights."  Instead, commas are placed around "otherwise enforce," to set it apart and make it distinct from "seek injunctions to prevent and/or stop the breach of."  *Second*, the phrase "seek injunctions to prevent and/or stop the breach of" fully describes what injunctions do with respect to intellectual property rights.  There would be no need to add "or otherwise enforce" if the purpose was merely to describe what injunctions do.  And, *third*, because intellectual property rights are territorial, any action to enforce them must be brought in the country where the activity is occurring.  A U.S. copyright claim addressing infringing activity in the United States, for example, can be brought only here.  The proper meaning of "otherwise enforce" is consistent with this regime.  Siemens's contrary argument that the parties intended the MSLA's forum selection clauses to extinguish actions to enforce intellectual property rights, except as to seeking injunctions, is meritless.  At a minimum, Siemens's motion to dismiss cannot be granted on the premise that Section 9.18 unambiguously encompasses only actions seeking injunctions.

    ***Second***, even if Siemens were correct that Section 9.18 applies only to suits that seek injunctions concerning intellectual property rights, this action ***is*** a suit that seeks an injunction to protect intellectual property rights.  *See* Complaint (D.I. 1) ¶ 108, Prayer for Relief item (c) at 34 (seeking injunction), ¶¶ 99-107, Prayer for Relief item (a) (seeking damages) at 34.  Siemens claims that, unless VMware seeks a preliminary injunction or spells out in its complaint the grounds for obtaining an injunction, its complaint should be treated as if it did not seek an injunction.  This makes no sense.  Section 9.18 is not limited to actions seeking preliminary injunctions; it says no such thing.  And a plaintiff is not required to spell out in the complaint the grounds for seeking an injunction or else forfeit the right to seek one – or, in this instance, forfeit the right under Section 9.18 to seek one in each country in which VMware has intellectual property rights.  Rule 8 requires only that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).  A final injunction is a standard form of relief in copyright cases, expressly provided for by statute.  17 U.S.C. § 502(a) (providing for "final injunctions").  Siemens's argument that, unless a complaint spells out in detail the grounds for a final injunction, a plaintiff forfeits the right to seek an injunction – and forfeits the right to do so under a forum selection clause – is plainly erroneous.

    ***Third***, in discussing Section 9.18, Siemens contends that its acts of obtaining and using VMware products without any license should be treated "as a contract dispute" and suggests that for VMware to bring this copyright action or seek an injunction is somehow artificial – if not nefarious.  Reply at 6.  Siemens fundamentally mischaracterizes what has led to this suit.  VMware did not cause or ask for the circumstances that gave rise to the suit.  Siemens caused the problem by improperly obtaining and using a large number of VMware products for which it

never purchased a license.  *See* Complaint (D.I. 1) ¶¶ 1-5, 14-26, 36-98.  (The suggestion by Siemens's counsel at oral argument that Siemens was given license keys for the products at issue is utterly wrong – Siemens received license keys only for the licenses it purchased for each copy of VMware products, and this suit addresses products for which Siemens never purchased a license.  *See id.*)  After Siemens's misconduct was discovered, VMware gave Siemens an opportunity to rectify the problem by purchasing a license for these products – though VMware had no obligation under the MSLA to provide such an opportunity and Siemens had no right under the MSLA to purchase licenses after the fact.  But Siemens spurned that opportunity.

      VMware therefore had no choice but to bring suit to enforce its intellectual property rights as to these indisputably unlicensed products.  It certainly has the right to do so.  And because copyright protection is territorial, as Siemens itself acknowledges, suits to address infringement are brought in each relevant country.  As a U.S. company, VMware chose to begin in the United States, under the law and procedures with which it is most familiar.  Given Siemens's choice to engage in misconduct and operate outside of the MSLA and its refusal to rectify the situation even when given an opportunity, it is important that VMware be able to protect its rights directly through a copyright suit – both to obtain appropriate compensation and to track down and shut down through an injunction the infringing use of its products.

      Like any infringer, Siemens would like to limit its exposure after the fact to a mere contract claim.  In seeking to do so, Siemens has never even articulated what contractual claim it contends VMware could assert with respect to these products that are outside of the MSLA.  But even apart from that defect in its argument, Siemens cannot use a *forum non conveniens* motion, which can properly only serve to move a suit to another forum that must be capable of hearing it, to extinguish VMware's right to enforce its copyrights against Siemens's infringement – including the right that Section 9.18 expressly guarantees to enforce its intellectual property rights, including by seeking an injunction.

      For these additional reasons, Siemens's attempt to use a *forum non conveniens* motion to dismiss and extinguish VMware's right to bring a U.S. copyright infringement suit to address Siemens's infringing acts in the United States should be denied.

      Respectfully,

      */s/ Paul J. Loughman*

      Paul J. Loughman (No. 5508)

cc:   Counsel of Record (by CM/ECF)