# Exhibit A

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**CHARLOTTE**
CARILLON TOWER

**Paul J. Loughman**
P 302.576.3598
ploughman@ycst.com

November 26, 2025

**BY ECF FILING**

The Honorable Laura D. Thatcher
United States District Court
for the District of Delaware

Re:    *VMware LLC v. Siemens AG, et al.*, C.A. No. 1:25-cv-00353-RGA

Dear Magistrate Judge Thatcher:

We write on behalf of Plaintiff VMware LLC to address arguments that Siemens first raised concerning Section 9.18 of the Master Software License Agreement ("MSLA") in its reply brief in support of its *forum non conveniens* motion.  *See* D.I. 35 ("Reply") at 5-7.  By avoiding Section 9.18 in its opening brief and addressing it only in its reply, Siemens prevented VMware from addressing its arguments.  It became apparent during oral argument that Siemens's unanswered arguments concerning Section 9.18 had created misimpressions concerning the provision and its impact on the issues presented.  Accordingly, VMware has requested leave to submit this sur-reply addressing Siemens's tardily-raised arguments.

In its arguments concerning Section 9.18 in its Reply, Siemens made three fundamental mischaracterizations of the provision and its application here.

***First***, Siemens wrongly claimed that Section 9.18 of the MSLA merely carves out from Section 9.17 "the remedy of an injunction" for intellectual property rights.  Reply at 5-6.  To create that misimpression, Siemens quoted only part of Section 9.18, stating:  "Section 9.18 provides a narrow exception to the forum selection clause to 'seek injunctions' to protect 'intellectual property rights' and/or 'rights in confidential information.'"  *Id.*; Ex. 1 (MSLA) § 9.18.  But in in a portion of Section 9.18 that Siemens omitted, Section 9.18 provides that each party may "otherwise enforce" its intellectual property rights in any country.

In full, Section 9.18 provides:

Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

The Honorable Laura D. Hatcher
Page 2

MSLA § 9.18, D.I. 25, Ex. 1.  Section 9.18 thus provides that either party may:

>   (a) seek injunctions to prevent and/or stop any breach of, and

>   (b) otherwise enforce,

its intellectual property rights.  *Id*.

It is telling that Siemens's Reply did not address or acknowledge the phrase "otherwise enforce" in Section 9.18, which plainly goes beyond injunctions.  If Siemens had addressed it and had argued that "otherwise enforce" refers to the term "injunctions," that would be wrong for at least three reasons.  *First*, if that had been the intended meaning, there would be no need for commas around "otherwise enforce."  The sentence would simply say that either party "may seek injunctions to prevent and/or stop any breach of and otherwise enforce its intellectual property rights."  Instead, commas are placed around "otherwise enforce," to set it apart and make it distinct from "seek injunctions to prevent and/or stop the breach of."  *Second*, the phrase "seek injunctions to prevent and/or stop the breach of" fully describes what injunctions do with respect to intellectual property rights.  There would be no need to add "or otherwise enforce" if the purpose was merely to describe what injunctions do.  And, *third*, because intellectual property rights are territorial, any action to enforce them must be brought in the country where the activity is occurring.  A U.S. copyright claim addressing infringing activity in the United States, for example, can be brought only here.  The proper meaning of "otherwise enforce" is consistent with this regime.  Siemens's contrary argument that the parties intended the MSLA's forum selection clauses to extinguish actions to enforce intellectual property rights, except as to seeking injunctions, is meritless.  At a minimum, Siemens's motion to dismiss cannot be granted on the premise that Section 9.18 unambiguously encompasses only actions seeking injunctions.

*Second*, even if Siemens were correct that Section 9.18 applies only to suits that seek injunctions concerning intellectual property rights, this action *is* a suit that seeks an injunction to protect intellectual property rights.  *See* Complaint (D.I. 1) ¶ 108, Prayer for Relief item (c) at 34 (seeking injunction), ¶¶ 99-107, Prayer for Relief item (a) (seeking damages) at 34.  Siemens claims that, unless VMware seeks a preliminary injunction or spells out in its complaint the grounds for obtaining an injunction, its complaint should be treated as if it did not seek an injunction.  This makes no sense.  Section 9.18 is not limited to actions seeking preliminary injunctions; it says no such thing.  And a plaintiff is not required to spell out in the complaint the grounds for seeking an injunction or else forfeit the right to seek one – or, in this instance, forfeit the right under Section 9.18 to seek one in each country in which VMware has intellectual property rights.  Rule 8 requires only that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).  A final injunction is a standard form of relief in copyright cases, expressly provided for by statute.  17 U.S.C. § 502(a) (providing for "final injunctions").  Siemens's argument that, unless a complaint spells out in detail the grounds for a final injunction, a plaintiff forfeits the right to seek an injunction – and forfeits the right to do so under a forum selection clause – is plainly erroneous.

*Third*, in discussing Section 9.18, Siemens contends that its acts of obtaining and using VMware products without any license should be treated "as a contract dispute" and suggests that for VMware to bring this copyright action or seek an injunction is somehow artificial – if not nefarious.  Reply at 6.  Siemens fundamentally mischaracterizes what has led to this suit.  VMware did not cause or ask for the circumstances that gave rise to the suit.  Siemens caused the problem by improperly obtaining and using a large number of VMware products for which it

The Honorable Laura D. Hatcher
Page 3

never purchased a license. *See* Complaint (D.I. 1) ¶¶ 1-5, 14-26, 36-98. (The suggestion by Siemens's counsel at oral argument that Siemens was given license keys for the products at issue is utterly wrong – Siemens received license keys only for the licenses it purchased for each copy of VMware products, and this suit addresses products for which Siemens never purchased a license. *See id.*) After Siemens's misconduct was discovered, VMware gave Siemens an opportunity to rectify the problem by purchasing a license for these products – though VMware had no obligation under the MSLA to provide such an opportunity and Siemens had no right under the MSLA to purchase licenses after the fact. But Siemens spurned that opportunity.

VMware therefore had no choice but to bring suit to enforce its intellectual property rights as to these indisputably unlicensed products. It certainly has the right to do so. And because copyright protection is territorial, as Siemens itself acknowledges, suits to address infringement are brought in each relevant country. As a U.S. company, VMware chose to begin in the United States, under the law and procedures with which it is most familiar. Given Siemens's choice to engage in misconduct and operate outside of the MSLA and its refusal to rectify the situation even when given an opportunity, it is important that VMware be able to protect its rights directly through a copyright suit – both to obtain appropriate compensation and to track down and shut down through an injunction the infringing use of its products.

Like any infringer, Siemens would like to limit its exposure after the fact to a mere contract claim. In seeking to do so, Siemens has never even articulated what contractual claim it contends VMware could assert with respect to these products that are outside of the MSLA. But even apart from that defect in its argument, Siemens cannot use a *forum non conveniens* motion, which can properly only serve to move a suit to another forum that must be capable of hearing it, to extinguish VMware's right to enforce its copyrights against Siemens's infringement – including the right that Section 9.18 expressly guarantees to enforce its intellectual property rights, including by seeking an injunction.

For these additional reasons, Siemens's attempt to use a *forum non conveniens* motion to dismiss and extinguish VMware's right to bring a U.S. copyright infringement suit to address Siemens's infringing acts in the United States should be denied.

Respectfully,

*/s/ Paul J. Loughman*

Paul J. Loughman (No. 5508)

cc:   Counsel of Record (by CM/ECF)