IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-353 (RGA) |
| | ) |
| SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX 78701
(512) 678-9050

December 10, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

VMware's motion for leave should be denied because it is untimely, inaccurate in its description of Defendants' argument in their reply brief, and repetitive of arguments that have already been made.  Each of these reasons alone is sufficient to deny VMware's motion.

***First***, VMware's motion should be denied because it is untimely.  VMware filed this motion after oral argument on the motions to dismiss, more than five months after Defendants filed their motions to dismiss, more than four months after Defendants filed their reply briefs, and more than four months after VMware told the Court in its request for oral argument that "briefing is now complete" on Defendants' motions.  D.I. 36.  VMware has offered no authority permitting leave to sur-reply after any one of these events, much less a reasonable basis why it should be permitted to do so after all four.  Courts in this Circuit have denied motions for leave to file a sur-reply filed much more promptly than this one.  *See, e.g.*, *In re Advance Auto Parts, Inc., Secs. Litig.*, C.A. No. 18-212-RGA, 2020 WL 6544637, at *1 (D. Del. Nov. 6, 2020) (denying motion for leave to file sur-reply as untimely because "[t]he timing … is, at best, odd, as it was filed three weeks after briefing was complete"); *Gentry v. Sikorsky Aircraft Corp.*, C.A. No. 18-1326, 2018 WL 6329147, at *5 (E.D. Pa. Dec. 4, 2018) (finding "months-long delay in seeking leave to file [] sur-reply submissions is inexcusable").  VMware's untimeliness alone warrants denial of its motion.

***Second***, VMware's motion should be denied because Defendants' reply brief was proper.  Defendants have consistently argued that Section 9.17 of the parties' license agreement governs, and because of that provision, this case should be dismissed due to the forum selection clause.  *See* D.I. 23 at 7–14.  Defendants attached the parties' entire license agreement to their motion.  VMware, however, chose not to attach that agreement to its Complaint despite citing and quoting from that agreement multiple times.  *See id.* at 4 n.2; D.I. 25-1.  VMware, in its answering brief, argued that Section 9.18 governs this case.  *See* D.I. 32 at 10–11.  Defendants' reply brief addressed

1

that position—which was found nowhere in VMware's Complaint.  The purpose of a reply brief is to respond to arguments raised in an answering brief.  *See, e.g.*, *Trans Video Elecs., Ltd. v. Netflix, Inc.*, C.A. No. 12-1743-LPS, 2014 WL 900929, at *1 n.1 (D. Del. Mar. 4, 2014) (Burke, Mag. J.) ("Defendant did not raise 'new arguments' in its Reply brief regarding the Motion; instead, the complained-of-material was responsive to theories and arguments raised in Plaintiff's answering brief."), *report and recommendation adopted*, 2014 WL 1268680 (D. Del. Mar. 26, 2014); *see also F'Real Foods, LLC v. Hamilton Beach Brands, Inc.*, C.A. No. 16-41-CFC, 2020 WL 4932223, at *1 (D. Del. June 24, 2020) (denying motion to strike reply brief "[b]ecause this material is responsive to arguments Defendants made in their answering brief [therefore] its inclusion does not violate Local Rule 7.1.3(c)(2).").  Defendants' reply responded to VMware's arguments in its answering brief.  The cases VMware cites are inapposite, for they involve a motion for stay that did not address the stay factors in the opening brief or a motion for an extension that did not address the requisite good cause in the opening brief.  *Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No.. 08-520-GMS, 2013 WL 3063461 (D. Del. June 19, 2013) (regarding motion for leave supporting stay); *Davis v. Ace Hardware Corp.*, C.A. No. 12-1185-SLR-CJB, 2014 WL 2990329, at *1 n.1 (D. Del. July 2, 2014) (regarding motion for leave supporting extension).

