IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>      Defendants. | C.A. No. 25-353-RGA |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff VMware LLC respectfully submits this reply in further support of its motion for leave to submit a sur-reply (D.I. 41, the "Motion") to address arguments concerning Section 9.18 of the Master Software License Agreement ("MSLA") that the Siemens Defendants (collectively, "Siemens") raised for the first time in Siemens's reply brief in support of Siemens's motion to dismiss pursuant to the doctrine of *forum non conveniens*. D.I. 35 ("Reply") at 5-7.[1]

The arguments Siemens proffers in its opposition to the Motion (D.I. 42), in an effort to avoid the Court's consideration of VMware's proposed submission, lack merit.

*First*, Siemens contends the motion for leave should be denied based on timing. The Motion and proposed submission were submitted promptly after the oral argument hearing, on the day after the submission of post-hearing letter briefs requested by the Court. (The Motion would

---

[1] Defined terms have the same meaning as in VMware's Brief in Opposition to Defendants' Motion to Dismiss Pursuant To The Doctrine of *Forum Non Conveniens*. (D.I. 32).

1

have been filed the same day as the letter briefs if Siemens had made itself available to meet and confer earlier.)  No timing problem would be created by considering VMware's three-page submission that was submitted the day after the three-page submissions requested by the Court.

Further, the Motion explained the reason for the timing: that it became apparent during oral argument that Siemens was exploiting its tactic of deferring its arguments about Section 9.18 until its reply, thus depriving VMware of an opportunity to address them, in order to create misimpressions concerning Section 9.18 and its impact on the issues presented.  VMware submits that fairness requires that it be permitted to address Siemens's unanswered arguments and that the Court will benefit by hearing from both sides on these points.  Siemens has not established that doing so will cause any prejudice or impede the Court's consideration of the underlying motion.

The two cases Siemens cites do not support denying the Motion here.  *In re Advance Auto Parts, Inc., Secs. Litig.* contains only one sentence about the motion for leave to file a sur-reply; and it refers to the "odd" timing, suggesting there was no reason or explanation for the timing of the motion.  2020 WL 6544637, at *1 (D. Del. Nov. 6, 2020).  Here, by contrast, the Motion promptly followed the oral argument, addresses matters that arose in the hearing, and was filed the day after post-hearing supplemental submissions requested by the Court.  In *Gentry v. Sikorsky Aircraft Corp.*, the court had a rule requiring sur-replies to be filed within seven days of reply briefs; and the movant gave no explanation for seeking to file a sur-reply long after that deadline. 2018 WL 6329147, at *5 (E.D. Pa. Dec. 4, 2018).  Here, by contrast, there is no such deadline for sur-replies; and VMware has provided an explanation for filing the Motion promptly following oral argument.

**Second**, Siemens argues that its "reply responded to VMware's arguments in its answering brief" and accordingly there can be no justification for a sur-reply. (D.I. 42 at 2).  This argument

avoids the point: Siemens violated Local Rule 7.1.3(c)(2), which provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." By deferring the subject of Section 9.18 of the MSLA until its Reply, Siemens prevented VMware from addressing Siemens's arguments about that subject.

Siemens cannot credibly dispute that, in the words of Rule 7.1.3(c)(2), Section 9.18 "should have been included in a full and fair opening brief." The linchpin of Siemens's *forum non conveniens* motion is its assertion that the MSLA has a forum selection provision that applies to VMware's U.S. copyright claims and requires that they be brought in Munich, Germany. *See* (D.I. 23) at 1, 3, 4-5 and *passim*. Siemens referred to only one of the MSLA's forum selection provisions, Section 9.17. It omitted the other provision, Section 9.18, which expressly references Section 9.17 and provides:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

MSLA § 9.18, D.I. 25, Ex. 1. In addition to not falling within Section 9.17, this U.S. copyright suit plainly falls within Section 9.18: it seeks to enforce VMware's intellectual property rights, including by seeking an injunction to stop the breach of those rights.

