**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VMWARE LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>                Defendants. | Civil Action No. 25-353-RGA |

**PLAINTIFF VMWARE LLC'S OBJECTION
TO THE REPORT AND RECOMMENDATION WITH RESPECT TO
SIEMENS AG'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

ALLEGATIONS ESTABLISHING JURISDICTION OVER SIEMENS AG ........................ 1

SIEMENS AG'S RULE 12(B)(2) MOTION ........................................................................ 2

THE R&R AS TO PERSONAL JURISDICTION ............................................................... 3

STANDARD OF REVIEW ................................................................................................. 4

ARGUMENT ...................................................................................................................... 4

    A.    The R&R Erroneously Assumed That VMware Is Relying Solely On Rule 4(k)(2) And Did Not Address The Allegations Establishing Jurisdiction In Delaware ............................................................................................................. 4

    B.    Rule 4(k)(2) Properly Applies To Establish Further Grounds For Jurisdiction ... 6

    C.    Siemens AG's Activities Directed To Delaware And The United States Manifestly Establish A Basis For Jurisdiction Over It ........................................ 8

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Calder v. Jones*,
465 U.S. 783 (1984)............................................................................................................. 9

*Carteret Savs. Bank, FA v. Shushan*,
954 F.2d 141 (3d Cir. 1992)................................................................................................ 4

*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*,
2022 WL 1909386 (D. Del. 2022)..................................................................................... 10

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
256 F.3d 548 (7th Cir. 2001) ............................................................................................ 6,7

*King v. Bon Charge*,
2025 WL 3764039 (D. Del. 2025)..................................................................................... 7,9

*Miller Yacht Sales, Inc. v. Smith*,
384 F.3d 93 (3d Cir. 2004)................................................................................................ 4,8

*Pinker v. Roche Holdings Ltd.*,
292 F.3d 361 (3d Cir. 2002).............................................................................................. 4

*Touchcom, Inc. v. Bereskin & Parr*,
574 F.3d 1403 (Fed. Cir. 2009)......................................................................................... 6,7

*Walden v. Fiore*,
571 U.S. 277 (2014).......................................................................................................... 9

**Other Authorities**

Delaware Local Rule 72.1.................................................................................................. 4

Fed. R. Civ. P. 4(k)(2)....................................................................................................... 6

Fed. R. Civ. P. 72(b) ......................................................................................................... 4

Standing Order for Objections Filed Under Fed. R. Civ. P. 72 ........................................ 4

Plaintiff VMware LLC respectfully submits this objection to the portion of the February 10, 2026 Report and Recommendation (D.I. 46) ("R&R") that addresses Defendant Siemens AG's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 17) (the "Motion").

**ALLEGATIONS ESTABLISHING JURISDICTION OVER SIEMENS AG**

This is an action by VMware LLC, a United States company, asserting infringement of its U.S. copyrights under U.S. copyright law and seeking an injunction and damages on that basis against Siemens AG and six of its U.S. subsidiaries. D.I. 1 ("Compl."). Siemens AG is the primary wrongdoer: it obtained access to VMware's software products under an agreement that granted a license only as to products for which it had purchased a license; it downloaded and duplicated additional copies of the products for which it had never purchased a license; and it then distributed these infringing products to its subsidiaries in the United States – including two subsidiaries with operations in Delaware – and directed and authorized its subsidiaries' use of the products. *See* Compl. ¶¶ 95, 17-23, 93-98.

The Complaint thus sets forth multiple factual grounds establishing personal jurisdiction over Siemens AG, based on its activities directed to Delaware and to the United States as a whole. Siemens AG directly infringed VMware's U.S. copyrights by distributing infringing VMware products to the United States, including Delaware, for use by its subsidiaries here. *See id.* ¶¶ 95, 17-23, 93-98 *and* First Cause of Action for Copyright Infringement (¶¶ 102-108). Further, Siemens AG controlled the downloading, copying, distribution and use of VMware products within Siemens, and it directed and permitted its U.S. subsidiaries to use the infringing VMware products in the United States, thus engaging in both induced infringement and contributory infringement in the United States. *See id. and* Second Cause of Action for Contributory Infringement (¶¶ 109-114) *and* Third Cause of Action for Vicarious Infringement (¶¶ 115-118).

