IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-353 (RGA) |
| | ) |
| SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC., | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' PARTIAL OBJECTIONS TO**
**REPORT AND RECOMMENDATION (D.I. 46)**

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX 78701
(512) 678-9050

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

February 24, 2026

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| | A. | The MSLA and Its Forum Selection Clause | 1 |
| | B. | VMware and Siemens AG's Dispute "Aris[es] out of" the MSLA | 2 |
| III. | OBJECTIONS | | 4 |
| | A. | The R&R Misapplies Section 9.17 of the MSLA | 4 |
| | B. | The R&R Misapplies Section 9.18 of the MSLA | 8 |
| IV. | DISMISSAL IS APPROPRIATE | | 10 |
| V. | CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Citisteel USA, Inc. v. Gen. Elec. Co.*,
  78 F. App'x 832 (3d Cir. 2003) ..................................................................................9

*Collins v. Mary Kay, Inc.*,
  874 F.3d 176 (3d Cir. 2017) .....................................................................................10

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ...................................................................................................9

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
  909 F.3d 48 (3d Cir. 2018) .........................................................................................6

**Rules**

D. Del. LR 72.1(b) ..............................................................................................................1

Fed. R. Civ. P. 72 ...............................................................................................................1

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72 and D. Del. LR 72.1(b), Siemens AG and six of its affiliates: Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc. (the "Affiliate Defendants") (collectively with Siemens AG, "Defendants") respectfully object in part to Magistrate Judge Hatcher's February 10, 2026 Report and Recommendation (D.I. 46) ("R&R"). Defendants do not object to the R&R as to Defendants' Motion to Dismiss Pursuant to Rule 12, but only to the R&R's recommendation to deny Defendants' Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* (D.I. 22) (the "Motion").

As addressed in Defendants' briefing and at oral argument, VMware's claims should be dismissed pursuant to the doctrine of *forum non conveniens* to be litigated in Germany. The face of VMware's Complaint makes clear that VMware's claims "aris[e] out of" the Master Software and License Agreement ("MSLA") between VMware and Siemens AG, a German company. The MSLA further makes clear that disputes under that agreement are to be decided under German law and in the courts of Munich, Germany. And the parties knew this, as they were negotiating this dispute between their German counsel for more than six months before VMware filed in this Court.

Given the MSLA forum selection clause applies and the *forum non conveniens* factors counsel dismissal in favor of the German courts, Defendants respectfully request the Court sustain their objections to the R&R (reviewed *de novo* because it is a dispositive motion) and grant their motion to dismiss pursuant to the doctrine of *forum non conveniens*.

**II.     FACTUAL BACKGROUND**

    **A.      The MSLA and Its Forum Selection Clause**

On November 28, 2012, VMware and Siemens AG entered into the MSLA. D.I. 25 Ex. 1 (MSLA) at 7; D.I. 1 ("Compl." or "Complaint") ¶ 37. The MSLA set forth "the terms and

1

conditions pursuant to which VMware will license to Customer [(Siemens AG)] and support certain Software products." D.I. 25 Ex. 1 (MSLA) at 1. The license permitted Siemens AG to "use the Software products, in accordance with the License Type, that Customer purchases according to the Purchase Order." *Id.* § 2.1; Compl. ¶ 40. It further made clear that Siemens AG could permit its affiliates to use software licensed under this agreement, but provided that Siemens AG would be responsible for any breaches of the agreement by those affiliates. D.I. 25 Ex. 3 (Amended MSLA) § 13. The Affiliate Defendants received software in this way from Siemens AG. *See* D.I. 23 at 4–5.

Section 9.17 of the MSLA sets out the governing law and selected forum for resolution of disputes arising of the agreement. It states that the MSLA "will be governed by the laws of the Federal Republic of Germany" and that "[t]he parties hereby consent to the exclusive jurisdiction of the courts of Munich for resolution of any disputes arising out of this Agreement." D.I. 25 Ex. 1 (MSLA) § 9.17. Siemens AG and VMware are involved in litigation proceedings in Munich regarding the MSLA now. Section 9.18 holds a limited exception stating that "either party … may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights." *Id.* § 9.18.

