IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-353 (RGA) |
| | ) |
| SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF VMWARE LLC'S OBJECTION TO THE REPORT AND RECOMMENDATION WITH RESPECT TO SIEMENS AG'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX 78701
(512) 678-9050

March 10, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. NO GENERAL JURISDICTION AS TO SIEMENS AG ANYWHERE IN
    THE UNITED STATES ..................................................................................................... 2

III. NO SPECIFIC JURISDICTION AS TO DELAWARE ............................................... 3

IV. NO JURISDICTION UNDER RULE 4(K)(2) ................................................................ 5

    A. The R&R Properly Required VMware to Make a *Prima Facie* Showing .............. 6

    B. VMware Has Not Shown That Personal Jurisdiction Over Siemens AG
    Would Comport With Due Process ........................................................................ 7

V. CONCLUSION ................................................................................................................ 10

...

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985)..................................................................................................3, 9

*Calder v. Jones*,
 465 U.S. 783 (1984).......................................................................................................7

*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*,
 2022 WL 1909386 (D. Del. 2022)................................................................................7, 8

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014).......................................................................................................2

*Gordon v. Invisible Child., Inc.*,
 2015 WL 5671919 (S.D.N.Y. Sept. 24, 2015)..............................................................7, 9

*King v. Bon Charge,*
 2025 WL 3764039 (D. Del. Dec. 30, 2025)...................................................................6

*Kloth v. S. Christian Univ.*,
 494 F. Supp. 2d 273 (D. Del. 2007)..............................................................................7

*Mallinckrodt PLC v. Airgas Therapeutics LLC*,
 2024 WL 1251260 (D. Del. Mar. 22, 2024)..................................................................9

*Sierra v. Trafigura Trading LLC*,
 2024 WL 3823018 (D. Del. Aug. 14, 2024).................................................................6, 8

**Rules**

Fed. R. Civ. P. 12(b)(2)...................................................................................................10

I.  **INTRODUCTION**

VMware LLC's ("VMware") Objections, D.I. 47, show the Report and Recommendation ("R&R"), D.I. 46, was correct in determining that the District of Delaware does not have personal jurisdiction over Siemens AG. As the R&R concluded, VMware has not made a *prima facie* showing of personal jurisdiction over Siemens AG, a German company headquartered in Germany.

The R&R appropriately recognized that VMware's Opposition was "cursory" on personal jurisdiction. D.I. 46 at 16. VMware all but abandoned its Delaware-based personal jurisdiction argument by only addressing it in a single-sentence paragraph in its Opposition. D.I. 31 at 7. And contrary to VMware's assertion, the R&R did not fail to assess specific jurisdiction. Instead, it properly noted that VMware's arguments for jurisdiction were inconsistent, that VMware "[could not] decide how it wants to argue that this Court has personal jurisdiction," and that, "VMware doesn't really engage on general and specific jurisdiction, instead relying entirely on Rule 4(k)(2)." *See* D.I. 46 at 18 n.7. VMware never argued that Siemens AG is subject to general jurisdiction in Delaware because there is no conceivable basis to do so. Its specific jurisdiction argument fares no better. As Siemens AG explained in its briefing, and VMware essentially left unrebutted in opposition, VMware's cursory arguments and allegations failed to show that Siemens AG purposefully directed its activities to Delaware. D.I. 18 at 8–11.

Instead, as the R&R notes, VMware's Opposition focused almost exclusively on alleged jurisdiction under Rule 4(k)(2), a theory that VMware did not identify in its Complaint and that the R&R correctly concluded was missing key allegations necessary for a *prima facie* showing of personal jurisdiction. VMware tries to avoid this by now arguing that "Siemens AG is the primary wrongdoer: it obtained access to VMware's software products under an agreement"—the MSLA. D.I. 47 at 1. But VMware never grapples with the fact that the MSLA is a ***worldwide*** license, so

Siemens AG could not have purposefully availed itself of the United States, let alone Delaware, based on its worldwide conduct under the MSLA. The R&R appropriately recognized this fact, just as it recognized that the caselaw to which VMware cites is distinguishable. Further, VMware does not even attempt to address how personal jurisdiction over Siemens AG, a German corporation, would be reasonable as is required to satisfy due process.

