**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| VMWARE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>        Defendants. | Civil Action No. 25-353-RGA |

**PLAINTIFF VMWARE LLC'S OPPOSITION TO DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION WITH RESPECT TO DEFENDANTS' MOTION TO DISMISS BASED ON *FORUM NON CONVENIENS***

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ............................................................ 1

SUMMARY OF RELEVANT FACTS ............................................... 2

ARGUMENT ................................................................................... 3

I.     The MSLA's Forum Selection Provisions Do Not Call For
       VMware's U.S. Copyright Claims To Be Brought In Germany ........... 3

       A.     The Copyright Claims Here Do Not "Arise Out Of" The
              MSLA ...................................................................... 4

       B.     This Suit Is Expressly Permitted Under Section 9.18 Of
              The MSLA ................................................................ 7

       C.     Defendants' FNC Motion Would Fail In Any Event,
              Because A German Court Cannot Adjudicate VMware's
              U.S. Copyright Claims Or Exercise Jurisdiction Over The
              Six U.S. Defendants ................................................... 9

CONCLUSION ............................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*British Telecomms. PLC v. Fortinet Inc.*,
424 F. Supp. 3d 362 (D. Del. 2019)......................................................................3, 9

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
909 F.3d 48 (3d Cir. 2018).............................................................................. 4-5, 7

*Lacey v. Cessna Aircraft Co.*,
932 F.2d 170 (3d Cir. 1991)...................................................................................3

*Phillips v. Audio Active Ltd.*,
494 F.3d 378 (2d Cir. 2007)...................................................................................7

*Phoenix Canada Oil Co. v. Texaco, Inc.*,
78 F.R.D. 445 (D. Del. 1978) ...............................................................................10

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)..............................................................................................10

**Statutes**

17 U.S.C. § 411(a) ........................................................................................................3

17 U.S.C. § 502(a) ........................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 8(a)(3)...................................................................................................8

Plaintiff VMware LLC respectfully submits this opposition to the Defendants' Partial Objections (D.I. 49) to the Report and Recommendation (D.I. 46) ("R&R") with respect to the R&R's recommendation to deny the Defendants' Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* (D.I. 22) ("FNC Motion").

## SUMMARY OF ARGUMENT

In this action, a U.S. plaintiff, VMware LLC, has asserted claims for infringement of its U.S. copyrights against six U.S. Defendants based on their activities in the United States and Siemens AG based on its activities in and directed to the United States.  D.I. 1 ("Compl.").  As the R&R rightly determined, the Defendants' attempt to effectively extinguish these claims through their FNC Motion fails at the threshold, because the Defendants cannot establish the necessary linchpin of their argument: that the forum selection provisions of an agreement between VMware and Siemens AG (D.I. 25, Ex. 1, the "MSLA") calls for this suit to be brought in Germany.

The copyright infringement claims here are not a dispute "arising out of the Agreement," and so do not fall within the scope of Section 9.17 of the MSLA.  R&R at 7-14.  And even if Defendants could get past this hurdle (they cannot), Section 9.18 of the MSLA expressly permits each party to "seek injunctions" and "otherwise enforce" its "intellectual property rights" in "the courts of any country."  R&R at 15-16.  Hence, this suit that seeks to enforce VMware's U.S. copyrights, including by seeking an injunction, is properly brought here.  *Id*.

In addition to this threshold defect, the FNC Motion fails because Defendants cannot satisfy the two key *forum non conveniens* requirements: that (a) a German court can adjudicate VMware's U.S. copyright claims; and (b) all Defendants, including the six U.S. Defendants, are subject to jurisdiction in a German court.  *See* D.I. 32 (VMware's Opposition to FNC Motion) at 11-16.

## <u>SUMMARY OF RELEVANT FACTS</u>

VMware is a leading creator of virtualization software products for data center infrastructure and cloud computing that enable customers to create virtual machines from physical hardware, which run in parallel and independently of each other.  *See* Compl. ¶ 27.  Each product involved in this suit is the subject of a valid U.S. copyright registration.  *See id.* ¶¶ 27-35.  This action addresses Defendants' infringement of those U.S. copyrights through downloading, copying, distributing, and using VMware's software products in the United States.  *See id.* ¶¶ 1-5.

