**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VMWARE LLC,

Plaintiff,

v.

SIEMENS AG, SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS, INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,

Defendants.

Civil Action No. 25-353-RGA

MEMORANDUM ORDER

Defendants Siemens AG and its U.S. affiliates[1] ("Affiliate Defendants" and collectively with Siemens AG, "Defendants") move to dismiss Plaintiff VMware LLC's ("VMware") complaint on several grounds: (1) *forum non conveniens* (D.I. 22); (2) lack of personal jurisdiction over Siemens AG pursuant to Rule 12(b)(2) (D.I. 17); and (3) failure to state a claim of extraterritorial enforcement of VMware's U.S. copyrights pursuant to Rule 12(b)(6) (*id.*). The parties briefed the issues (D.I. 23, 32, 35 for *forum non conveniens*; D.I. 18, 31, 34 for personal jurisdiction and failure to state a claim). Afterward, VMware filed a motion for leave to file a sur-reply in response to Defendants' reply on *forum non conveniens*. (D.I. 41). The parties then briefed the sur-reply motion. (D.I. 41, 42, 43).

[1] Siemens Corporation, Siemens Industry Software, Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics, Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.

The magistrate judge recommended denying Defendants' motion on *forum non conveniens*, granting the motion for lack of personal jurisdiction as to Siemens AG, denying the motion regarding extraterritorial enforcement of copyrights, and dismissing the motion to file sur-reply as moot. (D.I. 46 at 2).

Both VMware and Defendants filed objections to the Report and Recommendation. I have considered the parties' briefing on the *forum non conveniens* issue (D.I. 49, 51) and the personal jurisdiction issue (D.I. 47, 50). The parties did not dispute the recommendation on extraterritorial enforcement of copyrights. I heard oral argument on these motions on September 23, 2026. For the reasons set forth below, I ADOPT the Report and Recommendation. Defendants' motion to dismiss pursuant to the doctrine of *forum non conveniens* is DENIED, Siemens AG's motion to be dismissed for lack of jurisdiction is GRANTED, and Defendants' motion for failure to state a claim for extraterritorial enforcement is DENIED. VMware's motion to file a sur-reply is DISMISSED as moot.

## I. *FORUM NON CONVENIENS*

VMware and Siemens AG entered into a Master Software License Agreement (MSLA), wherein Siemens AG and Affiliate Defendants obtained licenses for certain VMware software products and corresponding support services. (D.I. 1 ¶¶ 27–37, 40–50). At issue here is whether MSLA's forum selection clause requires the parties to litigate this dispute in Munich, Germany. (*See* D.I. 46 at 2–5). The forum selection clause (MSLA § 9.17) states as follows:

> **Governing Law.** This Agreement will be governed by the laws of the Federal Republic of Germany, without regard to conflict of law principles. The U.N. Convention on the International Sale of Goods shall not apply. The parties hereby consent to the exclusive jurisdiction of the ***courts of Munich*** for resolution of any dispute arising out of this Agreement.

MSLA § 9.17 (emphasis added). Section 9.18 of MSLA provides a carve-out to the forum selection clause:

> Notwithstanding the foregoing, either party (including its Affiliates) may seek injunctions to prevent and/or stop any breach of, and otherwise enforce, its intellectual property rights of whatever nature and/or rights in confidential information in the courts of any country, state or other territory which accepts jurisdiction.

Defendants object to the recommendation to deny the motion to dismiss pursuant to the doctrine of *forum non conveniens*. They maintain that the forum selection clause applies to the dispute here (D.I. 49 at 4–8) and the carve-out does not apply (*id.* at 8–10). Regarding the carve-out, Defendants argue that enforcing it would render the forum selection clause meaningless, as "every dispute under the license agreement for use of software is an 'intellectual property rights' issue." (*Id.* at 9). They also assert that this case does not "warrant injunctive relief." (*Id.*).

I am not persuaded. In my view, this case falls under the carve-out provision of MSLA § 9.18. VMware's complaint (D.I. 1) pleads three counts of copyright infringement (*id.* ¶¶ 102–18) and seeks "injunctive relief" to prohibit continued violation of its copyrights (*id.* at 34). Applying the carve-out, contrary to Defendants' assertions, would not vitiate the forum selection clause. Defendants provide no support or reasoning—and it seems unfounded to me—that every dispute under MSLA must be an intellectual property rights dispute. The report recognizes a final injunction as a form of relief available to copyright cases (D.I. 46 at 15 (citing 17 U.S.C. § 502(a))), a point that Defendants do not meaningfully challenge. MSLA makes clear that whether the forum selection clause applies here, it is not meant to limit cases like this, involving enforcement of territorial intellectual property rights, to the forum listed in § 9.17.

## II. PERSONAL JURISDICTION

VMware objects to the recommendation to dismiss Siemens AG for lack of personal jurisdiction. (D.I. 47 at 4–10). VMware appears to offer two alternative grounds for personal jurisdiction: (1) Siemens AG's activities directed at Delaware are sufficient to establish this court's

jurisdiction over Siemens AG (*id.* at 4–6), but (2) if Delaware specifically cannot exercise jurisdiction over Siemens AG, this court still has jurisdiction under Rule 4(k)(2) (*id.* at 6–10).

