IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMWARE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS CORPORATION, SIEMENS INDUSTRY SOFTWARE INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS HEALTHCARE DIAGNOSTICS INC., SIEMENS MOBILITY, INC., and PETNET SOLUTIONS, INC.,<br><br>Defendants. | C.A. No. 25-353 (RGA)<br><br>**DEMAND FOR JURY TRIAL** |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendants Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc. ("Defendants" or "Siemens"), by and through their undersigned counsel, hereby answer Plaintiff VMware LLC's ("VMware's" or "Plaintiff's") Complaint as follows. Defendants answer the Complaint based on their knowledge within their possession, custody, and control. Although the Complaint was originally asserted against Siemens AG, Siemens AG has been dismissed from this case (D.I. 58), and thus Siemens AG is not answering this Complaint.

## I. INTRODUCTION[1]

1. Defendants admit that Plaintiff filed a civil action alleging direct infringement of copyrights by Defendants and alleging direct, contributory, and vicarious infringement by Siemens

[1] The headings in the Complaint are reproduced herein for the convenience of the reader. To the extent such headings include or imply allegations, they are denied.

AG. Defendants admit that VMware provided software to Siemens AG under certain license agreements. Defendants deny the remaining allegations in Paragraph 1, and specifically deny any allegations of unlicensed or infringing uses.

2. Defendants admit that Siemens AG provided a list of covered offerings to Plaintiff on September 9, 2024. Defendants admit that on September 9, 2024 Siemens AG exercised its renewal right under the Enterprise License Agreement ("ELA"). Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit that Siemens AG notified VMware that Siemens AG would consider legal action to enforce its contractual rights. Defendants admit that VMware agreed to provide support services for the covered offerings Siemens AG identified in its September 9 letter. Defendants lack knowledge or information concerning the allegations of VMware's knowledge or determinations sufficient to form a belief as to the truth thereof and therefore deny them. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny that the September 9 list established infringement of VMware's rights. Defendants deny that Siemens AG attempted to retract or retracted the September 9 list provided to VMware and further deny that VMware never received an explanation regarding the meaning of that list. Defendants deny VMware made efforts to independently verify the number of products in use. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants lack knowledge or information concerning the allegations concerning VMware sufficient to form a belief as to the truth thereof and therefore deny them. Defendants deny the remaining allegations of Paragraph 5 and specifically deny the allegations of unlicensed or infringing uses.

## II. PARTIES

6. Defendants lack sufficient information to admit or deny the allegations in Paragraph 6 and therefore deny them.

7. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. Defendants admit that Siemens AG is organized and existing under the laws of Germany and is a leading technology company. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that Siemens Corporation is incorporated in Delaware. Siemens Corporation is a wholly owned subsidiary of Siemens USA Holdings, Inc., which is a wholly owned indirect subsidiary of Siemens AG. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit that Siemens Industry Software Inc. is incorporated in Delaware. Siemens Industry Software Inc. is a wholly owned subsidiary of Siemens Industry, Inc., which is a wholly owned subsidiary of Siemens Corporation, which is a wholly owned subsidiary of Siemens USA Holdings, Inc., which is a wholly owned indirect subsidiary of Siemens AG. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants admit that Siemens Medical Solutions USA, Inc. is incorporated in Delaware and has its principal place of business in Pennsylvania. Siemens Medical Solutions USA, Inc. is a wholly owned indirect subsidiary of Siemens Healthineers AG. Siemens Healthineers AG is publicly traded on the Frankfurt Stock Exchange. Siemens AG owns more than 10% of the stock of Siemens Healthineers AG. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that Siemens Mobility, Inc. is incorporated in Delaware. Siemens Mobility, Inc. is a wholly owned subsidiary of Siemens Mobility GmbH, which is a wholly owned subsidiary of Siemens AG. Defendants deny the remaining allegations in Paragraph 11.