***Third***, VMware's motion should be denied because it is repetitive of arguments VMware has already made and thus unhelpful to the Court.  VMware's proposed sur-reply argues that Defendants are incorrect on the content of Section 9.18, specifically with respect to the language "otherwise enforce."  *See* D.I. 41-1 at 1–2.  Defendants disagree, but note this argument appears twice in VMware's opposition at pages 2 and 10.  As Defendants explained in their reply brief, "[i]nterpreting § 9.18 to cover any intellectual property claim as VMware proposes, and not just the remedy of an injunction, makes no sense" as it would render Section 9.17 meaningless.  *See*

2

D.I. 35 at 5–6. Next, VMware argues its suit seeks an injunction, but VMware raised this at oral argument and in its answering brief. Nov. 18, 2025, Hr'g Tr. at 21:15-22:2; D.I. 32 at 10. Defendants disagree and also addressed this argument in their reply brief—noting that VMware's use of the word "injunction" in its prayer for relief, without any "allegation that it has suffered irreparable harm, nor [filing] a motion seeking injunctive relief" did not support VMware's argument. D.I. 35 at 6. Finally, VMware argues that Defendants improperly argue in reply that this case "should be treated 'as a contract dispute'" and that VMware "bring[ing] this copyright action or seek[ing] an injunction is somehow artificial—if not nefarious." D.I. 41-1 at 2–3. That is incorrect. The first line of Defendants' motion to dismiss states this is a dispute over a license agreement. D.I. 23 at 1. Defendants' opening and reply briefs further highlighted that this dispute was treated as a dispute between German lawyers for months, and only after months of those negotiations did VMware even seek to register the copyrights identified in its Complaint. *Id.* at 7, 11; D.I. 35 at 6. Courts regularly deny motions for leave to file a sur-reply that are duplicative of arguments already before the Court. *See, e.g.*, *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 8 (D.D.C. 2018) ("[D]efendants' proposed sur-replies would only be duplicative of what is already before the Court, and therefore, their requests for leave to file sur-replies '[are] unjustified and will be denied'"); *Dillard v. Internacional Realty Mgmt., LLC*, C.A. No. 1:22-CV-01215-DH, 2023 WL 7394416, at *2 (W.D. Tex. Nov. 8, 2023) (denying a motion for leave to file a sur-reply in part because "the arguments included in Defendants' proposed surreply are duplicative of the arguments in its response").

     For the abovementioned reasons, VMware's motion for leave should be denied, and this case should be sent to the forum the parties agreed upon to resolve disputes under their license agreement—the courts of Munich, Germany.

3

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Karen Jacobs* |
|  | _____ |
| OF COUNSEL: | Karen Jacobs (#2881) |
|  | Cameron P. Clark (#6647) |
| Gregg F. LoCascio, P.C. | 1201 North Market Street |
| Michael A. Pearson, Jr. | P.O. Box 1347 |
| KIRKLAND & ELLIS LLP | Wilmington, DE  19899-1347 |
| 1301 Pennsylvania Avenue, N.W. | (302) 658-9200 |
| Washington, D.C.  20004 | kjacobs@morrisnichols.com |
| (202) 389-5000 | cclark@morrisnichols.com |
|  |  |
| James John Lomeo | *Attorneys for Defendants Siemens AG, Siemens* |
| KIRKLAND & ELLIS LLP | *Corporation, Siemens Industry Software Inc.,* |
| 401 W. Fourth Street | *Siemens Medical Solutions USA, Inc., Siemens* |
| Austin, TX  78701 | *Healthcare Diagnostics Inc., Siemens Mobility,* |
| (512) 678-9050 | *Inc., and PETNET Solutions, Inc.* |

December 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 10, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Paul J. Loughman, Esquire<br>Robert M. Vrana, Esquire<br>Colin A. Keith, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David H. Herrington, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Angela L. Dunning, Esquire<br>Ye Eun Charlotte Chun, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304<br>(650) 815-4100<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Karen Jacobs*

Karen Jacobs (#2881)