A full and fair opening brief by Siemens would have addressed Section 9.18: Section 9.18 forms part of the MSLA's forum selection provisions and is part of the same "Governing Law" section as Section 9.17, upon which Siemens's entire motion is founded; Section 9.18 follows Section 9.17 and expressly references Section 9.17; and Section 9.18 provides that actions to enforce intellectual property rights, including through an injunction, can be brought in any country. By failing to address Section 9.18 in its opening brief and instead saving it for its reply, Siemens

was able to proffer arguments about Section 9.18 and deprive VMware of an opportunity to respond. This is what Rule 7.1.3(c)(2) is meant to prevent: "engaging in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." *Fifth Mkt., Inc. v. CME Grp., Inc.*, 2013 WL 3063461, at *1 n.2 (D. Del. June 19, 2013).

The fact that VMware raised Section 9.18 in its answering brief, as Siemens undoubtedly knew it would, does not negate Siemens's breach of Rule 7.1.3(c)(2) or VMware's right to a sur-reply. If Siemens had presented its arguments about Section 9.18 in its opening brief, VMware would have had an opportunity to address those arguments. But instead, Siemens reserved its arguments for its reply brief, thus depriving VMware of an opportunity to respond to those arguments. Rule 7.1.3(c)(2) calls for VMware to be given that opportunity (or for the harsher result of striking Siemens's belated arguments); and Siemens cannot complain that there is something unfair or prejudicial in VMware having that opportunity.

Unsurprisingly, the two cases Siemens cites on this point do not help it. In fact, in citing *Trans Video Elecs., Ltd. v. Netflix, Inc.*, Siemens misleadingly quotes only **part** of a sentence and pretends it is quoting the complete sentence. (D.I. 42 at 2)(citing and quoting 2014 WL 900929, at *1 n.1 (D. Del. Mar. 4, 2014) (Burke, Mag. J.), *report and recommendation adopted*, 2014 WL 1268680 (D. Del. Mar. 26, 2014). Here is the full sentence from the *Trans Video* decision, with italics for the portion of the sentence that Siemens omitted:

> Having reviewed the submissions of the parties, the Court concludes that Defendant did not raise 'new arguments' in its Reply brief regarding the Motion; instead, the complained-of material was responsive to theories and arguments raised in Plaintiff's answering brief, **which themselves were relevant to topics addressed in Defendant's opening brief**.

2014 WL 900929, at *1 n.1 (emphasis in original). Thus, the actual holding of *Trans Video*, applied here, does not help Siemens and instead reinforces why a sur-reply is appropriate. If

4

Siemens had addressed the topic of Section 9.18 in its opening brief, as it should have, VMware would have had an opportunity to address its arguments in its answering brief. But Siemens tactically avoided the topic of Section 9.18 in its opening brief, thus preventing VMware from addressing Siemen's arguments about Section 9.18. Siemens's misleading quotation from *Trans Video* obscures the important point that the opening brief there **did** address the topic at issue, which makes clear that *Trans Video* does not help it. Similarly, in Siemens's other case, *F'Real Foods, LLC v. Hamilton Beach Brands, Inc.*, the plaintiff-movant asserted that one of its products competes with one of defendant's products; the defendant argued in its answering brief that the parties' products did not truly compete because one could not replace the other; and in reply the plaintiff addressed this argument by defendant. 2020 WL 4932223, at *1 (D. Del. June 24, 2020). Thus, the topic at issue, whether the products compete, was addressed in the opening brief, as it should have been.

      Here, by contrast, Siemens did ***not*** address the topic at issue – Section 9.18 and its application to this case – in its opening brief. It therefore gained the tactical advantage of addressing Section 9.18 only in its Reply, when VMware would have no opportunity to respond. These are the same circumstances that led the court in *Fifth Mkt.* to grant leave for a sur-reply: the movant failed to address certain factors relevant to a stay motion in its opening brief; the opponent addressed the stay factors in its answering brief; and the movant then presented its own arguments about the stay factors for the first time in its reply. *See* 2013 WL 3063461, at *1 n.2. As the court explained, the movant "engag[ed] in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." *Id*. So too here. By failing to address Section 9.18 and present its arguments about it in its opening brief, Siemens deprived

5

VMware of an opportunity to address those arguments. VMware should have an opportunity to address Siemens's belated arguments.