## **SIEMENS AG'S RULE 12(B)(2) MOTION**

Despite the allegations outlined above, Siemens AG moved to dismiss under Rule 12(b)(2) on the theory that the Complaint's allegations failed to establish a basis for jurisdiction over it in Delaware. *See* D.I. 17 and D.I. 18. Siemens AG did not address the grounds for jurisdiction summarized above. *See* D.I. 18 at 8-12. In response, VMware asserted that the Complaint established jurisdiction over Siemens AG based on its activities directed to Delaware and that, in addition, under Rule 4(k)(2), its activities directed to the United States as a whole further established jurisdiction over it. VMware further explained that the nature and scope of Siemens AG's alleged activities plainly sufficed to established personal jurisdiction over it. *Id*. at 3-9.

Thus, VMware stated:

> As an initial matter, the Complaint *does* set forth facts concerning Siemens AG's connections with Delaware, including its distribution of infringing VMware products to its subsidiary's facilities in Delaware and its inducement and contribution to the use of infringing products, which should suffice to establish jurisdiction here. *See* Compl. ¶ 19 (Siemens violated VMware's U.S. copyrights and is subject to personal jurisdiction" because it "has downloaded, copied, and distributed unlicensed copies of the VMware software products to Siemens entities and operations in the United States, including without limitation its affiliates incorporated in Delaware and operations in Delaware.") *and id*. ¶ 16-18, 20-23.

D.I. 31 at 7 (emphasis in original); *see also id*. at 2 ("The Complaint does allege that Siemens AG has engaged in actions directed to Delaware sufficient to establish jurisdiction.")

In addition, VMware asserted:

> [G]iven Siemens AG's denial of jurisdiction over it in Delaware without identifying any other state that has general jurisdiction over it, Rule 4(k)(2) permits jurisdiction over Siemens AG based on its contacts with the United States as a whole. The full set of facts set forth in the Complaint overwhelmingly demonstrates that Siemens AG is subject to jurisdiction in the United States, based on its having purposely directed its infringing activities to this country – including both its direct infringement in the United States by distributing infringing VMware products here and inducing and contributing to infringement by the Siemens U.S. Defendants and other affiliates in this country. Compl. ¶¶ 16-23, 54-58, 93-98.

D.I. 31 at 7.

In its reply, Siemens AG argued that Rule 4(k)(2) could not apply unless VMware satisfied a purported "burden to show jurisdiction lies in no other state." D.I. 34 at 3-4. In addition, it argued that even if Rule 4(k)(2) applied, there would be no basis for jurisdiction. *Id*. at 5-9.

At the hearing on the motions to dismiss, VMware made clear that it did not need to rely on Rule 4(k)(2). The Magistrate Judge asked: "So I understand that you are relying on the – VMware is relying on Federal Rule Civil Procedure 4(k)(2) to establish jurisdiction along with purposeful availment. Is that correct?" D.I. 45 at 36:1-4. Counsel for VMware responded: "[W]e're not depending on 4(k)(2), I would like to make that clear. We do say 4(k)(2) applies[.] [But] because there's specific activities shipping software to Delaware[,] [w]e don't depend on 4(k)(2)." D.I. 45 at 36:5-8. Counsel for VMware went on to emphasize multiple times that the Complaint established a basis for jurisdiction over Siemens AG in Delaware, including based on Siemens AG directly "violat[ing] U.S. copyright law by shipping an infringing product to Delaware has to be enough to allow a Delaware court to address that claim." *Id.* at 45:5-9; *see also id*. at 36:18-24, 39:3-40:15, 42:16-43:4, 43:16-44:12; 44:22-45:9, 46:7-25.

## **THE R&R AS TO PERSONAL JURISDICTION**

The R&R did not assess whether the Complaint's allegations concerning Siemens AG's activities directed to Delaware suffice for a *prima facie* showing of personal jurisdiction. Instead, it focused on Rule 4(k)(2), and it held that Rule 4(k)(2) could not apply as a procedural matter unless the plaintiff asserts that the defendant "is not subject to jurisdiction in any state's courts of general jurisdiction," and that, because VMware did not make such an assertion, it "has failed to make a *prima facie* showing of personal jurisdiction over Siemens AG." R&R at 18-19.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and Delaware Local Rule 72.1, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See also* Standing Order for Objections Filed Under Fed. R. Civ. P. 72.

The standard for a Rule 12(b)(2) motion provides that a plaintiff "need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Carteret Savs. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)(same).

The standard of appellate review of a ruling on a Rule 12(b)(2) motion is *de novo*. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)("We review a district court's decision with respect to personal jurisdiction *de novo*" and "we must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.")(citation omitted)(reversing District Court's dismissal for lack of personal jurisdiction); *Miller Yacht*, 384 F.3d at 96 (same).