### B.    VMware and Siemens AG's Dispute "Aris[es] out of" the MSLA

As alleged in VMware's Complaint, the parties' dispute under the MSLA goes back to at least September 2024. Siemens AG sent a formal purchase order to VMware on September 25, 2024, based on an option under an order form executed subject to the MSLA. Compl. ¶ 67. The parties traded numerous letters and emails disagreeing on the purchase order. *Id.* ¶¶ 60–70. After this correspondence failed to resolve the dispute, on December 17, 2024, VMware's Irish affiliate, VMware International Unlimited Company, issued an invoice under the MSLA to Siemens AG at its German address for the "[d]isputed software licenses and support services … ." D.I. 25 Ex. 6

2

(VMware Invoice). That invoice is for the same "disputed software licenses and support services" forming the basis for VMware's Complaint. Compl. ¶¶ 66, 70. Siemens AG repeatedly advised VMware that VMware's arguments and invoice were incorrect and unjustified, a position with which VMware disagreed. *See* D.I. 25 Ex. 6 (VMware Invoice); Compl. ¶¶ 71–75. Siemens AG's responses in this license correspondence form the basis for VMware's assertions that Siemens AG did not rectify the situation at hand. *See* Compl. ¶¶ 5, 75.

The parties' correspondence regarding this dispute—including those cited repeatedly in the Complaint—focused on the obligations under the MSLA, Siemens AG's deployments, and the proper amounts owed under the agreement. Compl. ¶¶ 67–70. VMware's Complaint specifically identifies its October 8, 2024 letter to Siemens AG—more than five months before VMware filed this suit—in which VMware's German counsel expressly recognized that the dispute about payment and deployments arose under the MSLA (rather than U.S. copyright law). In that correspondence, VMware "explicitly reserve[d] the right to seek compensation" for alleged "unauthorized overage of its software" for this alleged breach of the parties' license and "***any other breaches*** of contract that may come to light." D.I. 25 Ex. 4 (Oct. 8, 2024 Ltr.) at 2 (emphasis added); *see also* Compl. ¶ 70. As shown in D.I. 25 Ex. 4 (Oct. 8, 2024 Ltr.), many of the parties' conversations occurred between German counsel for Siemens AG and German counsel for VMware. *See also* Compl. ¶¶ 69, 71.

The parties engaged in months of negotiations in Germany between their German lawyers regarding Siemens AG's conduct. VMware issued the aforementioned invoice to Siemens AG in Germany for "Disputed software licenses and support services" under the MSLA. It was only after the dispute arose that VMware then began, for the first time, registering copyrights in the Asserted Works in the United States. VMware registered all of the copyrights referenced in its Complaint

3

in March 2025—less than three weeks before VMware filed its Complaint and more than five months after the first letter identified in the Complaint. D.I. 25 Ex. 5 (Copyright Registrations).

### III. OBJECTIONS

Defendants respectfully object to the R&R's recommendation to deny Defendants' motion to dismiss pursuant to the doctrine of *forum non conveniens*. As explained below, the relevant sections of the MSLA show that the MSLA forum selection clause covers this dispute, and once that analysis is complete, consideration of the *forum non conveniens* factors shows that this case should be dismissed so that VMware can bring this dispute in the courts of Munich, Germany.