VMware's acknowledgement of the centrality of Siemens AG to resolving this dispute is unsurprising given the essential nature of the MSLA to this dispute. But instead of admitting that this case belongs in Germany for this reason among others, VMware tries to use this fact to support its claim for personal jurisdiction over Siemens AG in the United States, when in fact the importance of Siemens AG affirms that this dispute belongs in Germany under the German forum selection clause in the MSLA. The R&R appropriately concluded that VMware failed to make a *prima facie* showing of personal jurisdiction, and the Court should overrule VMware's objections and adopt the R&R recommendation to dismiss Siemens AG.

## II.   NO GENERAL JURISDICTION AS TO SIEMENS AG ANYWHERE IN THE UNITED STATES

To comport with constitutional Due Process, personal jurisdiction may only be exercised over a defendant that does not reside in that forum if the defendant has sufficient minimum contacts with the forum such that the case against it does not "offend [the] traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). These "minimum contacts" can be met through either a showing of "general jurisdiction" or "specific jurisdiction." *Id.* at 126–27. VMware never argues that Siemens AG, a German corporation, is subject to general jurisdiction in this Court or anywhere in the United States. Nor could it. General jurisdiction exists only when a defendant's "affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 127. Siemens AG has

2

no place of business, no mailing address, and no facilities in Delaware or in the United States. *See* D.I. 18 at 4; D.I. 19 ¶¶ 10, 14, 15. It does not employ anyone in Delaware or in the United States. *See* D.I. 18 at 4; D.I. 19 ¶ 11. Accordingly, the analysis focuses on whether VMware has sufficiently alleged that Siemens AG purposefully availed itself of Delaware or the United States as a whole such that it is subject to specific jurisdiction in those forums.

### III.    NO SPECIFIC JURISDICTION AS TO DELAWARE

To establish specific jurisdiction, VMware must show that (1) "the defendant has 'purposefully directed' his activities at residents of the forum"; and (2) "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). VMware has not, and cannot, show either element is met. The Complaint identifies no activity of Siemens AG in Delaware. Siemens AG is not registered to do business in Delaware, pays no taxes to the State of Delaware, and has no presence in the State of Delaware. D.I. 19 ¶¶ 10–16. VMware never disputed any of the statements in the Salazar Declaration. *See, e.g.*, D.I. 19. The Complaint fails to allege that any of Siemens AG's conduct was purposefully directed at Delaware rather than incidentally affecting Delaware, nor does it allege how this litigation arises out any of such purported conduct.

The R&R appropriately concluded that VMware responded "in a rather cursory fashion" to Siemens AG's motion to dismiss for lack of personal jurisdiction. D.I. 46 at 16. VMware's single paragraph in its Opposition failed to address any of these arguments raised by Siemens AG. **First**, VMware never addressed the *Burger King* factors as it must in order to meet the "fair warning" requirement of the due process clause. 471 U.S. at 472. In fact, VMware did not even cite the Supreme Court in *Burger King*, which sets out the requirements to assert specific jurisdiction over an out of state defendant, in either its Opposition or Objections. VMware's refusal to address these necessary factors is fatal to its Objections.

3

***Second***, VMware points to the allegation in its Complaint that Siemens AG "downloaded, copied, and distributed" VMware software in the United States "including without limitation its affiliates incorporated in Delaware and operations in Delaware." D.I. 47 at 4–5. It also alleges that Siemens AG induced and contributed to infringement in Delaware. *See id.* at 5. But VMware still fails to grapple with the fact that any conduct by Siemens AG was directed ***worldwide***. As the R&R notes, Siemens AG's "worldwide license does not support a finding that it directed its activities at the United States." D.I. 46 at 19 n.7. It further correctly notes that "[n]or do the cases cited by VMware support that downloading software from a U.S.-based server from Germany is sufficient to confer jurisdiction." *Id.* VMware does not explain how this worldwide conduct subjects Siemens AG to personal jurisdiction in Delaware.[1] *See* D.I. 18 at 8–11; D.I. 34 at 5–7.