The MSLA provides that for Defendant Siemens AG to obtain a license to a VMware product, it must first purchase and pay for the license.  Siemens AG would obtain a license for each product only if it has made "due payment of the respective applicable license fee" through a "purchase[] according to the Purchase Order;" and the MSLA further provides that the "Number of Licensed Copies" is "the number of copies of such Software product for which [Siemens AG] has paid VMware the applicable license fee."  Compl. ¶¶ 36-42; MSLA Sections 2.1 and 1.11 (emphasis supplied).

This suit concerns VMware products for which Siemens AG indisputably did not purchase and pay for a license.  The Defendants' infringement was revealed on September 9, 2024, when Siemens AG sent VMware a letter with a list of products that it and its affiliates were using (the "September 9 List").  Compl. ¶¶ 2-3, 60-70.  VMware determined that the September 9 List included numerous products for which Siemens AG had never purchased a license, and it promptly notified Siemens AG of this concern.  But Siemens AG vehemently insisted that the September 9 List was accurate and demanded that VMware accept it and provide support services for all of the products on it, threatening legal action if VMware did not do so.  *Id.*

Weeks later, after evidently recognizing that its September 9 List established its

infringement, Siemens AG attempted to retract it and offer a new one with fewer products. But it never provided a credible explanation for why it had presented and insisted on the September 9 List, if it was not accurate. Further, Siemens AG resisted VMware's efforts to independently verify the number of products Siemens AG and its affiliates had obtained, through an audit or by running a script on its systems – as other customers do without objection. *Id.* ¶¶ 4, 71-75.

VMware gave Siemens AG an opportunity to rectify the problem by purchasing a license for these products – though Siemens AG had no right under the MSLA to do so. But Siemens AG spurned that opportunity. VMware therefore exercised its right to enforce its intellectual property rights as to these infringing products. Because copyright protection is territorial, infringement suits must be brought in each relevant country. Given Siemens AG's misconduct, it is important that VMware protect its rights directly through a copyright suit – to obtain an injunction to stop the ongoing infringement and to obtain appropriate compensation for that infringement. *Id.* ¶¶ 5, 70-18 and Prayer for Relief.[1]

## ARGUMENT

### I.    The MSLA's Forum Selection Provisions Do Not Call For VMware's U.S. Copyright Claims To Be Brought In Germany

"[T]he defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991)(citations omitted). This includes the burden, when the motion is based on a forum selection clause, to establish "that the claims and parties involved in the suit are subject to the forum-selection clause." *British Telecomms. PLC v. Fortinet Inc.,* 424 F. Supp. 3d 362, 368-69 (D. Del. 2019)(citation omitted).

---

[1]    Defendants oddly suggest that VMware's registration of the relevant copyrights before suing somehow suggests that this suit is really a contract action; but registration of a copyright is of course a prerequisite to bringing suit for infringement. *See* 17 U.S.C. § 411(a).

Defendants' FNC Motion fails at the threshold because they cannot establish the linchpin premise of their Motion: that the MSLA's forum selection provisions call for this U.S. copyright infringement suit to be brought in Germany. R&R at 7-16.

A.    **The Copyright Claims Here Do Not "Arise Out Of" The MSLA**

As the Third Circuit has made clear, the existence of a license agreement between two parties does not mean a copyright infringement claim arises out of that agreement. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 66-67 (3d Cir. 2018). Taking the opportunity "to clarify the elements of a *prima facie* claim for copyright infringement," *id.* at 66, the Third Circuit held that stating a copyright claim requires only two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* at 67 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Because pleading a copyright infringement claim does not require alleging that the defendant's acts were unauthorized, "the license is not part of the [plaintiff's] *prima facie* case." *Id.*

The Third Circuit's analysis and holding in *McGraw-Hill* defeat Defendants' core argument: that because Siemens AG purchased licenses to some products – but not the infringing products at issue in this suit – under the MSLA, VMware's copyright infringement claims must arise out of the MSLA. Again, *McGraw-Hill* explained that pleading a copyright infringement claim does not require reference to a license agreement; and accordingly, "the license is not part of the [plaintiff's] *prima facie* case." *Id.*

As *McGraw-Hill* further explained, a copyright claim is not subject to a forum selection provision in a license, unless the provision's particular language and the nature of the dispute dictate that result. *Id. McGraw-Hill* found a copyright claim to be within a forum selection provision, but only because of the combination of three key elements: (1) the term "regarding" –

which the court found broader than "arising out of" the agreement; (2) the "reference to copyright law [which] suggests that the clause was intended to encompass such disputes;" and (3) the term "disputes," which the court explained would matter only if the agreement is "raised as an affirmative defense" to the asserted claims. *Id*. at 67-68; R&R at 9-10.