I address these arguments on the merits.[2] VMware relies on the same underlying conduct to establish jurisdiction under both theories: Siemens AG "is subject to personal jurisdiction, because . . . it has downloaded copies and distributed unlicensed copies of the VMware software products to Siemens entities and operations in the United States, including, without limitation, its affiliates incorporated in Delaware and operations in Delaware." (D.I. 1 ¶ 19; *see id.* ¶¶ 16–18, 20–23, 95; *see also* D.I. 31 at 7; D.I. 45 at 42:16–43:4; D.I. 47 at 2–5, 8–10). VMware repeats its allegations that U.S. subsidiaries of Siemens AG have facilities in Delaware (D.I. 47 at 5 (citing D.I. 1 ¶¶ 16–17)), that Siemens AG "distribut[ed] infringing products to Siemens entities" in Delaware and other U.S. locations, and that Siemens AG "obtain[ed] and manag[ed] the infringing products and it directed and authorized their use by the Siemens U.S. entities" (*id.* (citing D.I. 1

---

[2] While I agree with the report that VMware's argument in its brief that *Delaware* has personal jurisdiction over Siemens AG was "cursory" (D.I. 46 at 16 (citing D.I. 31 at 7)), VMware presented this argument in somewhat more detail at oral argument before the magistrate judge (D.I. 45 at 36:5–8, 39:3–40:15, 42:16–43:4; 43:16–44:12, 44:22–45:9, 46:7–25).

As for jurisdiction under Rule 4(k)(2), VMware does not allege that "Siemens AG is not subject to jurisdiction in any other state's courts of general jurisdiction" or that it would be reasonable to exercise jurisdiction over Siemens AG. (D.I. 46 at 18–19 n.7). VMware maintains that *Defendants* bear the burden of showing that this court's exercise of jurisdiction would be unreasonable. (D.I. 31 at 5 (citing *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 647 (D. Del. 2006); *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 554–55 (E.D. Pa. 2018); *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1040 (9th Cir. 2022)); D.I. 8–9 (citing *King v. Bon Charge*, 814 F. Supp. 3d 497, 505–08 (D. Del. 2025))). This is incorrect. *Monsanto*, *Britax*, and *King* do not say that the plaintiff has no burden whatsoever to analyze the reasonableness of jurisdiction under Rule 4(k)(2). *Lang Van*, which does employ burden-shifting for its Rule 4(k)(2) analysis, is a Ninth Circuit case and is not binding on this court. I think that VMware, in foregoing any reasonableness analysis, did not meet its light burden of making a prima facie case for jurisdiction under Rule 4(k)(2) and thus forfeited this argument. (*See* D.I. 46 at 18–19 n.7). I nonetheless address the substantive argument.

¶¶ 18–20, 95)). Such conduct, according to VMware, is sufficient to demonstrate Siemens AG's purposeful availment to Delaware and to the United States as a whole. (D.I. 47 at 9).

These activities are not enough. To establish specific jurisdiction, VMware must show that (1) "the defendant has 'purposefully directed' [its] activities at residents of the forum"; and (2) "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir. 1998) (determining that the *Calder* effects test requires showing that "[t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity").

VMware fails to plead the purposeful direction or express aim required for jurisdiction. VMware does not allege facts to show that Siemens AG specifically targeted its conduct towards Delaware or the United States. As the report remarks, Siemens AG's "worldwide license does not support a finding that it purposefully directed its activities in the United States." (D.I. 46 at 18–19 n.7 (citing D.I. 34 at 5)). VMware points out that "infringing activities directed to other jurisdictions obviously does not negate jurisdiction over it here" (D.I. 47 at 9 n.3), but this does not cure its failure to show purposeful availment to Delaware or the United States.

VMware presents case law that "designing infringing materials for consumption in the United States, or directing infringing materials through a partner for distribution in the United States" constitutes purposeful activity needed to establish jurisdiction. (D.I. 47 at 10 (citing *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 1909386, at *3 (D. Del. 2022))). In *Conformis*, the court determined there was purposefully directed activity, as the foreign entity interacted directly with U.S. surgeons to make custom-designed products. *Id.* At oral argument before me, VMware cited *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468 (D.

Del. 2021), and *King v. Bon Charge*, 814 F. Supp. 3d 497 (D. Del. 2025) in support of its position. In these cases, the plaintiffs alleged specific targeted conduct. *See, e.g.*, *Bench Walk*, 530 F. Supp. 3d at 476 (determining that defendant purposefully availed itself to the U.S. market when it "placed the accused products into an established distribution channel . . . with the intention of boosting [its] presence in the global market" and through this channel caused the products to be "purchased in and shipped to Delaware from within the United States"); *King*, 814 F. Supp. 3d at 507 (determining defendant did purposefully avail itself to the U.S. market based on "SMS text messaging in the United States" that "flagged promotions for American holidays and events" and advertised products that "were HSA and FSA eligible, a feature relevant only to American consumers"). Because VMware does not explain how Siemens AG's conduct is targeted to either Delaware or the United States, it fails to show that this court can exercise jurisdiction over Siemens AG.

* * *

Therefore, I ADOPT the Report and Recommendation (D.I. 46) as to all Counts. Defendants' motion to dismiss pursuant to the doctrine of *forum non conveniens* (D.I. 22) is DENIED. Defendants' motion to dismiss for lack of personal jurisdiction (D.I. 17) is GRANTED, and its motion to dismiss for failure to state a claim (*id.*) is DENIED. VMware's motion for leave to file sur-reply (D.I. 41) is DISMISSED as moot.

IT IS SO ORDERED.

Entered this 30th day of September, 2026

Richard G. Andrews

United States District Judge