12. PETNET Solutions, Inc. is a wholly owned indirect subsidiary of Siemens Healthineers AG. Siemens AG owns more than 10% of the stock of Siemens Healthineers AG. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit that Siemens Healthcare Diagnostics Inc. is incorporated in California and registered to do business in Delaware. Siemens Healthcare Diagnostics Inc. is a wholly owned indirect subsidiary of Siemens Healthineers AG. Siemens AG owns more than 10% of the stock of Siemens Healthineers AG. Defendants deny the remaining allegations in Paragraph 13.

## III. JURISDICTION AND VENUE

14. Defendants state that the allegations contained in Paragraph 14 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants admit that the Complaint purports to set forth copyright infringement claims arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, but Defendants deny that the allegations have any merit. Defendants admit that this Court has subject matter jurisdiction over actions arising under the Copyright Act of 1976 pursuant to 28 U.S.C. §§ 1331 and 1338(a) with regard to Defendants, to the extent that standing and other requirements are met. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants state that the allegations contained in Paragraph 15 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants admit that Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., and Siemens Mobility, Inc. are incorporated in Delaware and do not contest personal jurisdiction for purposes of this action only. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants state that the allegations contained in Paragraph 16 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants admit

that Siemens Healthcare Diagnostics Inc. operates a manufacturing facility in the Newark/Glasgow area of Delaware. Defendants deny the remaining allegations in Paragraph 16, and specifically deny any allegations concerning unlicensed uses.

17. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 17 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants deny the remaining allegations against them in Paragraph 17.

18. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 18 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants deny the allegations against them in Paragraph 18, and specifically deny any allegations of unlicensed or infringing uses.

19. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 19 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants deny the allegations against them in Paragraph 19, and specifically deny any allegations of unlicensed or infringing uses.

20. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants state that the allegations contained in Paragraph 20 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants admit that VMware provided VMware software and license keys to Siemens AG. Defendants deny the remaining allegations against them in Paragraph 20.

21. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. To the extent a response is required, Defendants deny the allegations against them in Paragraph 21, and specifically deny any allegations of unlicensed or infringing uses.

22. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. To the extent a response is required, Defendants admit Astrid Mueller is located in the United States and deny she is employed by Siemens AG. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 23 include conclusions of law

to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 23.

24. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 24 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 24.

25. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 25 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants do not contest venue over the remaining Defendants solely for purposes of this action. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants respond that Siemens AG has been dismissed from this case, and therefore specifically deny that it is subject to personal jurisdiction in this case. D.I. 58. Given this ruling, no response is required to allegations with respect to Siemens AG and not the Defendants. Defendants further state that the allegations contained in Paragraph 26 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants admit that Siemens AG is not a resident of the United States. Defendants deny the remaining allegations in Paragraph 26.

## IV. FACTUAL BACKGROUND

### A. VMware's Software Products and Registered Copyrights

27. Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 and therefore deny them.

28. Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 and therefore deny them.

29. Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 and therefore deny them.

30. Defendants lack sufficient information to admit or deny the allegations in Paragraph 30 and therefore deny them.

31. Defendants lack sufficient information to admit or deny the allegations in Paragraph 31 and therefore deny them.

32. Defendants lack sufficient information to admit or deny the allegations in Paragraph 32 and therefore deny them.

33. Defendants lack sufficient information to admit or deny the allegations in Paragraph 33 and therefore deny them.

34. Defendants lack sufficient information to admit or deny the allegations in Paragraph 34 and therefore deny them.

35. Defendants admit that Annex I lists copyright registrations that VMware purports to have obtained for the software at issue in this action. Defendants deny the remaining allegations in Paragraph 35.

### B. VMware's License Agreement with Siemens AG

36. Defendants state that the allegations contained in Paragraph 36 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants admit

there are license agreements between VMware and Siemens AG regarding VMware software relevant to this case. Defendants state that the unnamed licenses referenced in Paragraph 36 speak for themselves. Defendants deny the remaining allegations in Paragraph 36.