Further, because Siemens did not present ***any*** arguments about Section 9.18 in its opening brief, the arguments it presented about Section 9.18 in its Reply were by definition "new arguments," which makes a sur-reply appropriate to address those arguments. *Davis v. Ace Hardware Corp.*, 2014 WL 2990329, at *1 n.1 (D. Del. July 2, 2014) ("A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments."). Even when an opening brief addresses a topic but "should have contained a more full description" of the issues, if the movant adds new arguments about the topic "for the first time in [its] reply brief, fairly rendering them 'new evidence' or 'new arguments,'" defendants may address the new arguments "by way of a sur-reply." *Id*. Here, because Siemens presented no arguments about the important subject of Section 9.18 in its opening brief and presented arguments about it only in its reply, providing an opportunity to address those arguments through a sur-reply is appropriate.

**Third**, Siemens contends the proposed sur-reply is repetitive of arguments made in VMware's answering brief. (D.I. 42 at 3.) This is untrue, as to each of the points addressed in the sur-reply.

i. *Siemens's argument that Section 9.18 applies only to actions seeking injunctions*: In its Reply, Siemens argued that Section 9.18 does not apply broadly to actions that seek to enforce intellectual property rights; instead, according to Siemens, "Section 9.18 provides a narrow exception to the forum selection clause to 'seek injunctions' to protect 'intellectual property rights' and/or 'rights in confidential information.'" D.I. 35 ("Reply") at 5. Because Siemens avoided addressing Section 9.18 until its Reply, VMware did not have the opportunity to address and rebut Siemens's contention that Section 9.18 provides only a "narrow exception" to "seek injunctions."

6

Among other points, VMware did not have the opportunity to demonstrate that Siemens's attempt to portray Section 9.18 this way depends on its omitting the key clause "or otherwise enforce" from its paraphrase of Section 9.18.  What Section 9.18 actually provides is the following:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, ***and otherwise enforce***, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

MSLA § 9.18, D.I. 25, Ex. 1 (emphasis supplied).  Siemens evidently recognized that its attempt to portray Section 9.18 as limited to suits seeking injunctions cannot be reconciled with the "otherwise enforce" clause; and so it omitted the clause in its description of Section 9.18.  Reply at 5.  But because Siemens deferred its discussion of Section 9.18 until its Reply, VMware did not have an opportunity to point out this defect in Siemens's argument.

Rebutting Siemens's argument that Section 9.18 is limited to actions seeking injunctions – including by highlighting that Siemens's argument depends on omitting a key phrase from Section 9.18 – is not "repetitive of arguments" made in VMware's answering brief.  Because Siemens did not raise this argument – or address Section 9.18 at all – until its Reply, VMware had no opportunity to address it.

ii. *Siemens's argument that VMware's complaint should be treated as if it does not seek an injunction*.  Even if Siemens were correct that Section 9.18 applies only to suits that seek injunctions based on intellectual property rights, this action ***is*** a suit that seeks an injunction based on intellectual property rights.  VMware seeks the relief of a final injunction upon establishing Siemens's infringement of its copyrights in the United States.  *See* Complaint (D.I. 1) ¶ 108 and Prayer for Relief item (c) (seeking injunction) and ¶¶ 99-107 and Prayer for Relief item (a) (seeking damages).  A final injunction is a standard form of relief in copyright cases that is

expressly provided for by statute. 17 U.S. Code § 502(a) (providing for "final injunctions"). Thus, even under Siemens's mistakenly narrow interpretation of Section 9.18, that section encompasses this suit.