## ARGUMENT

### A. The R&R Erroneously Assumed That VMware Is Relying Solely On Rule 4(k)(2) And Did Not Address The Allegations Establishing Jurisdiction In Delaware

The R&R erred in assuming that VMware is relying solely on Rule 4(k)(2) and, based on that assumption, declining to address the Complaint's allegations as they relate to Delaware. As summarized above, VMware explained in its answering brief and at the hearing that the Complaint's allegations *do* suffice to establish jurisdiction over Siemens AG based on its activities directed to Delaware and accordingly jurisdiction is established without relying on Rule 4(k)(2).

As set forth above, in its answering brief, VMware stated:

> As an initial matter, the Complaint *does* set forth facts concerning Siemens AG's connections with Delaware, including its distribution of infringing VMware products to its subsidiary's facilities in Delaware and its inducement and

-4-

contribution to the use of infringing products, which should suffice to establish jurisdiction here. *See* Compl. ¶ 19 (Siemens violated VMware's U.S. copyrights and is subject to personal jurisdiction" because it "has downloaded, copied, and distributed unlicensed copies of the VMware software products to Siemens entities and operations in the United States, including without limitation its affiliates incorporated in Delaware and operations in Delaware.") *and id.* ¶ 16-18, 20-23.

D.I. 31 at 7;[1] *see also id*. at 2 ("The Complaint does allege that Siemens AG has engaged in actions directed to Delaware sufficient to establish jurisdiction.").

In addition to the allegations of Paragraph 19 quoted above, the Complaint identified facilities operated by the Siemens Defendants in the Newark/Glasgow and New Castle areas of Delaware. *Id*. ¶¶ 16-17.[2] And the Complaint set forth allegations establishing that, in addition to directly infringing by distributing infringing products to Siemens entities at these and other locations, Siemens AG also engaged in induced and contributory infringement because it was responsible for obtaining and managing the infringing products and it directed and authorized their infringing use by the Siemens U.S. entities. *Id*. ¶¶ 18-20, 95.

In sum, VMware made clear both in its answering brief and at the hearing on the Motion, that, apart from Rule 4(k)(2), "the Complaint *does* set forth facts concerning Siemens AG's connections with Delaware, including its distribution of infringing VMware products to its

---

[1]  At oral argument on the Motion, Siemens AG's counsel suggested that Paragraph 19 somehow might not apply to Siemens AG because it refers to "Siemens." D.I. 45 at 43:5-13. But as made clear by VMware's counsel, "Siemens" includes Siemens AG, and, further, the Complaint's allegations, including in Paragraphs 20 and 95, establish that Siemens AG is the party responsible for infringing VMware's copyrights by downloading or copying VMware products without a license and then distributing the infringing products to its subsidiaries in the United States. *Id*. at 43:16-44:12. Further, on a Rule 12(b)(2) motion, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id*.; *see also* D.I. 31 at 3-4 (citing *Miller Yacht*, 384 F.3d at 97; *Carteret Savs. Bank,* 954 F.2d at 142 n.1).

[2]  As discussed at the hearing on the Motion, Siemens AG's claim that the facilities in Delaware to which it shipped infringing products were not directly owned by Siemens AG is "not the point. The point is that [Siemens AG] shipped infringing VMware products to their operations in Delaware." D.I. 45 at 46:12-24.

subsidiary's facilities in Delaware and its inducement and contribution to the use of infringing products, which should suffice to establish jurisdiction here." D.I. 31 at 7; D.1. 45 at 36:5-8; 6:18-24, 39:3-40:15, 42:16-43:4, 43:16-44:12; 44:22-45:9, 46:7-25.  Because this showing of Siemens AG's contacts and activities directed to Delaware establishes a *prima facie* basis for exercising jurisdiction, the Rule 12(b)(2) Motion should have been denied.

### B.  Rule 4(k)(2) Properly Applies To Establish Further Grounds For Jurisdiction

In addition, VMware submits that Rule 4(k)(2) does properly apply here, so as to establish a further basis for exercising jurisdiction over Siemens AG.  Rule 4(k)(2) provides that jurisdiction over a non-U.S. defendant on a federal claim can be based on its contacts with the United States as a whole, unless the defendant is subject to jurisdiction in a specific state. Fed. R. Civ. P. 4(k)(2). Considering Siemens AG's contacts and activities with the United States as a whole makes it even more clear that a basis exists for exercising jurisdiction over it.  D.I. 31 at 4-9.