#### A. The R&R Misapplies Section 9.17 of the MSLA

**The Parties' Dispute "Aris[es] out of" the MSLA**: The factual underpinnings of the parties' dispute reveal that this is a dispute regarding the alleged over-deployment of and underpayment for software licensed under the parties' MSLA—a dispute "arising out of" the MSLA. The R&R errs by failing to address how these undisputed facts, many of which are pled in VMware's Complaint, do not "aris[e] out of" the MSLA. The parties and the Court spent the early portions of oral argument discussing how VMware's case is about the alleged over-deployment of software provided under the MSLA. D.I. 45 at 10:10–22:15. Further, during oral argument and briefing, Defendants explained the factual background of this dispute, from the letters sent between the parties treating this dispute as a German contract dispute, to the VMware invoice to Siemens AG for what it claims was money owed under the parties' MSLA for the alleged over-deployment. *See* D.I. 23 at 6–7, 12; *see also* D.I. 45 at 4:20–5:7. This background confirms this is a dispute "arising out of" the MSLA. As Defendants explained at oral argument, "[t]here's no allegation nor do I understand that there is one that Siemens somehow created this software without getting license keys from VMware and the way it got those was pursuant to the license agreements that are referenced both in the Complaint and in the briefing." D.I. 45 at 12:21–

4

13:1.  VMware's Complaint makes clear that the dispute presently before this Court is about the alleged over-deployment of software licenses, which is an issue of performance under the contract, and which the parties treated as a contractual dispute arising out of the MSLA for months before VMware rushed to this Court with its newly registered copyrights.  The R&R does not analyze any of these facts or the discussion at oral argument of these facts in its analysis as to whether this is a dispute "arising out of" the MSLA.

The R&R contends that "arising out of" is equivalent to "arising under," and that "courts have interpreted 'arising under' as covering 'only those disputes "relating to the interpretation and performance of the contract itself."'"  R&R at 12.  But the R&R omits any explanation how the facts of VMware's claims do not give rise to a dispute regarding the interpretation and performance of the contract—particularly given the Court's observation during oral argument that there was such a dispute.  D.I. 45 at 22:5–12 ("[T]he two of you have a clear difference of opinion, the two parties, about how this contract works and what it covers and what the remedies are for things it covers and doesn't cover.  Why should I not send this back to Germany and let Germany decide what the license agreement covers, applying German law and using the exclusive jurisdiction of the forum selection clause, and then if there's stuff left it's preserved here?").  The facts demonstrate this dispute "aris[es] out of the MSLA," and thus satisfies MSLA Section 9.17.

The R&R asserts that "Defendants do not address the distinction between the *McGraw-Hill* clause's use of the broader term 'regarding' versus § 9.17's use of the narrower term 'arising out of.'"  R&R at 11. Defendants respectfully disagree. Defendants explained, relying on *McGraw-Hill*, *Wyeth*, and *Direct Mail*, how the provision at issue in the present case is similar to or informed by those cases.  D.I. 35 at 3–4.  In particular, Defendants explained how the term "disputes," such as at issue in *McGraw-Hill*, applied here.  *Id.* at 4.  Further, Defendants explained

5

how the similar language of "any dispute arising under or out of or in relation to this Agreement" in *Wyeth* was related to the language in the MSLA. *Id.* at 4 & n.3. Defendants further pointed out that VMware had not provided any authority finding the same or a similar forum selection provision did not apply. *Id.* at 4. Further, even if the provisions in *McGraw-Hill* and *Wyeth* were found to be broader, that does not mean that VMware's allegations and claims—which repeatedly cite to and rely on the MSLA—are not ones "arising out of" the MSLA. *See id.*

**The MSLA Is a License to Copyrighted Materials**: The R&R's finding that Section 9.17 does not refer to federal copyright statutes is irrelevant to the inquiry. R&R at 12. First, the MSLA is a global license agreement for the use of software, including the very software that VMware alleges infringes its U.S. copyrights. D.I. 35 at 5-6. Second, *McGraw-Hill* did not turn on the fact that copyrights were mentioned in the forum selection clause. *See* D.I. 46 at 12. Instead, that court recognized that plaintiff could not circumvent the forum selection clause through creative pleading, and the agreement's reference to the copyright statutes supported that proposition. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 68 (3d Cir. 2018) ("Given the unique nature of copyright claims, we recognize that we should not permit a party to avoid a forum selection clause simply by pleading non-contract claims."). That finding supports Defendants—creatively pleading a license dispute as a copyright case does not avoid a forum selection clause.