***Third***, Siemens AG addressed how none of VMware's allegations—from conduct under the MSLA, to VMware Customer Support Portals hosted in the United States, an Affiliate Employee located in Georgia, and Affiliate Delaware facilities—made a colorable argument for specific jurisdiction over Siemens AG. *See* D.I. 18 at 8–11. VMware's allegations regarding alleged "shipping" are misleading, as there was no software physically "shipped" to Delaware. *See* D.I. 47 at 3, 5 n.2, 9. Instead, Siemens AG made license keys available to its worldwide Affiliates under the MSLA without "shipping" anything to Delaware or the United States. VMware never addressed these arguments in its Oppositions or Objections, leaving Siemens AG's arguments here unrebutted.

VMware did little to satisfy its burden to demonstrate Siemens AG purposefully availed itself of Delaware and did not meaningfully address Siemens AG's arguments or authority

---

[1] VMware's footnote 3 in its Objections was the first time it addressed Siemens AG's argument on this point. VMware cites no law for its conclusory position, and it fails to address the law Siemens AG cited on this point in its motion papers and herein.

4

opposing VMware's arguments and allegations. Accordingly, the R&R appropriately found VMware failed to meet its *prima facie* burden on specific jurisdiction in Delaware.

Despite failing to meet its *prima facie* burden on specific jurisdiction, VMware contends that the R&R erred in focusing on Rule 4(k)(2) to establish jurisdiction over Siemens AG. D.I. 47 at 4. But in doing so, VMware ignores that it all but abandoned its Delaware-based specific jurisdiction theory in its Opposition. Specifically, VMware dedicated only ***a single paragraph***, consisting of one sentence and one parenthetical quoting its Complaint, to its argument that it had "set forth facts concerning Siemens AG's connections with Delaware." D.I. 31 at 7. VMware block quotes that paragraph ***twice*** in its Objections—double what it previously briefed. D.I. 47 at 2, 4-5. But that paragraph was the sum-total of its argument on Delaware-based jurisdiction in its Opposition. D.I. 31 at 7. Simply put, VMware made virtually no effort to defend its argument for Delaware-based jurisdiction over Siemens AG. As the R&R recognized, "[i]n its answering brief opposing Siemens AG's motion to dismiss, VMware doesn't really engage on general and specific jurisdiction." D.I. 46 at 18 n.7. Far from failing to assess VMware's specific jurisdiction arguments as the Objections assert, the R&R stated that "VMware responds in a rather cursory fashion" to Siemens AG's arguments to a lack of general or specific jurisdiction over it, instead "putting most of its emphasis on asserting that Siemens AG is subject to personal jurisdiction under Rule 4(k)(2)." *See* D.I. 46 at 16. Thus, the R&R was correct to conclude that VMware failed to establish even a *prima facie* basis for specific jurisdiction in Delaware.

## IV.    NO JURISDICTION UNDER RULE 4(K)(2)

"To establish personal jurisdiction under Rule 4(k)(2), there must be: (1) a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States so that the court's exercise of personal jurisdiction over the defendant comports with the due process

requirements of the Constitution or other federal law." *Sierra v. Trafigura Trading LLC*, 2024 WL 3823018, at *4 (D. Del. Aug. 14, 2024). The R&R determined that VMware had to make a *prima facie* showing of jurisdiction under Rule 4(k)(2). D.I. 46 at 18. The R&R appropriately concluded that VMware had failed to do so.