None of these elements are present here. *First*, Section 9.17's "arising out of" wording is narrower than the "regarding" or "in relation to" wording the Third Circuit has construed as having broad enough scope to encompass copyright claims relating to a license. *Id*. at 68 (contrasting "regarding" with "arising out of" and observing that "regarding," like "in relation to," has a broader meaning than "arising out of" or "arising under"); *see also id*. at 67 (observing that "respecting" "has a broader connotation than 'arising out of'")(citations omitted). As the R&R found, case law indicates that the phrase "disputes arising out of," as used in Section 9.17, covers only disputes about the interpretation or performance of the agreement; accordingly, "Defendants have not established that it means the same thing as 'disputes regarding' as in *McGraw-Hill*." R&R at 12.

*Second*, Section 9.17 of the MSLA does not contain any reference to copyright law. *Id*.

*Third*, Defendants have not raised or identified any affirmative defense under the MSLA. Thus, as the R&R found, even as to "the only element potentially common to both § 9.17 and [] *McGraw-Hill*" – the word "disputes" – Defendants failed to establish a basis to assert that this suit falls within Section 9.17. R&R at 9-14.

If Defendants had wished to rely on *McGraw-Hill*'s comments about "disputes" as support for their FNC Motion, they needed to raise the MSLA as an affirmative defense. They failed to do so. Their supporting brief did not even mention the word "defense." *See* D.I. 23. VMware's opposition highlighted this failure. *See* D.I. 32 at 9-10. But even in their reply, Defendants failed to raise or identify any affirmative defense. Instead, in a footnote, they claimed they need not do

so, on the theory that "VMware's ***own*** claims arise out of the MSLA, regardless of any defenses Defendants may raise when or if they answer VMware's Complaint." D.I. 35 at 5 n.7. As discussed, the argument that VMware's copyright claims themselves arise out of the MSLA is squarely defeated by *McGraw-Hill. See* D.I. 32 at 7-8.

Even when the Magistrate Judge asked the parties for supplemental briefing on the issue, Defendants again failed to raise or identify any affirmative defense; instead, they claimed – wrongly – that "*McGraw-Hill* confirms the forum selection clause of the MSLA can be invoked without an affirmative defense." D.I. 40 at 2; *see also* R&R at 14-15.

There is a reason why Defendants did not raise an affirmative defense: the MSLA does not provide one. As noted, the MSLA grants a license for each copy of a product only if Siemens AG first purchases and pays for the license. *See* D.I. 32 at 4, 9-10; Compl. ¶¶ 36-42; MSLA Section 2.1 (providing a license for each product only if Siemens AG has made "***due payment*** of the respective applicable license fee" through a "***purchase[] according to the Purchase Order***") and Section 1.11 (providing that the "Number of Licensed Copies" is "the number of copies of such Software product for which Customer ***has paid*** VMware the applicable license fee")(emphasis supplied). The MSLA is not an agreement under which a customer can download or duplicate as many copies of a product as it wishes and then make a "true-up" payment ***later***. Rather, the MSLA requires a customer to purchase and pay up front for a license for each copy of the product, and only then will it receive a license. *Id*. The products at issue in this suit are ones for which Defendants did ***not*** purchase a license. *See* D.I. 32 at 4-6, 9-10; Compl. ¶¶ 1-5, 14-26, 36-98.

Defendants therefore cannot contend that the MSLA gives them an affirmative defense as to these infringing products. And regardless of whether Defendants might have tried to raise such an affirmative defense, they indisputably failed to do so. Having failed to raise or identify any

such affirmative defense in their FNC Motion, Defendants have waived any argument that their

Motion should be granted on the basis of such an affirmative defense.[2]

### B.     This Suit Is Expressly Permitted Under Section 9.18 Of The MSLA

As the R&R also rightly found, even if Defendants' FNC Motion had not failed for the

reasons set forth above with respect to Section 9.17, it would have failed because this suit is

permitted under Section 9.18 of the MSLA.  R&R at 15-16.  Section 9.18 provides:

> Notwithstanding the foregoing [Section 9.17], either party (including its Affiliates)
> may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its
> intellectual property rights of whatever nature and/or rights in confidential
> information in the courts of any country, state or other territory which accepts
> jurisdiction.