37. Admitted.

38. Defendants state that the allegations contained in Paragraph 38 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants state that the allegations contained in Paragraph 39 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants state that the allegations contained in Paragraph 40 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants state that the allegations contained in Paragraph 41 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants state that the allegations contained in Paragraph 42 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 42.

**C. Siemens AG's Purchase of Licenses And Support Services Under Enterprise License Agreements Governed By The MLSA [sic]**

43. Defendants state that the MSLA and Enterprise License Agreements speak for themselves. Defendants admit that VMware and Siemens AG entered into an Enterprise License

Agreement for licensing VMware software and purchasing support services. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit that the last Enterprise License Agreement associated with the MSLA became effective on September 30, 2021, for a period of three years, with an option for Siemens AG to renew for one additional year beginning on the expiration of the ELA Period. Defendants deny any remaining allegations in Paragraph 44.

45. Defendants state that the allegations contained in Paragraph 45 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the ELA speaks for itself. Defendants admit that pursuant to the ELA, Siemens AG obtained licenses to and support services for VMware software. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants state that the ELA speaks for itself. Defendants admit that Siemens AG purchased support services for products pursuant to the ELA. Defendants admit the ELA extended for three years from its effective date of September 30, 2021. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants state that the ELA speaks for itself. Defendants admit that Siemens AG purchased support services during the ELA Period pursuant to the ELA at Exhibit A, Section I.D.3. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants state that the ELA speaks for itself. Defendants admit that Siemens AG purchased credits pursuant to the ELA. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants state that the allegations contained in Paragraph 49 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state

that the ELA speaks for itself. Defendants admit that Siemens AG purchased support services for products pursuant to the ELA. Defendants admit the ELA extended for three years from the ELA's effective date of September 30, 2021. Defendants admit Siemens AG had the option to renew the covered offerings for one additional year. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants state that the allegations contained in Paragraph 50 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the ELA speaks for itself. Defendants admit Siemens AG had the option to renew the covered offerings for one additional year. Defendants deny the remaining allegations in Paragraph 50.

**D. As The Customer Under The License Agreements, Siemens AG Was Responsible For The VMware Software Products And License Keys Received Under The Agreements**

51. Defendants state that the allegations contained in Paragraph 51 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA and ELA speak for themselves. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants state that the allegations contained in Paragraph 52 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA and ELA speak for themselves. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants state that the allegations contained in Paragraph 53 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants state that the allegations contained in Paragraph 54 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 54.

**E. Siemens's Use Of Portals Based In The United States To Gain Access And Authorization To Download VMware Software Products And License Keys**

55. Defendants lack sufficient information to admit or deny the allegations in Paragraph 55 and therefore deny them.

56. Defendants lack sufficient information to admit or deny the allegations in Paragraph 56 and therefore deny them.

57. Defendants lack sufficient information to admit or deny the allegations in Paragraph 57 and therefore deny them.

58. Denied.

**F. Siemens's Admission That It Downloaded, Copied And Deployed Thousands Of VMware Products For Which [VMware Contends] It Had Never Acquired A License**

59. Denied.

60. Defendants state the September 9, 2024 letter from Siemens AG to VMware speaks for itself. Defendants admit that Siemens AG included a table titled "List of Covered Offerings" in its letter to VMware on September 9, 2024. Defendants admit that on September 9, 2024 Siemens AG stated "Siemens AG hereby formally exercises its renewal right under the Enterprise License Agreement (ELA) #00557143, as set forth in Section II.B of Exhibit A. Thus, Siemens AG hereby renews the Covered Offerings for one additional year, beginning on the expiration of the current ELA Period." Defendants deny the remaining allegations in Paragraph 60.