Siemens sought to avoid this problem by arguing in its Reply that, unless VMware's complaint spells out the basis for obtaining an injunction under the standards set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), it should be treated as if it is not seeking an injunction. Reply at 6-7. But there is no requirement that a complaint spell out the grounds for an injunction, at the risk of forfeiting the right to that relief, just as there is no requirement, for example, that a complaint spell out the elements for recovering lost profits. Rather, as to requests for relief, Rule 8 requires only that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

Thus, Siemens's argument that Section 9.18 encompasses suits that seek injunctions to stop the violation of intellectual property rights, but that this suit should be treated as if it does ***not*** seek an injunction, is meritless. VMware's presentation on this point is not "repetitive" of its arguments in its answering brief. Because Siemens deferred its arguments about Section 9.18 until its Reply, VMware did not have an opportunity to address and rebut this point.

      iii. *Siemens's argument that Section 9.18 does not apply because VMware does not need to assert a copyright claim or seek an injunction*. In seeking to escape Section 9.18, Siemens argued in its Reply that VMware does not really need to assert a copyright claim and seek an injunction, but instead should be limited to a contract claim. Reply at 6-7. Siemens's argument is undermined by its failure to explain what the contract claim would be and its admission that VMware's complaint states a valid claim for copyright infringement in the United States. D.I. 18 at 16, FN 8. Further, Siemens's argument ignores the fact that VMware brought this infringement

8

suit because Siemens was operating outside of the MSLA by improperly obtaining and using a large number of VMware products for which it never purchased a license. *See* Complaint (D.I. 1) ¶¶ 1-5, 14-26, 36-98. And Siemens refused to rectify this problem. *Id*. at ¶¶ 5, 71-75.

VMware therefore needed to bring this suit to address Siemens's infringement, including by tracking down Siemens's infringing use of VMware's products through discovery and shutting down that infringement through an injunction. The ability to stop Siemens's continuing infringement of VMware's intellectual property in any country where it is occurring is a right that, even under Siemens's mistakenly narrow interpretation of Section 9.18, is expressly protected by that provision. Siemens's argument that VMware does not have such a right, or does not need to enforce it, is meritless. Here, again, VMware's rebuttal of Siemens's arguments on this point is not "repetitive" of its answering brief. Because Siemens did not present its arguments about Section 9.18 – including its argument that the right under Section 9.18 to seek an injunction in any country does not apply here – until its Reply, VMware did not have an opportunity to address these arguments. VMware therefore should be given an opportunity to do so.

*    *    *

For the reasons set forth above and its Motion, VMware respectfully requests leave to submit its sur-reply addressing the arguments in Siemens's Reply concerning Section 9.18.

Dated: December 17, 2025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Paul J. Loughman*
Paul J. Loughman (No. 5508)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

9

ploughman@ycst.com
rvrana@ycst.com
ckeith@ycst.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

David H. Herrington
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
dherrington@cgsh.com

Angela L. Dunning
Ye Eun Charlotte Chun
1841 Page Mill Road, Suite 250
Palo Alto, California 94304
Telephone: (650) 815-4100
adunning@cgsh.com
chchun@cgsh.com

*Attorneys for Plaintiff VMware LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 17, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Karen Jacobs<br>Cameron P. Clark<br>MORRIS, NICHOLS, ARSHT<br>& TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE 19899<br>kjacobs@morrisnichols.com<br>clark@morrisnichols.com<br><br>*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics, Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.* | Gregg F. LoCascio, P.C.<br>Michael A. Pearson, Jr.<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>gregg.locascio@kirkland.com<br>mpearson@kirkland.com<br><br>James John Lomeo<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701<br>james.lomeo@kirkland.com |

| | |
|---|---|
| Dated: December 17, 2025 | YOUNG CONAWAY STARGATT<br>& TAYLOR, LLP<br><br>*/s/ Paul J. Loughman*<br>Paul J. Loughman (No. 5508)<br>Robert M. Vrana (No. 5666)<br>Colin A. Keith (No. 7074)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>(302) 571-6600<br>ploughman@ycst.com<br>rvrana@ycst.com<br>ckeith@ycst.com<br><br>*Attorneys for Plaintiff VMware LLC* |