As noted by the R&R, the Third Circuit has not yet weighed in on the procedure for addressing what is referred to as the "second requirement" of Rule 4(k)(2), that the defendant is not subject to the jurisdiction in any one state.  R&R at 17.  The majority of Circuit Courts that have addressed the issue have held that, rather than placing a burden on the plaintiff to assert that a defendant is not subject to jurisdiction in any state, "a court is entitled to use Rule 4(k)(2) to determine whether it possesses personal jurisdiction over the defendant unless the defendant names a state in which the suit can proceed." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414-15 (Fed. Cir. 2009)(adopting this approach and observing that it has been adopted by the Fifth, Seventh, Ninth, Eleventh, and D.C. Circuits).

A leading formulation of this approach is the Seventh Circuit's opinion in *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, which states as follows:

> A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there (personal jurisdiction, unlike federal subject-matter jurisdiction, is waivable). If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

256 F.3d 548, 552 (7th Cir. 2001) (citations omitted).

As the Federal Circuit concluded in *Touchcom*, "the purposes of Rule 4(k)(2) are best achieved when the defendant is afforded the opportunity to avoid the application of the rule only when it designates a suitable forum in which the plaintiff could have brought suit." 574 F.3d at 1415. Among other reasons, this approach is consistent with the principle that plaintiffs can make claims in the alternative – that a defendant is subject to jurisdiction in a given state and, in the alternative, it is subject to jurisdiction based on its contacts with the U.S. as a whole. *Id*. Further, this approach sufficiently guards against the concern addressed by this element of Rule 4(k)(2), of a plaintiff suing a defendant in a state it prefers based on the defendant's nationwide contacts, when the defendant asserts that it is subject to jurisdiction in a different state.

A recent District of Delaware decision addressed this procedural issue and adopted the approach set forth by the Seventh Circuit in *ISI Intern* and followed by most other Circuit Courts. *King v. Bon Charge*, 2025 WL 3764039, at *3 (D. Del. 2025)(citing *ISI Intern*.). *King* thus held that because the defendant "did not argue that it could be sued in any state's courts" and instead "challenged personal jurisdiction on constitutional grounds," the plaintiff "had no obligation to show that [the defendant] could not be sued in any state." *Id*.

The R&R stated that it found *King's* reasoning "compelling," but it adopted a different approach to this procedural issue – the minority approach adopted by the First Circuit. R&R at 18; *cf. Touchcom*, 574 F.3d at 1414 (explaining that "[t]he First Circuit has a different approach" from

*ISI Intern.* and the Circuit Courts that follow it, which entails requiring the plaintiff to "certify that defendant is not subject to jurisdiction in any state"). Based on adopting this approach, the R&R stated that Rule 4(k)(2) could not apply unless VMware asserted that Siemens AG is not subject to jurisdiction in any state and it granted the Rule 12(b)(2) Motion on this basis. R&R at 18-19.

VMware respectfully submits that the approach to this issue set forth in *ISI Intern.* and *Touchcom* and other courts that have followed them is the proper one: that Rule 4(k)(2) applies unless the defendant names a state in which it is subject to jurisdiction. This permits a plaintiff, as here, to assert that a defendant is subject to jurisdiction in a given state *and*, if the defendant challenges jurisdiction there, that jurisdiction is established by the defendants' contacts with the nation as a whole. On this basis, the Complaint's allegations plainly establish a basis for jurisdiction over Siemens AG. D.I. 31 at 3-9.

Further, even if the First Circuit's approach were followed, it was effectively satisfied here. Siemens AG asserted that it was not subject to jurisdiction in Delaware and, further, that it was not subject to jurisdiction based on its contacts with the U.S. as a whole. D.I. 18 at 8-12; D.I. 34 at 5-9. Accordingly, the purpose of the First Circuit's "certification" requirement was fully satisfied.

### C. Siemens AG's Activities Directed To Delaware And The United States Manifestly Establish A Basis For Jurisdiction Over It

While the R&R's ruling as to the Rule 12(b)(2) Motion was based on the procedural issue as to Rule 4(k)(2) discussed above, it should be noted for completeness that the Complaint's allegations as to Siemens AG's activities directed to Delaware and the United States a whole manifestly establish a sufficient basis for exercising jurisdiction over it. D.I. 31 at 3-9. As noted, to survive a Rule 12(b)(2) motion, a plaintiff "need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht*, 384 F.3d at 97. Further, under Rule 4(k)(2), Siemens AG bears

the burden to establish that jurisdiction would not be consistent with the Constitution. *See King*, 2025 WL 3764039, at \*\*3-5.