**Defendants Made Clear They Intend to Assert an Affirmative Defense of License Under the MSLA**: Defendants maintain that because VMware's claims "aris[e] out of" the MSLA, as shown by the above facts, Defendants did not have to file an affirmative defense of license before invoking the forum selection clause. Nonetheless, contrary to the assertions in the R&R, Defendants made clear they intended to assert an affirmative defense of license under the MSLA if they were required to answer. This alone suffices to sustain Defendants' objections.

6

Indeed, the R&R recognizes that at oral argument, "Defendants advised that they would plead that they are 'licensed.'" R&R at 13 (citing D.I. 45 at 23:3–10). The R&R goes on to acknowledge that "[e]ven VMware seems to agree that the parties' dispute could fall within the MSLA's scope as long as Defendants invoked the MSLA as an affirmative defense." R&R at 13 n.9. The R&R, however, inexplicably faults Defendants for not "invok[ing] the MSLA specifically." R&R at 13. Defendants respectfully disagree. At oral argument, the parties and the Court routinely referenced to the MSLA as the "license." *See, e.g.*, D.I. 45 at 4:20–5:7; 14:16–24; 18:16–25. Further, Defendants unequivocally stated that they intend to assert the affirmative defense of license (*id.* at 23:15-18), as the Court then acknowledged. For instance, in response to Defendants' affirmative representation, the Court remarked to counsel for VMware that "you've talked a lot about how Siemens has not pled this affirmative defense, you've now heard a representation by [counsel for Defendants] to the Court that it intends to do so." *Id.* at 25:2–5. Defendants invoked the MSLA when affirmatively stating they would plead a license defense; indeed, the MSLA is the only license discussed in briefs, oral argument, and pre-suit correspondence for which Defendants were asserting such a defense. As the R&R concedes that the parties' dispute could fall within the MSLA's scope so long as Defendants invoked the MSLA as an affirmative defense (R&R 13 n.9), the Objections should be sustained because that is what Defendants stated they would do should they be required to answer.[1]

Requiring Defendants to plead an affirmative defense before they could invoke a forum selection clause in a case such as this would be unworkable. This is particularly true where, as here, a defendant (Siemens AG) had moved to dismiss for lack of personal jurisdiction—a motion

---

[1] Should the Court overrule Defendants' objection, denial of the motion to dismiss should be without prejudice to permit the issue to be resolved after the Affiliate Defendants file an answer with an affirmative defense of license based on the MSLA.

7

the R&R recommends granting.  Expecting Siemens AG to waive this constitutional protection to enjoy the benefit of its agreement with VMware is not only unnecessary but inequitable—a concern Defendants raised at oral argument.  D.I. 45 at 23:3–23.[2]  The R&R effectively would require all Defendants to litigate beyond the Rule 12 stage and answer the complaint before the forum-selection clause in § 9.17 could be applied.  And given the Magistrate Judge's point that *forum non conveniens* motions should be addressed before other motions, *id.* at 3:9–4:3, it makes little sense to require an answer following resolution of a Rule 12 motion to raise the defense.

At its core, this dispute hinges on whether Siemens AG and its affiliates used VMware's software within the bounds of the MSLA or if there was some degree of over-deployment of software.  Should any Defendant be required to answer, it will assert a license defense based on the MSLA.  When that occurs, this case will require litigating the scope of a German license agreement entered into with a German company, Siemens AG, with German choice of law in a United States district court.  The Court should permit the dispute over the MSLA be heard in German courts as agreed in the MSLA.