### A. The R&R Properly Required VMware to Make a *Prima Facie* Showing

VMware contends that the R&R "adopted a different approach to this procedural issue" than the reasoning of the court in *King v. Bon Charge*. D.I. 47 at 7. Not so. The R&R applied the holding in *King*, which requires "the plaintiff to make out a prima facie case that Rule 4(k)(2) applies." 2025 WL 3764039, at *2 (D. Del. Dec. 30, 2025); D.I. 46 at 17–18. VMware failed to make such a showing as to any of the factors, as the R&R correctly found. Specifically, the R&R recognized that VMware's "Complaint [was] devoid of any allegations that could be read to state that Siemens AG is not subject to any state's courts of general jurisdiction." D.I. 46 at 18. Indeed, as Siemens AG pointed out, VMware had never even identified Rule 4(k)(2) as the basis for jurisdiction anywhere in its Complaint. D.I. 34 at 2. Further, VMware does not address the R&R's conclusion that VMware had failed to make out a *prima facie* showing of personal jurisdiction. Without that, even under VMware's argument, the burden never "shifts" to Siemens AG. As a result, even under the burden-shifting approach that VMware propounds, VMware did not meet its initial burden to shift the burden to Siemens AG to prove it is not subject to jurisdiction in any other state.[2]

---

[2] As Siemens AG explained in its reply brief, courts in this District and the Third Circuit have put the burden on the plaintiff to show that the defendant is not subject to jurisdiction in any state. D.I. 34 at 3–4. Either way, VMware has failed to meet its burden.

### B. VMware Has Not Shown That Personal Jurisdiction Over Siemens AG Would Comport With Due Process

The R&R correctly found that "VMware has not shown that Siemens AG purposefully directed its activities to the United States. As Siemens AG argues, its worldwide license does not support a finding that it purposefully directed its activities to the United States." *See* D.I. 46 at 19 n. 7. Indeed, as Siemens AG explained in its briefing on the topic, "conduct related to its affiliates' use of software license keys and software under the MSLA was directed ***worldwide***" and therefore was not purposefully directed at Delaware or the United States. D.I. 18 at 8–9 (emphasis in original). VMware does not contest this but instead summarily concludes, both in its Opposition and its Objections, that its allegations of infringement are enough to vest personal jurisdiction in Delaware. D.I. 31 at 7; D.I. 47 at 9–10. But worldwide conduct that incidentally touches on Delaware or the United States does not establish specific jurisdiction. *See* D.I. 18 at 8–10; D.I. 34 at 2, 5–7; *see also Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273, 279 (D. Del. 2007); *Gordon v. Invisible Child., Inc.*, 2015 WL 5671919, at *7 (S.D.N.Y. Sept. 24, 2015) ("It is not sufficient that conduct incidentally had an effect in the forum, or even that effects in the forum were foreseeable … Instead, the defendant must have intentionally caused-*i.e.*, expressly aimed to cause-an effect in the forum through his conduct elsewhere."). For the reasons Siemens AG has articulated, VMware's objections should be rejected.

VMware attempts to side-step its burden to prove that Siemens AG's activities were directed to the United States, relying on *Calder v. Jones*, 465 U.S. 783 (1984) and *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 1909386 (D. Del. 2022), just as it did in its Opposition. Siemens AG already explained how these cases are inapplicable, and indeed, the R&R found that "the cases on which VMware relies to show purposeful availment are all distinguishable," citing

7

back to Siemens AG's reply brief distinguishing these cases identified in VMware's Opposition. D.I. 46 at 19 n.7.