MSLA § 9.18.  Section 9.18 thus provides that either party may: (a) seek injunctions to prevent

and/or stop any breach of, and (b) otherwise enforce, its intellectual property rights.  *Id*.

This suit plainly falls within the scope of Section 9.18.  Evidently recognizing this problem,

Defendants failed to acknowledge Section 9.18 in their brief in support of their FNC Motion.  *See*

D.I. 23.  After VMware's opposition highlighted Section 9.18 (D.I. 32 at 2, 10-11), Defendants

sought to avoid it in their reply by arguing that Section 9.18 is limited to suits seeking "the remedy

---

[2]     As discussed, even if Defendants had raised an affirmative defense, they cannot rely on
*McGraw-Hill*, and their argument that the copyright claims asserted here fall within Section 9.17
would fail.  As the R&R found, Section 9.17 lacks the other two elements *McGraw-Hill* relied
upon: the broad term "regarding" and the reference to copyright law.  *See* R&R at 11-12.  After
commenting that the word "disputes" in a forum selection clause could be implicated by an
affirmative defense, *McGraw-Hill* went on to emphasize that "we must also consider the second
word: the preposition 'regarding.'"  *McGraw-Hill*, 909 F.3d at 67-68.  It was the ***combination*** of
these elements that supported the holding that "disputes ***regarding***" is "broad enough to encompass
actions in which the agreements are raised as an affirmative defense."  *Id*. (emphasis supplied).
Because Section 9.17 lacks the term "regarding," *McGraw-Hill* cannot support Defendants – even
apart from the absence of an affirmative defense.  *See* R&R at 12.  Rather, Section 9.17's narrower
"disputes arising out of" language would encompass only disputes concerning the interpretation
or performance of the agreement.  *Id*.; *see also Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384,
389, 391 (2d Cir. 2007)(copyright claims do not "aris[e] out of" a license agreement).

of an injunction." D.I. 35 at 5-6. To create that misimpression, Defendants omitted "otherwise enforce" from their recitation of Section 9.18's terms. Section 9.18 permits VMware not only to "seek injunctions to prevent and/or stop any breach of" its intellectual property rights, but also to "otherwise enforce" those rights. And it places commas around "otherwise enforce," to make this clear. The proper reading of "otherwise enforce" to allow a party to bring suit to enforce its intellectual property in whatever country is appropriate is consistent with the fact that, because intellectual property rights are territorial, an action to enforce them must be brought in the country where the infringing activity is occurring. A U.S. copyright claim addressing infringing activity in the United States, for example, can be brought only here. *See* D.I. 32 at 2, 10-11, 12-13.

Further, even if Defendants were correct that Section 9.18 applies only to suits that seek injunctions, this action *is* a suit that seeks an injunction. *See* Compl. ¶ 108, Prayer for Relief item (c) at 34 (seeking injunction). Defendants claim that, unless VMware seeks a preliminary injunction or spells out in its complaint the grounds for obtaining an injunction, its complaint should be treated as if it did not seek an injunction. This makes no sense. Section 9.18 is not limited to actions seeking preliminary injunctions. A final injunction is a standard form of relief in copyright cases, expressly provided for by statute. 17 U.S.C. § 502(a) (providing for "final injunctions"). And a complaint is not required to spell out the grounds for seeking an injunction. Rule 8 requires only that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Defendants' argument that, unless a complaint spells out in detail the grounds for a final injunction, a plaintiff forfeits the right to seek an injunction – and forfeits the right to do so under a forum selection clause – is meritless.