61. Defendants state the September 9, 2024 letter from Siemens AG to VMware speaks for itself. Defendants admit Siemens AG sent several letters to VMware before the Complaint was filed in this case explaining why VMware's interpretation of this chart was incorrect. Defendants

admit that Siemens AG notified VMware that Siemens AG would consider legal action to enforce its contractual rights. Defendants deny the remaining allegations in Paragraph 61, and specifically deny the allegations of unlicensed uses.

62. Defendants state the September 10, 2024 letter from VMware to Siemens AG speaks for itself. Defendants admit the letter dated September 10, 2024 includes the language, "in accordance with the ELA terms and conditions (Section 1.c), . . . a full list of the licenses used, software installed, and their respective areas of application, including the relevant Siemens entity and country." Defendants deny the remaining allegations in Paragraph 62.

63. Defendants state the September 12, 2024 letter from Siemens AG to VMware speaks for itself. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants state the September 13, 2024 letter from VMware to Siemens AG speaks for itself. Defendants specifically deny that VMware proposed an audit consistent with the terms in the MSLA. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants state the September 17, 2024 letter from Siemens AG to VMware speaks for itself. Defendants specifically deny that VMware proposed an audit consistent with the agreed parameters outlined in the MSLA. Defendants deny the remaining allegations in Paragraph 65.

66. Defendants state the September 20, 2024 letter from VMware to Siemens AG speaks for itself. Defendants deny this table accurately reflects Defendants' license use. Defendants deny the remaining allegations against them in Paragraph 66. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 66 and therefore deny them.

67. Defendants state the purchase order dated September 25, 2024 speaks for itself. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants state the September 28, 2024 email from Siemens AG to VMware speaks for itself. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants state the October 4, 2024 letter from Siemens AG's outside counsel to Plaintiff speaks for itself. Defendants deny the remaining allegations in Paragraph 69.

70. Defendants state the October 8, 2024 letter from VMware's outside counsel to Siemens AG's outside counsel speaks for itself. Defendants deny the remaining allegations in Paragraph 70.

**G. Siemens's Refusal To Address And Rectify Its [What VMware Contends Is] Unlicensed Downloading, Copying, Distribution And Use Of VMware Products**

71. Defendants admit that Siemens AG provided a list of covered offerings to Plaintiff on September 9, 2024. Defendants admit that Siemens AG provided a deployment report to Plaintiff on October 29, 2024. Defendants admit that on September 9, 2024 Siemens AG exercised its renewal right under the ELA to renew its contractually assured support services for its licensed VMware software. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants admit that Siemens AG provided a list of covered offerings to Plaintiff on September 9, 2024. Defendants lack sufficient information to admit or deny the allegations concerning VMware's beliefs in Paragraph 72 and therefore deny them. Defendants deny the remaining allegations against them in Paragraph 72.

73. Defendants state that the correspondence between Siemens AG and VMware speak for themselves. Defendants deny the remaining allegations in Paragraph 73.

74. Defendants state that the correspondence between Siemens AG and VMware speak for themselves. Defendants deny the remaining allegations in Paragraph 74.

75. Denied.

**H. Siemens's Downloading, Copying, Distribution, and Use of VMware Products in [What VMware Contends Is A] Violation of VMware's United States Copyrights**

76. Denied.

77. Defendants admit that Annex I lists copyright registrations VMware purportedly obtained for the software at issue in this action. Defendants deny the remaining allegations in Paragraph 77.

78. Defendants state that the allegations contained in Paragraph 78 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA speaks for itself. Defendants deny the remaining allegations in Paragraph 78, and specifically deny the allegations of unlicensed or infringing uses.

79. Denied.

80. Denied.

81. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 81.

82. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 82.

83. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 83.

84. Denied.

85. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 85.

86. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 86.

87. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 87.

88. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 88.

89. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 89.

90. Defendants state that Siemens AG's October 29, 2024 deployment report speaks for itself. Defendants deny the remaining allegations in Paragraph 90.