As set forth in VMware's answering brief and at the hearing on the Motion, the Complaint manifestly sets forth a sufficient basis to establish personal jurisdiction over Siemens AG. D.I. 31 at 3-9; D.I. 45 at 35:21-46:25. To begin, the fact that Siemens AG has engaged in direct infringement of VMware's U.S. copyrights in the U.S. and Delaware by distributing infringing VMware products to recipients in the United States and Delaware plainly provides a basis for exercising personal jurisdiction over it here. D.I. 31 at 7; *see also* D.I. 45 at 45:7-9 ("To violate U.S. copyright law by shipping an infringing product to Delaware has to be enough to allow a Delaware court to address that claim.").[3]

Further, where a non-U.S. defendant undertakes conduct purposely directed at the United States – an inquiry that considers whether the effects of the conduct occurred in the forum so as to establish a connection with the forum – the non-U.S. defendant is subject to personal jurisdiction, even if those acts occurred outside the forum. *See Calder v. Jones*, 465 U.S. 783, 789 (1984) (holding that jurisdiction over out-of-state defendant was proper based on the effects of their conduct in the forum state); *Walden v. Fiore*, 571 U.S. 277, 287 (2014) (explaining that personal jurisdiction can be based on "effects" of defendant's conduct in the forum); D.I. 31 at 7-8. Such acts establish the requirements of purposeful availment and the fairness and reasonableness of exercising jurisdiction. *Id*.

---

[3] Siemens AG has argued that if it engages in such infringing conduct on a "worldwide" basis, this somehow defeats jurisdiction over it in Delaware or the United States. But the fact that it may have also engaged in infringing activities directed to other jurisdictions obviously does not negate jurisdiction over it here. *See* D.I. 45 at 39:3-40:15; 44:22-45:9, 46:15-25.

As VMware's answering brief further explained, in intellectual property cases, this purposeful activity directed at the forum state may include inducing infringement by a U.S. partner, designing infringing materials for consumption in the United States, or directing infringing materials through a partner for distribution in the United States. D.I. 31 at 8-9 (citing multiple cases). As this Court held in one cited case, such facts "[are] precisely the sort of purposeful activity directed toward the United States that fairly and reasonably subjects a defendant to jurisdiction in the United States." *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 1909386, at *3 (D. Del. 2022).

As summarized in VMware's answering brief, the Complaint plainly sets forth facts establishing jurisdiction over Siemens AG, including that it directly infringed VMware's copyrights by distributing infringing VMware products to the United States, including Delaware, for use by its U.S. operations and the U.S. Defendants; it obtained these infringing products through accessing VMware's U.S.-based server; and it is responsible for directing and permitting the U.S. Defendants to download, copy, and use infringing products. *See* Compl. ¶¶ 16-23, 54-58, 93-98. D.I. 31 at 9. VMware thus explained that, "as in *Conformis*, Siemens AG's activities in and directed to the United States are precisely the sort of purposeful activity that fairly and reasonably subjects a defendant to jurisdiction." *Id*.; *see also id*. at 7 (addressing alleged facts and basis for jurisdiction as to Delaware).

## **CONCLUSION**

VMware respectfully submits that the R&R as to Siemens AG's Rule 12(b)(2) Motion should not be adopted and that, instead, the Motion should be denied.

| | |
|---|---|
| Dated: February 24, 2026 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Paul J. Loughman*<br>Paul J. Loughman (No. 5508)<br>Robert M. Vrana (No. 5666)<br>Colin A. Keith (No. 7074)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>ploughman@ycst.com<br>rvrana@ycst.com<br>ckeith@ycst.com<br><br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>David H. Herrington<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>dherrington@cgsh.com<br><br>Angela L. Dunning<br>Ye Eun Charlotte Chun<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304<br>Telephone: (650) 815-4100<br>adunning@cgsh.com<br>chchun@cgsh.com<br><br>*Attorneys for Plaintiff VMware LLC* |

-12-

## CERTIFICATION PURSUANT TO STANDING ORDER

Pursuant to Paragraph 5 of the Court's Standing Order for Objections filed under Fed. R. Civ. P. 72, the undersigned counsel hereby certifies that these objections do not raise new legal or factual arguments.

*/s/ Paul J. Loughman*_____
Paul J. Loughman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Karen Jacobs
Cameron P. Clark
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
kjacobs@morrisnichols.com
clark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics, Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
gregg.locascio@kirkland.com
mpearson@kirkland.com

James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue, Suite 2500
Austin, TX 78701
james.lomeo@kirkland.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Paul J. Loughman*
Paul J. Loughman (No. 5508)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
ploughman@ycst.com
rvrana@ycst.com
ckeith@ycst.com

*Attorneys for Plaintiff VMware LLC*