B.     The R&R Misapplies Section 9.18 of the MSLA

Defendants object to the R&R's conclusion that VMware can escape the forum selection clause of the MSLA for its allegations regarding breach of the MSLA simply by repackaging its contractual claims as ones for copyright infringement and making passing remarks to a permanent injunction in the Complaint.

---

[2]  The R&R states that Defendants declined the opportunity to have their Rule 12(b) motions denied without prejudice so they could answer and plead the MSLA as an affirmative defense. R&R at 13.  The Court never said during oral argument that such a denial would be "without prejudice," notwithstanding that language appearing in the R&R.  But in any event, Siemens AG should not have been required to waive its due process rights by answering the Complaint in order to invoke the forum clause.

8

Through the narrow provision of Section 9.18, VMware merely has the right to "seek injunctions to prevent and/or stop any breach of, or otherwise enforce, its intellectual property rights." D.I. 25 Ex. 1 (MSLA) § 9.18.  To read § 9.18 to encompass every IP claim would eviscerate § 9.17, as every dispute under the license agreement for use of software is an "intellectual property rights" issue.  Indeed, neither VMware nor the R&R explain what would be left of § 9.17 if VMware's reading was adopted.  That is particularly so where VMware only applied for its U.S. copyrights *after* this dispute arose in an effort to avoid its agreement to bring this suit in the German courts.  This is a far cry from "striv[ing] to give effect to all provisions of a contract and not render[ing] any provision meaningless" as controlling precedent dictates.  *See Citisteel USA, Inc. v. Gen. Elec. Co.*, 78 F. App'x 832, 837 (3d Cir. 2003).

Furthermore, the Complaint is devoid of any allegation or contention which could warrant injunctive relief, nor has VMware moved for a preliminary injunction.  Nor could it—VMware has made no showing of the irreparable harm required for injunctive relief, preliminary or permanent, a point not addressed in the R&R. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("[A] plaintiff seeking a permanent injunction … must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").  The invoice to Siemens AG for alleged over-deployment of software licenses itself shows that monetary compensation is sufficient to remedy any alleged harm suffered by VMware.  *See* D.I. 35 at 6–7.

9

The R&R also fails to address the fact that VMware seeks damages here. VMware and the R&R do not explain how damages fall under a narrow exception to the forum selection clause for injunctive relief.

Finally, neither VMware nor the R&R address the fact that Section 9.18 requires that VMware may only seek an injunction "in the courts of any country, state or other territory which ***accepts jurisdiction***." D.I. 25 Ex. 1 (MSLA) § 9.18 (emphasis added). Section 9.17 of the MSLA requires that this license dispute be heard in the courts of Munich, Germany, and accordingly this Court should not accept jurisdiction over this case.

## IV.    DISMISSAL IS APPROPRIATE

Because the R&R concluded that the forum selection clause does not apply, the R&R did not reach the *forum non conveniens* factors. Those factors include: "(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum." *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017). As Defendants explained in their briefing on the motion, these factors favor enforcement of the MSLA's forum selection clause and dismissal. D.I. 23 at 14–18. Accordingly, Defendants' motion to dismiss should be granted.

## V.    CONCLUSION

Accordingly, Defendants respectfully object in part to the R&R and request an Order granting Defendants' Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* so this software license dispute can be heard in the Courts of Munich, Germany under German law as the parties agreed.

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX 78701
(512) 678-9050

February 24, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

### CERTIFICATION PURSUANT TO DISTRICT OF DELAWARE STANDING ORDER FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72

Pursuant to Paragraph 5 of the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Defendants hereby certify that the foregoing objections do not raise new legal/factual arguments that were not previously raised before Magistrate Judge Hatcher.

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 24, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Paul J. Loughman, Esquire<br>Robert M. Vrana, Esquire<br>Colin A. Keith, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David H. Herrington, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Angela L. Dunning, Esquire<br>Ye Eun Charlotte Chun, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304<br>(650) 815-4100<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Karen Jacobs*

Karen Jacobs (#2881)