As Siemens AG explained in its reply brief, VMware's reliance on the *Calder* effects test is misplaced. *See* D.I. 34 at 6. The *Calder* test requires satisfying three elements, including whether "the defendant *expressly aimed* his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity." *Sierra*, 2024 WL 3823018, at *13 n.15 (emphasis in original). VMware did not address these factors in its Opposition, nor does it address their substance in its Objections. The reason for VMware's failure to do so is clear: Siemens AG's alleged conduct was not "expressly aimed" at the United States. As discussed above, Siemens AG's actions were aimed worldwide—a fatal flaw to VMware's argument that the R&R recognized. *See* D.I. 46 at 19 n. 7 ("As Siemens AG argues, its worldwide license does not support a finding that it purposefully directed its activities at the United States."). As Siemens AG explained, *Conformis* is likewise distinguishable and provides no basis for jurisdiction over Siemens AG. *See* D.I. 34 at 4–5 n.2, 7. In *Conformis*, the Court found that the foreign company and its engineers were interacting with and creating designs for U.S.-based surgeons, and "nobody from [the U.S. entity]" was involved with the designs at issue. 2022 WL 1909386, at *3. It thus involved specific targeting of the United States by a defendant, something VMware has not shown and cannot show here.

VMware offers only an unsubstantiated footnote to argue against the R&R's conclusion that Siemens AG's conduct was directed worldwide. *See* D.I. 47 at 9 n.3. VMware offers no law, no precedent, and no explanation to support its assertion that directing an activity worldwide as opposed to Delaware or the United States "obviously does not negate jurisdiction over [Siemens AG] here." *Id.* Nor does VMware address the fact that its assertion is directly opposed to the

constitutional requirement of purposeful availment. *See* D.I. 34 at 2–3; *Burger King Corp.*, 471 U.S. at 475 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts … or of the 'unilateral activity of another party or a third person.'"). Siemens AG did not purposefully avail itself of any specific jurisdiction in Delaware or any other United States-based forum based on its worldwide activities. *See Gordon*, 2015 WL 5671919, at *7; D.I. 18 at 8–9.

Notably, VMware completely fails to address the reasonableness analysis required under the third step of the Rule 4(k)(2) analysis. As Siemens AG noted in its reply brief, "[t]he reasonableness analysis for Rule 4(k)(2) considers the five *Burger King* factors: '(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.'" *Mallinckrodt PLC v. Airgas Therapeutics LLC*, 2024 WL 1251260, at *4 (D. Del. Mar. 22, 2024); *see also Burger King Corp.,* 471 U.S. at 477. As the R&R properly found, "VMware does not grapple at all with the reasonableness analysis under Rule 4(k)(2) as set forth in *Burger King*, leaving me to conclude that it has waived its arguments on that point." D.I. 46 at 19 n.7. Indeed, VMware chose not to rebut Siemens AG's arguments explaining why jurisdiction over it would be unreasonable and cannot do so now. *See* D.I. 18 at 7–12; D.I. 34 at 9.

Even without this waiver, these *Burger King* factors favor Siemens AG, particularly given the burdens associated with forcing a German company to litigate in a foreign forum in light of the German forum selection clause under the MSLA. *See* D.I. 18 at 7–11. That VMware contends that Siemens AG is the alleged "primary wrongdoer" in this dispute does not mean that jurisdiction

9

lies over Siemens AG in a court that does not otherwise have jurisdiction. It does mean, however, that this entire case should be heard in the courts that have jurisdiction over the alleged primary wrongdoer—the courts of Munich, Germany. Accordingly, the R&R properly concluded that VMware failed to make a *prima facie* case for jurisdiction under Rule 4(k)(2).

## V. CONCLUSION

Accordingly, Defendants respectfully request that the Court overrule VMware's Objections to the R&R and adopt the R&R's recommendation to dismiss Siemens AG as a party for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX 78701
(512) 678-9050

Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

March 10, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 10, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Paul J. Loughman, Esquire<br>Robert M. Vrana, Esquire<br>Colin A. Keith, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David H. Herrington, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Angela L. Dunning, Esquire<br>Ye Eun Charlotte Chun, Esquire<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Road, Suite 250<br>Palo Alto, California 94304<br>(650) 815-4100<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Karen Jacobs*

Karen Jacobs (#2881)