In sum, as the R&R correctly concluded, regardless of the outcome of the analysis under Section 9.17 and the question of whether the Defendants raised an affirmative defense, this suit to

enforce VMware's U.S. copyrights, and seeking an injunction on that basis, is permitted under Section 9.18. R&R at 15-16. Accordingly, even if only Section 9.18 is considered, the FNC Motion was properly denied. *Id.*

> **C.**  **Defendants' FNC Motion Would Fail In Any Event, Because A German Court Cannot Adjudicate VMware's U.S. Copyright Claims Or Exercise Jurisdiction Over The Six U.S. Defendants**

Even apart from the threshold failures set forth in the R&R, the FNC Motion would be properly denied because Defendants cannot satisfy the two key requirements for dismissal based on *forum non conveniens*: that (a) a German court is an adequate forum that can adjudicate the U.S. copyright claims; and (b) all of the Defendants are subject to jurisdiction in a German court. Defendants did not even try to contend that a German court can adjudicate a U.S. copyright claim or that it would have jurisdiction over the six U.S. Defendants. Instead, they argued that a German court can hear a ***contract*** claim and that VMware should be limited to such a contract claim against Siemens AG alone – thus extinguishing the asserted copyright claims and also excusing the six U.S. Defendants entirely. D.I. 23 at 15-16. This attempt to sidestep the fundamental *forum non conveniens* requirements cannot succeed. D.I. 32 at 11-16.

The *forum non conveniens* doctrine provides only a means to transfer claims when there is a more appropriate forum that can adjudicate the claims – not a tool to extinguish claims and excuse defendants. *Id.* Thus, the *forum non conveniens* doctrine "presupposes actual – not potential or hypothetical – jurisdiction [over the asserted claims] in the alternative forum;" accordingly, a "mere likelihood of jurisdiction in the alternative forum" will not suffice. *British Telecomms.*, 424 F. Supp. 3d at 369. When there is "a real question about whether the plaintiff could have brought its claims in the alternative foreign court, it would be inappropriate to dismiss the case on *forum non conveniens* grounds." *Id.*

As the Supreme Court explained in *Piper Aircraft Co. v. Reyno*, while the *forum non conveniens* doctrine may permit dismissing a suit in favor of a more appropriate forum that can adjudicate the claim (in that case, a wrongful death claim), "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." 454 U.S. 235, 254 & n.22 (1981).  The Court cited *Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D. 445 (D. Del. 1978) as an illustration of when dismissal would be inappropriate.  *See id*.  The *Phoenix Canada* court held that a case should not be transferred to Ecuador, because even assuming that Ecuadoran courts could hear plaintiff's contract claim, they could not adjudicate plaintiff's unjust enrichment and tort claims and therefore "no remedy could be obtained for two of three legal theories advanced."  *Phoenix Canada*, 78 F.R.D. at 456.  Thus, it is not enough that a plaintiff could pursue *some* claim in the alternative forum – as Defendants argue here in contending that VMware should be restricted to pursuing a contract claim in Germany; the alternative forum must be able to adjudicate the claims *asserted* in the suit.  *Id*.; D.I. 32 at 11-16.

Here, Defendants did not even try to demonstrate that a German court could adjudicate VMware's U.S. copyright claims; nor could they do so.  *See* D.I. 32 at 11-14.  Nor did they demonstrate that the six U.S. Defendants are subject to jurisdiction in the German court.  *Id*. at 14-16.  Nor did they establish that the public interest factors would support dismissing – and effectively extinguishing – this U.S. copyright action.  *Id*. at 16-17.  Accordingly, in addition to the grounds correctly identified by the R&R for denying the Defendants' FNC Motion, the Motion should be denied on these additional grounds.  *Id*. at 11-17.

## CONCLUSION

VMware respectfully submits that the R&R's recommendation to deny Defendants' FNC Motion should be accepted and adopted.

Dated: March 10, 2026          YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Paul J. Loughman (No. 5508)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
ploughman@ycst.com
rvrana@ycst.com
ckeith@ycst.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP

David H. Herrington
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
dherrington@cgsh.com

Angela L. Dunning
Ye Eun Charlotte Chun
1841 Page Mill Road, Suite 250
Palo Alto, California 94304
Telephone: (650) 815-4100
adunning@cgsh.com
chchun@cgsh.com

*Attorneys for Plaintiff VMware LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 10, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Karen Jacobs
Cameron P. Clark
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
kjacobs@morrisnichols.com
clark@morrisnichols.com

*Attorneys for Defendants Siemens AG, Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics, Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
gregg.locascio@kirkland.com
mpearson@kirkland.com

James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue, Suite 2500
Austin, TX 78701
james.lomeo@kirkland.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*

Paul J. Loughman (No. 5508)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
ploughman@ycst.com
rvrana@ycst.com
ckeith@ycst.com

*Attorneys for Plaintiff VMware LLC*