91. Denied.

92. Denied.

93. Defendants state that the allegations contained in Paragraph 93 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA and ELA speak for themselves. Defendants deny the remaining allegations in Paragraph 93, and specifically deny the allegations of unlicensed or infringing uses.

94. Defendants admit that Siemens AG's Asset Management division was responsible for managing and tracking certain licenses for VMware software under Siemens AG's MSLA and ELA with VMware. Defendants deny the remaining allegations in Paragraph 94.

95. Denied.

96. Denied.

97. Defendants state the September 25, 2024 purchase order speaks for itself. Defendants admit the September 25, 2024 purchase order identifies Ms. Mueller as a "Technical Contact Person." Defendants admit Astrid Mueller is based in the United States. Defendants deny the remaining allegations in Paragraph 97.

98. Denied.

### I. The Actual Damages [VMware Contends Are] Caused By And Substantial Profits Attributable To [What VMware Contends Is] Siemens's Infringement

99. Denied.

100. Denied.

101. Defendants admit they used VMware's software. Defendants deny the remaining allegations in Paragraph 101, and specifically deny any unlicensed or infringing uses.

## FIRST CAUSE OF ACTION

102. Defendants incorporate by reference as though fully set forth herein each of their prior admissions, denials, and other statements regarding Plaintiff's incorporated allegations in Paragraphs 1–101.

103. Defendants admit that Annex I lists copyright registrations VMware purportedly obtained for the software at issue in this action. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants state that the allegations contained in Paragraph 104 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants state that the MSLA and ELA speak for themselves. Defendants deny the allegations against Defendants contained in Paragraph 104.

105. Denied.

106. Denied.

107. Denied.

108. Defendants state that the allegations contained in Paragraph 108 include conclusions of law to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 108.

**SECOND CAUSE OF ACTION**

109. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Second Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 109.

110. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Second Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 110.

111. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Second Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 111.

112. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Second Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 112.

113. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Second Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 113.

114. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Second Cause of Action is not asserted against any of the Defendants, and therefore no

response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 114.

**THIRD CAUSE OF ACTION**

115. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Third Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 115.

116. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Third Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 116.

117. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Third Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 117.

118. Defendants respond that Siemens AG has been dismissed from this case. D.I. 58. The Third Cause of Action is not asserted against any of the Defendants, and therefore no response to these allegations is necessary. On that basis, Defendants deny the allegations in Paragraph 118.

**DEFENSES**

Defendants assert the following defenses in response to Plaintiff's allegations as set forth in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendants reserve all rights to allege additional defenses that become known through the course of discovery or further investigation.

**FIRST DEFENSE**

**(COPYRIGHT NON-INFRINGEMENT)**

Plaintiff's claims are barred, in whole or in part, because Defendants do not infringe and have not infringed the copyrights at issue, including without limitation pursuant to the doctrines of *scènes à faire*, merger, and/or other limits on the scope of copyright protection. Further, Defendants do not infringe the copyrights at issue through any purported copyright infringement allegedly performed by a non-party to this action. Accordingly, Plaintiff cannot recover anything from Defendants.

**SECOND DEFENSE**

**(LICENSE)**

Plaintiff's claims are barred, in whole or in part, by license. Defendants' use of the Asserted Works is licensed by at least the Master Software License and Services Agreement and the Enterprise License Agreement, and thus Plaintiff cannot recover for any alleged infringement.

**THIRD DEFENSE**

**(STATUTE OF LIMITATIONS)**

Plaintiff's claims are barred, in whole or in part, by the relevant statute of limitations. 17 U.S.C. § 507(b). Plaintiff was and has been aware of this software use based on the prior course of dealings with Defendants and their affiliates and the reports previously shared with Plaintiff by Defendants or their affiliates showing said use of Plaintiff's software. Plaintiff's failure to timely pursue these claims bars its recovery against Defendants.

**FOURTH DEFENSE**

**(FAILURE TO MITIGATE)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages. Plaintiff is not entitled to actual damages that could have been mitigated by Plaintiff's

actions. Plaintiff was and has been aware of the prior course of dealings with Defendants and their affiliates and the reports previously shared with Plaintiff by Defendants or their affiliates showing the same. Plaintiff's failure to mitigate bars or reduces any recovery for alleged infringement against Defendants.

## FIFTH DEFENSE

## (COPYRIGHT MISUSE)

Plaintiff has engaged in one or more acts that have misused its copyrights, including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Specifically, during negotiations surrounding the expiration of the ELA, Plaintiff misused its copyrights in an effort to pressure Defendants and their affiliates to abandon their perpetual licenses and switch to subscription-based licensing. This created a significant increase in costs for the software for which Plaintiff's customers were already licensed under the perpetual licenses. Plaintiff denied support services for the perpetual licenses unless its customers abandoned their perpetual licenses and switched to subscription-based licenses.

Plaintiff has further misused its copyrights through the bundling of software. For instance, in order for Plaintiff's customers, including Defendants and their affiliates, to get access to the software they wanted for their business operations, they had to purchase a suite or bundle of other VMware software offerings that they did not want or need in their business. Plaintiff provided no opportunity for its customers, including Defendants and their affiliates, to just purchase the software they wanted or needed. Instead, Plaintiff attempted to force its customers, including Defendants and their affiliates, to purchase additional software through bundles even if it was not wanted or needed. This significantly increased the software licensing costs for Plaintiff's customers, including Defendants and their affiliates, because now they had to pay for software

they did not want or need for their business operations. Plaintiff's misuse of its copyrights bars any recovery for the infringement allegations levied against Defendants.

**SIXTH DEFENSE**

**(ACQUIESCENCE, EQUITABLE ESTOPPEL, IMPLIED LICENSE, AND WAIVER)**

Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel by acquiescence, equitable estoppel, implied license, and waiver. As a result of these doctrines, Plaintiff is not entitled to injunctive relief or disgorgement of Defendants' profits after Plaintiff became aware of its potential claim and acquiesced to Defendants' alleged use of Plaintiff's copyrights. Plaintiff was and has been aware of the prior course of dealings with Defendants and their affiliates and the reports previously shared with Plaintiff by Defendants and their affiliates showing the same. Plaintiff was aware through the prior course of business with Defendants and their affiliates as to how Defendants and their affiliates counted their use of keys to Plaintiff's software. This course of dealing and Plaintiff's inaction bar any recovery.

**PRAYER FOR RELIEF**

WHEREFORE, for their Answer, Defendants respectfully request the following judgment and relief against Plaintiff:

(i) That all claims against Defendants be dismissed with prejudice and that all relief requested by Plaintiff be denied;

(ii) That a judgment be entered declaring Defendants do not infringe any of Plaintiff's registered copyrights;

(iii) An award of Defendants' attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided by law; and

(iv) That Defendants be awarded such other relief that the Court deems just and proper.

**JURY DEMAND**

Defendants request a jury trial on issues so triable by right.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants Siemens Corporation, Siemens Industry Software Inc., Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics Inc., Siemens Mobility, Inc., and PETNET Solutions, Inc.*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

James John Lomeo
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, TX 78701
(512) 678-9050

October 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 14, 2026, upon the following in the manner indicated:

Paul J. Loughman, Esquire *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Colin A. Keith, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff*

David H. Herrington, Esquire *VIA ELECTRONIC MAIL*
Gabrielle J. Kim, Esquire
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

*Attorneys for Plaintiff*

Angela L. Dunning, Esquire *VIA ELECTRONIC MAIL*
Ye Eun Charlotte Chun, Esquire
CLEARY GOTTLIEB STEEN & HAMILTON LLP
151 University Ave.
Palo Alto, CA 94301
(650) 815-4100

*Attorneys for Plaintiff*

*/s/ Karen Jacobs*

Karen Jacobs (#2881)